IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03238-PAB-KMT

SAMUEL M. WALKER, and
DIANE H. WALKER,

   Plaintiffs,

v.

FRED WEGENER,
JOHN W. SUTHERS,
BOBBY PRIESTLY,
CINDY HARDEY,
REBECCA BRAMLETT,
AMY FRANCK,
JUAN GALLEGOS,
SGT. BROWN,
PARK COUNTY,
PARK COUNTY COMMISSIONERS,
DEBRA L. MCLIMANS,

   Defendants.

---

## MOTION TO DISMISS OF DEFENDANTS SUTHERS AND MCLIMANS

Defendants John Suthers and Debra McLimans, by and through the Office of the Colorado Attorney General, submit the following Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(1) and (6).

### INTRODUCTION

In 2010, Plaintiffs Samuel and Diane Walker pleaded guilty to aggravated cruelty to animals (Samuel Walker) and animal cruelty (Diane Walker). The

charges stemmed from a 2009 investigation at the Walkers' property, where employees of the Park County Sheriff's Office discovered dead and starving dogs. The investigation ultimately resulted in the seizure of approximately 100 Huskies from the Walkers' property.

John Suthers is the Attorney General for the State of Colorado. (Complaint, doc. #1, ¶18). Debra McLimans is the Park County Combined Court Clerk. (*Id.* ¶19). The Walkers make no allegations in their Complaint with respect to Defendant Suthers. As to Defendant McLimans, the Walkers' sole allegation is that she "failed to ensure that the Walker's (sic) Restitution balance was correct throughout the life of the balance." (*Id.* ¶ 195). [1]

The Walkers assert tort claims and claims brought pursuant to 42 U.S.C. § 1983, and they request monetary damages. (*Id.* pp. 1- 2, 33). The Complaint is not a model of clarity, and it is not clear which of these claims, if any, apply to Defendants Suthers and McLimans. For the purposes of this Motion, these Defendants have assumed that the Walkers intend to assert tort claims and § 1983 claims against them.

## ARGUMENT

**I.     Plaintiffs' tort claims, if any, are barred by the Colorado Governmental Immunity Act.**

---

[1] Defendant Suthers is not named in the caption but is referred to as "Attorney General, Colorado." Defendant McLimans is not named in the caption but is referred to as "Court Clerk." Both Suthers and McLimans are identified by name in the body of Plaintiffs' Complaint. (doc. #1, ¶ ¶ 18, 19).

### A. Claims that lie in tort, or could lie in tort, are subject to the provisions of the Colorado Governmental Immunity Act ("CGIA").

The CGIA applies not only to tort claims pleaded as such, but also to claims, however drafted, that "could" lie in tort. The type of claims intended by the General Assembly to be covered by the CGIA is set forth in C.R.S. § 24-10-105, which provides in part:

> It is the intent of this article to cover all claims which lie in tort, or could lie in tort regardless of whether that may be the type of action or the form of relief chosen by the claimant.

The provisions of the CGIA apply to all "tort" claims asserted against public entities and public employees. *See* C.R.S. § 24-10-102; C.R.S. § 24-10-118; C.R.S. § 24-10-108. Taken as a whole, these provisions of the CGIA are intended to preserve governmental immunity except as otherwise specified in the Act.

### B. Plaintiffs' tort claims are barred because Plaintiffs failed to file a notice of claim.

The CGIA requires that a claimant, prior to filing suit against a public employee, must provide formal written notice of his intention to bring such a claim. C.R.S. § 24-10-109 (1). In this case, the Walkers' tort claims against Defendants Suthers and McLimans are barred because the Walkers filed no notice of claim.

The CGIA defines a "public employee" as "an officer, employee, or servant" of a public entity. C.R.S. § 24-10-103(4)(a). Defendants, who are described in Plaintiffs' Complaint as Colorado's Attorney General (Suthers), and the Park County Combined Court Clerk (McLimans), are "public employees" within the meaning of the CGIA. (doc. #1, ¶¶ 18, 19).[2]

With respect to actions that lie in tort, or could lie in tort, the CGIA's notice statute provides that:

> Any person claiming to have suffered an injury by a public entity or by an employee thereof while in the course of such employment . . . *shall file* a written notice as required by this section within one hundred and eighty days after the date of discovery of the injury, regardless of whether the person then knew all the elements of a claim or of a cause of action for such injury.

C.R.S § 24-10-109(1)(emphasis added).

