**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.    11-CV-03238-PAB-KMT

SAMUEL M. WALKER, pro se
DIANE H. WALKER, pro se

Plaintiffs,

v.

FRED WEGENER, et al.

Defendants.

---

**MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(B)(6)**

---

Defendants Park County (sic), the Park County Commissioners (sic), Fred Wegener, Bobby (sic) Priestly, Cindy Hardey, Rebecca Bramlett, and Dep. Sgt. Brown, by and through their attorneys, Timothy P. Schimberg and Andrew R. McLetchie of Fowler, Schimberg & Flanagan, P.C., hereby submit their Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(6) and in support thereof state as follows:

## I.   INTRODUCTION

Plaintiffs' Complaint should be dismissed for five reasons. First, Plaintiffs' claims against Park County, the Park County Commissioners,[1] and the official capacity claims against the individual Defendants fail to state a claim under § 1983 because they fail to adequately allege

---

[1] Park County and the Park County Commissioners are improperly named in the Complaint. The proper way to name the County as a party in a lawsuit is by naming "the Board of County Commissioners of the County of Park" pursuant to Colo.Rev.Stat. § 30-11-105   Further, the claims against the County are improper because Plaintiffs' claim relate to alleged torts by Sheriff's Department employees; not County employees. Under Colorado law, the Sheriff is a separate and distinct political entity from the Board of County Commissioners. *Bristol v. Bd of County Comm'rs*, 312 F.3d 1213, 1219 (10th Cir. 2002).   Thus, the County is an improper defendant in this action for those reasons as well as the reasons addressed in the body of this motion.

that Plaintiffs were deprived of Constitutional rights pursuant to an official policy or custom. Second, all of Plaintiffs' claims against all Defendants are barred by *Heck v. Humphrey*, which precludes all claims by a criminal defendant in a subsequent civil proceeding following a guilty plea in the criminal proceeding. Third, Plaintiffs' Section 1983 Claims related to alleged Eighth Amendment Violation fails to state a claim beyond the speculative level as to all Defendants. Fourth, Plaintiffs' claims related to *Miranda* violations fail to state a claim against all Defendants because a *Miranda* violation cannot give rise to Section 1983 claim as a matter of law. Finally, Plaintiffs' claims under 18 U.S.C. § 241, 18 U.S.C. § 242, 18 U.S.C. § 371, 18 U.S.C. § 1001, 18 U.S.C. § 2234 fail to state a claim because those criminal statutes confer no private right of action upon Plaintiffs. Accordingly, Plaintiffs' Complaint should be dismissed for failure to state a claim under Fed.R.Civ.P. 12(b)(6).

## II.    STANDARD OF REVIEW

Plaintiffs' *pro se* status does not excuse them from following basic pleading requirements. *See Willis v. MCI*, 3 F.Supp. 2d. 673, 675 (E.B.N.C. 1998). *See also, Northington v. Jackson*, 973 F.2d 1518, 1521 (10th Cir. 1992) (noting that even though *pro se* pleadings are liberally construed, "the court should not assume the role of advocate, and should dismiss claims which are supported only by vague and conclusory allegations"); *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996) (liberal construction of *pro se* complaint "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based"). "The broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

It is not "the proper function of the district court to assume the role of advocate for the *pro se* litigant."  *Id; see also, Peterson v. Shanks*, 149 F.3d 1140, 1143 (10th Cir. 1998) (citing *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989)).  The Court should not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf."  *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

The Court is familiar with the new Rule 8 and 12(b)(6) pleading standards articulated in *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007).  To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  The *Twombly* evaluation requires two prongs of analysis.  First, the Court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory.  *Id.* at 1949-51.  Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief."  *Id.* at 1951.