Compliance with the 180-day notice provision is a *jurisdictional prerequisite* and a condition precedent to any action brought under the provisions of the CGIA. *City and County of Denver v. Crandall,* 161 P.3d 627, 632 (Colo. 2007); *Forest View Acres Water District v. Board of Land Commissioners,* 968 P.2d 168, 171 (Colo. App. 1998). If a party fails to file a notice of claim within 180 days of the discovery of a wrongful injury,

---

[2] Court clerks are employees of the Colorado Judicial Department. *See* Colo. Const. Art. VI, sec. 1 and sec. 5 (3).

4

governmental immunity bars suit against a public entity or public employee because a trial court lacks subject matter jurisdiction over the complaint seeking relief. *East Lakewood Sanitation Dist. v. District Court,* 842 P.2d 233, 235-236 (Colo.1992); *Tidwell v. City & County of Denver,* 83 P.3d 75, 81 (Colo. 2003).

A notice of claim must be filed even if a plaintiff alleges that a defendant has engaged in willful and wanton behavior. *Middleton v. Hartman,* 45 P. 3d 721, 730-731 (Colo. 2002).

The Walkers have failed to file any notice of claim with respect to the claims asserted in their Complaint.  *See* Affidavit of Stacy Mortenson, attached hereto as Exhibit A.   To the extent that the Walkers intend to assert tort claims against Suthers and McLimans,[3] the claims are barred by the CGIA because Plaintiffs filed no notice of these claims.

### C. None of Plaintiffs' claims fall within an area for which governmental immunity has been waived.

The Walkers' tort claims are barred due to the Walkers' failure to file a timely notice of claim. *See infra*.  The claims also are barred because they do not fall within any area for which governmental immunity has been waived.

---

[3] The Walkers have asserted claims "tort" claims against all Defendants, including claims for willful and wanton conduct, the intentional or negligent infliction of emotional distress, negligence, civil theft, and "civil conspiracy." (doc. #1, pp. 1-2).

Under the CGIA, public employees are immune from all claims that lie in tort, or could lie in tort, except for those claims that fall within one of the limited areas for which sovereign immunity has been waived. *See* C.R.S. § 24-10-106(1). Public employees are liable "only to such an extent and subject to such conditions as are provided by [the CGIA]." C.R.S. § 24-10-102.  The exceptions to governmental immunity set forth in C.R.S. § 24-10-106 define the jurisdiction of the court to hear claims against public entities and public employees. *Fogg v. Macaluso,* 892 P. 2d 271, 276-277 (Colo. 1995); *State Department of Highways v. Mountain States Telephone & Telegraph,* 869 P. 2d 1289, 1291 (Colo. 1991).

The CGIA provides generally that sovereign immunity is waived by a public entity in actions for injuries resulting from:

> (a) The operation of a motor vehicle owned or leased by a public entity;
> (b) The operation of any public hospital, correctional facility, or jail;
> (c) A dangerous condition of a public building;
> (d) A dangerous condition of a public highway, road, or street;
> (e) A dangerous condition of any public facility located in any park or recreation area maintained by a public entity;
> (f) The operation and maintenance of any public water facility;
> (g) The operation and maintenance of a "qualified state capital asset"; and,
> (h) The failure to perform a required education background check.

*See* C.R.S. § 24-10-106.

The Walkers make no allegations of wrongdoing as to Attorney General Suthers. As to Defendant McLimans, the Walkers allege only that she failed to ensure that their restitution balance was correct. There is no waiver of immunity for a public employee's failure to ensure a correct restitution balance.

To the extent that the Walkers have asserted tort claims in their Complaint against Suthers and McLimans, their claims are barred by the CGIA because the claims do not fall within any of the waivers set forth in C.R.S. § 24-10-106.

**II.     Plaintiffs' official capacity claims are barred by Eleventh Amendment immunity.**

The Eleventh Amendment restricts the jurisdictional reach of federal courts in suits in which a state is a Defendant. The Eleventh Amendment explicitly bars federal jurisdiction over suits brought in federal court by the citizen of a state against a state defendant:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

United States Constitution, amend. XI.

Absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the

Eleventh Amendment provides absolute immunity from suits for damages in federal courts for states and their agencies. *Ramirez v. Oklahoma Department of Mental Health,* 41 F.3d 584, 588 (10th Cir. 1994). The states have not waived their Eleventh Amendment immunity against suits brought under 42 U.S.C. §1983, and Congress did not abrogate the state's sovereign immunity in enacting those statutes. *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989).