In *Twombly*, the United States Supreme Court observed that "a District Court must retain the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed."  *Id.*  The Court also noted that, while a complaint attacked by a motion to dismiss does not need to contain detailed factual allegations, it is plaintiff's obligation to provide the grounds of his entitlement to relief and this requires more than labels and

3

conclusions. *Id.* Formulaic recitation of the elements of a cause of action will not do. *Id.* Factual allegations must be enough to raise a right to relief above the speculative level. *Id.*

### III. PLAINTIFFS SECTION 1983 CLAIMS FAIL TO STATE A CLAIM AGAINST THE COUNTY, BOARD OF COUNTY COMMISSIONERS, AND INDIVIDUAL IN THEIR OFFICIAL CAPACITY BECAUSE NO CONSTITUTIONAL DEPRIVATION PURSUANT TO A POLICY OR CUSTOM IS ALLEGED

Section 1983 provides a claim for relief against state actors for violation of a plaintiff's federal rights. *Becker v. Kroll*, 494 F.3d 904, 914 (10th Cir.2007). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Anderson v. Suiters*, 499 F.3d 1228, 1232–33 (10th Cir.2007).

In the case of a municipal entity, the "under color of state law" element requires that the constitutional deprivation occurred pursuant to official policy or custom. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978). A municipal entity may be held liable for an act it has officially sanctioned, or for the actions of an official with final policymaking authority. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480, 482–83 (1986); *see also, City of St. Louis v. Praprotnik*, 485 U.S. 112, 127–28 (1988). A plaintiff "must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." *Barney v. Pulsipher*, 143 F.3d 1299, 1307 (10th Cir.1998) (quoting *Board of County Comm'rs of Bryan County, Oklahoma v. Brown*, 520 U.S. 397, 404 (1997)). A claim against a state actor in his official capacity "is essentially another way of pleading an action against the county or

municipality" he represents, and is considered under the standard applicable to § 1983 claims against municipalities or counties. *Porro v. Barnes*, 624 F.3d 1322, 1328 (10th Cir.2010).

In this case, the allegations against the County, Board of County Commissioners, and official capacity claims against the individuals, which are *de facto* claims against the County, fail to allege a constitutional deprivation pursuant to a policy or custom beyond the speculative level. The Plaintiffs do make conclusory formulaic allegations of such, but make no specific allegation. Therefore, the claims against the County, Board of County Commissioner, and all claims against the individual in their official capacity must be dismissed.

## IV.     PLAINTIFFS' CLAIMS ARE BARRED BY VIRTUE OF THEIR GUILTY PLEA UNDER *HECK V. HUMPHREY*

Plaintiff Samuel Walker pled guilty to felony animal cruelty in connection with this incident. *See* Exhibit A. Plaintiff Diane Walker pled guilty to misdemeanor animal cruelty in connection with this incident. *See* Exhibit B. The Court may take judicial notice of these convictions without converting this Motion to Dismiss into a Motion for Summary Judgment. *See* F.R.E. 201*; Grynberg v. Koch Gateway Pipeline Co.*, 390 F.3d 1276, 1779 (10th Cir. 2004) (holding that facts subject to judicial notice may be considered without converting a motion to dismiss into a motion for summary judgment); *Lynch v. Board of State Examiners of Electricians*, 218 F.Supp.2d 3, 7 n. 7 (D.Mass. 2002) (collecting cases standing for the proposition that a federal court can review matters outside the pleadings related to state court decisions in considering a 12(b)(6) motion based on *res judicata* grounds without converting the motion to dismiss into a motion for summary judgment); *One Hour Cleaners v. Industrial Claim Appeals Office*, 914 P.2d 501 (Colo.App. 1995) (holding that courts may judicially notice their own records files under C.R.E. 201, which is substantially identical to F.R.E. 201).

Case 1:11-cv-03238-RM-KMT   Document 14   Filed 01/23/12   USDC Colorado   Page 6 of 11

These convictions preclude Plaintiffs' claims under *Heck v. Humphrey*, 512 U.S. 477, 487, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). *Heck* held that a Section 1983 claim must be dismissed if it would call into question the validity of a state court judgment of conviction in a criminal case. Specifically, the *Heck* court held:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, **a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.** Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit. *Id.* (emphasis added).