The constitutional bar to actions against a state encompasses not only actions in which a state is named as the actual defendant, but also actions against state officials acting in their official capacities. When the action is in essence one for the recovery of money from the state, the state is the real party in interest, notwithstanding the fact that state officials may be the nominal defendants. *Regents of the University of California v. Doe,* 519 U.S. 425, 429, 117 S. Ct. 900 (1997). Claims against the state officials acting in their official capacities are construed as claims against the state, and are barred. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985).

Both Suthers and McLimans are state officials. (*Id.* at ¶ ¶ 18, 19). The Walkers have sued Defendant Suthers only in his "official capacity" (doc. #1, p. 1 and ¶18), while Defendant McLimans is sued in both her individual and "official" capacities. (*Id.,* ¶ 19). The Walkers' official capacity claims against

Defendants Suthers and McLimans violate the Eleventh Amendment and are therefore barred.

### III. State officials acting in their official capacities are not subject to suit under 42 U.S.C. § 1983.

The Walkers assert claims under 42 U.S.C § 1983, which provides that "[e]very *person* who, under color of any statute, ordinance, regulation, custom, or usage of any State . . . subjects or causes to be subjected to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ." (emphasis added).

To the extent the Walkers seek damages against Defendants Suthers and McLimans for actions taken in their official capacities, these claims are barred because neither a state nor a state official who acts in his or her official capacity is a "person" within the meaning of § 1983. *Will v. Michigan Department of State Police,* 491 U.S. 58, 71 (1989); *Harris v. Champion,* 51 F. 3d 901, 905-06 (10th Cir. 1995). Because Defendants Suthers and McLimans, acting in their official capacities, are not "persons" subject to suit under § 1983, any official capacity claims asserted against them fail as a matter of law.

### IV. All Plaintiffs' claims for damages against Defendant McLimans are barred by judicial immunity.

Few doctrines are more solidly established in common law than the absolute immunity of judicial officers from liability for damages for acts

9

committed within their judicial discretion. *Pierson v. Ray,* 386 U.S. 547, 553-554, 87 S. Ct. 1213, 1217 (1967).  The doctrine of judicial immunity bars a suit for damages against a judge unless the judge's conduct was taken without any colorable claim of jurisdiction. *Stump v. Sparkman,* 435 U.S. 349, 356-357, 98 S. Ct. 1099 (1978).  A judge does not lose the cloak of judicial immunity even when he or she acts maliciously or in error so long as the action was not taken in the complete absence of all jurisdiction. *Mireless v. Waco,* 502 U.S. 9, 11-12,112 S. Ct. 286 (1991).

     Absolute judicial immunity applies both to judges and to court personnel who perform "quasi-judicial" functions. *Whitesel v. Sengenberger,* 222 F. 3d 861, 867 (10th Cir. 2000).  Absolute immunity "free[s] the *judicial process* from the harassment and intimidation associated with litigation." *Burns v. Reed,* 500 U.S. 478, 494, 111 S. Ct. 1934 (1991) (emphasis added).  Thus, absolute judicial immunity has been extended to non-judicial officers who perform judicial acts to aid a judge, or where non-judicial officers perform duties having "an integral relationship with the judicial process." *Whitesel, supra,* 222 F. 3d at 867; *Wynmore v. Green*, 245 Fed. Appx. 780, 783 (10th Cir. 2007).

     Here, the Walkers complain that Defendant McLimans "failed to ensure the Walker's (sic) Restitution balance was correct throughout the life of the balance." (doc. #1, ¶ 195).  Even if the Walkers' allegation is true, McLimans's

10

monitoring of criminal defendants' restitution balances is a function having an integral relationship with the judicial process. Accordingly, McLimans is entitled to absolute judicial immunity, and the Walkers' claim for damages against her must be dismissed.

### V.  Plaintiffs' § 1983 claims against Defendant Suthers must be dismissed because Plaintiffs have failed to allege that Defendant Suthers personally participated in the violation of their constitutional rights.

Personal participation is an essential allegation in a § 1983 civil rights action. *Bennett v. Passic,* 545 F.2d 1260, 1262 – 1263 (10th Cir. 1976). To establish personal liability, there must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Ashcroft v. Iqbal,* 556 U.S. 662, 29 S.Ct. 1937, 1948 (2009); *Butler v. City of Norman,* 992 F.2d 1053, 1055 (10th Cir. 1993).