Here, Plaintiffs' convictions have not been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of *habeas corpus*. Allowing Plaintiffs to pursue this claim would have the practical effect of allowing Plaintiffs to re-litigate issues that they waived when they chose to plead guilty in state court. Indeed, under Colorado law, a criminal defendant is precluded from re-litigating his conviction in a subsequent civil case under the doctrine of collateral estoppel. *Allen v. Martin*, 203 P.3d 546, 560 (Colo.App. 2008). Allowing Plaintiffs to litigate these issues in this case would necessarily imply the invalidity of his conviction because without the evidence seized during the December 15, 2009 search, and

subsequent searches, Plaintiffs would not have likely been convicted or pled guilty. Accordingly, Plaintiffs' claims should be dismissed under *Heck.*

### V.     PLAINTIFFS FAIL TO STATE AN EIGHTH AMENDMENT CLAIM

Plaintiffs' Complaint makes conclusory allusions to the Eighth Amendment. However, it contains no allegations regarding how any Defendants allegedly subjected Plaintiffs to cruel and unusual punishment or that Plaintiffs were in fact subjected to such. It is Plaintiffs' obligation to provide the grounds of his entitlement to relief and this requires more than labels and conclusions. *Twombly, supra*. Plaintiffs have failed to do so and their Complaint contains no allegation to raise any Eighth Amendment related Section 1983 claim above the speculative level. Therefore, this claim should be dismissed.

### VI.     PLAINTIFFS CANNOT STATE A SECTION 1983 CLAIM RELATED TO AN ALLEGED *MIRANDA* VIOLATION

Plaintiffs make vague reference to alleged *Miranda* violations notwithstanding the absence of the requisite custodial interrogation to trigger *Miranda*. *United States v. Griffin*, 7 F.3d 1512, 1518 (10th Cir.1993). The alleged failure to give a *Miranda* warning cannot give rise to liability under § 1983. *Bennett v. Passic*, 545 F.2d 1260, 1263 (10th Cir.1976). "As for Plaintiffs' claim that they were subjected to custodial interrogation in their home because they did not feel free to leave, the remedy for any violation of their Miranda rights is to exclude their statements from the evidence at trial; a police officer who fails to give a *Miranda* warning is not subject to liability under § 1983. *Hinton v. Franck*, 242 F.3d 388 (Table) (10th Cir. 2000) (citing *Bennett, supra*). Therefore, Plaintiffs' fail to state a claim under Section 1983 regarding any alleged *Miranda* violation.

## VII.  18 U.S.C. § 241, 18 U.S.C. § 242, 18 U.S.C. § 371, 18 U.S.C. § 1001, 18 U.S.C. § 2234 DO NO ALLOW FOR A PRIVATE RIGHT OF ACTION

Each of Plaintiffs' six claims for relief, make references to the following statutes:  (1) 18 U.S.C. § 241; (2) 18 U.S.C. § 242; (3) 18 U.S.C. § 371; (4) 18 U.S.C. § 1001; and (5) 18 U.S.C. § 2234.

Section 241 makes it a crime for any two people to conspire to intimidate any person from the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States.  The statute also makes it a crime for two or more persons to go in disguise on the highway, or in the premises of another, with the intent to prevent or hinder his free exercise or enjoyment of any right or privilege so secured.  This is a criminal statute.

Section 242 makes it a crime to deprive anyone of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States on account of such person being an alien or by reason of his color, or race.  This statute would be inapplicable to the case at bar as a matter of law because Plaintiff makes no claim that he is an alien or person of color.

Section 371 makes it a crime to conspire to commit any offense against the United States or to defraud the United States or any agency thereof.  Obviously, this section has no application to this case because there is no alleged crime against the United States.