The Walkers have made no allegations against Defendant Suthers. Aside from mentioning Suthers in the caption and identifying him (doc. #1, ¶18), Suthers's name is wholly absent from the Complaint. Because the Walkers have failed to allege that Suthers personally participated in any violation of their constitutional rights, any § 1983 claims asserted against him must be dismissed.

### VI.  Defendants are entitled to qualified immunity.

Government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established federal statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982); *see also Laidley v. McClain,* 914 F.2d 1386, 1394 (10th Cir. 1990). "The contours of the right [claimed to be violated] must be sufficiently clear that a reasonable official should understand that what he is doing violates that right." *Hannula v. City of Lakewood,* 907 F.2d 129, 131 (10th Cir. 1990). "Unlike other affirmative defenses, qualified immunity not only shields a defendant from liability, but is also intended to protect the defendant from the burdens associated with trial." *Id.* at 130; *see also Mitchell v. Forsyth,* 472 U.S. 511, 526 (1985).

In determining whether the defense of qualified immunity defeats a plaintiff's claim, a court must determine whether a plaintiff has asserted a violation of a constitutional right, and whether the constitutional right was so clearly established that reasonable officials would have understood that their conduct violated that right. *Currier v. Doran,* 242 F. 3d 905, 917 (10th Cir.), *cert.* denied 122 S. Ct. 543 (2001); *Butler v. City of Prairie Village,* 172 F. 3d 736, 745 (10th Cir. 1999).   Once a defendant pleads qualified immunity, the burden shifts to the plaintiff to show both that the defendant's conduct violated the law and

that the law was clearly established when the alleged violation occurred. *Pueblo Neighborhood Health Centers v. Losavio,* 847 F.2d 642, 644 (10th Cir. 1988).

To show there is a clearly established right that has been violated by Suthers and McLimans, the Walkers must show that there are decisions of the United States Supreme Court or the Tenth Circuit Court of Appeals on point, or that the clearly established weight of authority from other courts has found the law to be as the Walkers maintain. *See Stewart v. Donges,* 915 F.2d 572, 582-83 & n.14 (10th Cir. 1990).   The Walkers must "demonstrate a substantial correspondence between the conduct in question and prior law allegedly establishing that the defendant's actions were clearly prohibited." *Jantz v. Muci,* 976 F.2d 623, 627 (10th Cir. 1992); *see Harlow,* 457 U.S. at 818 (plaintiff must demonstrate defendant violated "clearly established statutory or constitutional rights of which a reasonable person would have known.").

The Walkers have made no allegations whatsoever with respect to Defendant Suthers.   Aside from mentioning Suthers in the caption and identifying him (doc. #1, ¶18), Suthers's name is wholly absent from the Complaint.  The Walkers have failed to show that Suthers violated the law, much less that he violated clearly established law, and Suthers is entitled to qualified immunity.

13

The Walkers claim that McLimans failed to ensure that their restitution balance was correct. Even assuming, *arguendo*, that this allegation is true, they have failed to cite any facts connecting McLimans to any constitutional violation, or to the violation of a clearly established constitutional right. McLimans is entitled to qualified immunity.

## CONCLUSION

Based on the arguments and authorities cited in this Motion, Defendants Suthers and McLimans request this Court to dismiss all claims asserted against them in the Walkers' Complaint.

JOHN W. SUTHERS
Attorney General

s/ *Kathleen L. Spalding*
KATHLEEN L. SPALDING*
Senior Assistant Attorney General
Attorneys for Defendants
1525 Sherman Street, 7th Floor
Denver, Colorado  80203
Tele:  303-866-3249;FAX: 303-866-5443
E-Mail:  kit.spalding@state.co.us
*Counsel of Record

## CERTIFICATE OF SERVICE

This is to certify that I have duly served the within Motion to Dismiss of Defendants Suthers and McLimans upon all parties herein by e-filing or by depositing copies of same in the United States mail, first-class postage prepaid, at Denver, Colorado, this 22nd day of December 2011 addressed as follows:

Samuel M. Walker  
P.O. Box 59  
Florissant, CO 80816  
719-646-1919  

Diane H. Walker  
P.O. Box 59  
Florissant, CO 80816  
719-330-7325  

*s/ Kathleen Spalding*  
_____

AG ALPHA:       LW AG HCLWT

15