Section 1001 makes it a crime to knowingly and willfully falsify or conceal evidence from any branch of government of the United States, make a false or fictitious or fraudulent statement or representation to one of the branches of government of the United State or submit any false writing or document to any branch of the United States government.  Obviously, this statute has no application to this case because there is no allegation of false statements being made to any branch of the United States government.

Section 2234 makes it a crime for anybody to willfully exceed his authority in executing a search warrant.

None of these statutes confer a private right of action upon Plaintiffs. Only congress, by statute, can create a private right of action. *See Alexander v. Sandoval,* 532 U.S. 275, 121 S.Ct. 1511 (2001). In reaching this decision, the Supreme Court stressed that legislative intent is the only basis upon which the private right of action may be inferred:

> The judicial task is to interpret the statute congress has passed to determine whether it displays an intent to create not just a private right, but also a private remedy. Statutory intent on this later point is determinative. Without it, a cause of action does not exist and courts may not create one no matter how desirable that might be as a policy matter, or how compatible it would be with the statute.

*Id.* at 286-87; *see also, Chaffin v. Kansas State Fair Board,* 348 F.3d 850 (10th Cir. 2003).

A review of these statutes demonstrates that they do not create and the Court may not infer, any private right of action based on these statues. Accordingly, to the extent Plaintiffs attempt to state a claim under these statutes, Plaintiffs' Complaint must be dismissed with prejudice.

## VIII.  CONCLUSION

In sum, Plaintiffs' claims against Park County, Park County Commissioners, and the official capacity claims against the individual Defendants fails to state a claim under § 1983 because they fail to properly allege that Plaintiffs were deprived of Constitutional rights pursuant to an official policy or custom. Moreover, all of Plaintiffs' claims against all Defendants are barred by *Heck v. Humphrey,* which precludes all claims by a criminal defendant in a subsequent civil proceeding following a guilty plea in the criminal proceeding. Additionally, Plaintiffs' § 1983 claims related to the Eighth Amendment fails to state a claim beyond the speculative of

level as to all Defendants. Plaintiffs' claims related to *Miranda* violations fail to state a claim because a *Miranda* violation cannot give rise to a § 1983 claim as a matter of law. Finally, Plaintiffs' claims under 18 U.S.C. § 241, 18 U.S.C. § 242, 18 U.S.C. § 371, 18 U.S.C. § 1001, and 18 U.S.C. § 2234 fail to state a claim because these criminal statutes confer no private right of action upon Plaintiffs. Accordingly, for all of the foregoing reasons, Plaintiffs' Complaint should be dismissed for failure to state a claim under Fed.R.Civ.P. 12(b)(6).

Respectfully submitted this 23rd day of January, 2012.

*(Original signatures on file at the offices of Fowler, Schimberg & Flanagan, P.C.)*

s/Timothy P. Schimberg
Timothy P. Schimberg


s/Andrew R. McLetchie
Andrew R. McLetchie

FOWLER, SCHIMBERG & FLANAGAN, P.C.
1640 Grant Street, Suite 150
Denver, Colorado 80203
(303) 298-8603

ATTORNEYS FOR PARK COUNTY DEFENDANTS

10

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of January, 2012, I caused a true and correct copy of the foregoing **MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(B)(6)** to be filed via the ECF system, with notice of same being electronically served to the following:

Herbert C. (Lee) Phillips, Esq.
Park County Attorney
Hayes, Phillips, Hoffman & Carberry, P.C.
P.O. Box 1046
675 Main Street
Fairplay, CO 80440


Transmitted via electronic mail and First Class U.S. Mail, proper postage prepaid, to the following:

Samuel M. Walker
Diane H. Walker
P.O. Box 59
Florissant, CO 80816
Reddog0918@yahoo.com
*Pro Se* **Plaintiffs**


                                                     s/Leslie Johnson
                                                     Leslie Johnson