IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03238-PAB-KMT

SAMUEL M. WALKER, and
DIANE H. WALKER,

       Plaintiffs,

v.

FRED WEGENER,
JOHN W. SUTHERS,
BOBBY PRIESTLY,
CINDY HARDEY,
REBECCA BRAMLETT,
AMY FRANCK,
JUAN GALLEGOS,
SGT. BROWN,
PARK COUNTY,
PARK COUNTY COMMISSIONERS,
DEBRA L. MCLIMANS,

       Defendants.

## REPLY BRIEF IN SUPPORT OF STATE DEFENDANTS' MOTION TO DISMISS

Defendants Suthers and McLimans ("State Defendants"), by and through the Office of the Colorado Attorney General, submit the following Reply in support of their Motion to Dismiss.

### I. Plaintiffs failed to file a notice of claim with respect to any actions taken by either Defendant McLimans or Defendant Suthers. Consequently, this Court lacks jurisdiction over Plaintiffs' tort claims.

Compliance with the 180-day notice provision contained in C.R.S. § 24-10-109(1) is a *jurisdictional prerequisite* to any action brought under the provisions of the Colorado Governmental Immunity Act ("CGIA"). *Forest View Acres Water District v. Board of Land Commissioners,* 968 P.2d 168, 171 (Colo. App. 1998). When a party fails to comply strictly with the 180-day notice requirement, the party's claim *must* be dismissed because the court lacks subject matter jurisdiction. *East Lakewood Sanitation Dist. v. District Court,* 842 P.2d 233, 235-236 (Colo.1992). A notice of claim must be filed even if a plaintiff alleges that a defendant has engaged in willful and wanton behavior. *Middleton v. Hartman,* 45 P. 3d 721, 730-731 (Colo. 2002).

A claimant seeking to make a claim against a state employee must file a notice of claim with the Colorado Attorney General. C.R.S. § 24-10-109(3).

Plaintiffs have attached to their Response a notice of claim filed with Park County officials on April 27, 2011. (Response, doc. #7, Ex. F). The Notice was not filed with the Colorado Attorney General. (*Id.*) In the Notice, Plaintiffs complain that municipal and county officials violated Plaintiffs' constitutional rights in December, 2009, approximately 16 months earlier. (*Id.*) The Notice makes no mention of either Attorney General Suthers or Debra McLimans.

2

To this day, Plaintiffs have filed no notice of claim with respect to Defendants Suthers and McLimans.  (*See* Affidavit of Stacy Mortenson, attached to the State Defendants' Motion to Dismiss and hereto as Exhibit A.)  The April 27, 2011, Notice of Claim complains of actions taken by various county and municipal public employees, but it makes no mention of Defendants Suthers or McLimans, or of the factual basis of any claim asserted against them in this case.  If the Notice was intended to give notice of Plaintiffs' claims against McLimans and Suthers, it was not filed with the Colorado Attorney General, as required by C.R.S. § 24-10-109(3).  Moreover, the Notice deals with events that occurred approximately 16 months earlier.  Even if this Notice applies to Suthers and McLimans, Plaintiffs have failed to meet the jurisdictional 180-day requirement of the CGIA.

Plaintiffs' civil rights claims are not barred or affected by the Colorado Governmental Immunity Act, and  Defendants have not sought the dismissal of Plaintiffs' claims on that basis.   However, compliance with the CGIA's notice requirement is a prerequisite to filing a *tort* claim against a public employee, whether the suit is filed in state or federal court. *See e.g. Granato v. City & County of Denver,* 2011 WL 3820730 *9, 10 (D. Colo. August 30, 2011). Plaintiffs' contention that they are not required to comply with the CGIA with respect to

their tort claims because they filed suit in federal court (doc. #7, p. 4) lacks any legal authority.

## II.     Plaintiffs' official capacity claims are barred by the Eleventh Amendment.

The Supreme Court has interpreted the Eleventh Amendment to mean that "states may not be sued in federal court unless they consent to it in unequivocal terms or unless Congress, pursuant to a valid exercise of power, unequivocally expresses its intent to abrogate the immunity." *Muskogee (Creek) Nation v. Oklahoma Tax Commission*, 611 F.3d 1222, 1227(10th Cir. 2010) (*quoting Green v. Mansour,* 474 U.S. 64, 68 (1985)). "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Department of Mental Health,* 41 F.3d 584, 588 (10th Cir. 1994), *overruled on other grounds by Ellis v. University of Kansas Medical Center,* 163 F.3d 1186, 1194 – 97 (10th Cir. 1998).

Plaintiffs claim that the State of Colorado has waived its sovereign immunity because the state accepts federal funds. Plaintiffs' reliance on this exception to Eleventh Amendment immunity is misplaced. This exception may apply in certain narrow circumstances when a state has accepted federal funds

for the purpose of implementing federal legislation enacted for the purpose of enforcing the Fourteenth Amenment. That is not the situation in this case.

Here, Plaintiffs complain generally that Defendant Suthers caused (indirectly) the enforcement of unconstitutional animal cruelty state statutes. (doc. #7, p. 5). Plaintiffs claim that Defendant McLimans violated a state statute requiring her to certify restitution balances. (*Id.*, p. 6). Plaintiffs do not contend that either Suthers or McLimans violated Congressional mandates.

In an effort to avoid the consequences of Eleventh Amendment immunity, Plaintiffs have submitted a proposed amended complaint in which they request "prospective equitable relief that warrants injunctive or declaratory relief." (doc. #7, Exhibit E). Although courts permit federal suits that seek to prospectively enjoin a state official from violating federal law, declaratory relief is not the "type of relief designed to prevent ongoing violations of federal law." *Johns v. Stewart*, 57 F.3d 1544, 1552 – 53 (10th Cir. 1995). "The Eleventh Amendment does not permit judgments against state officers declaring that they violated federal law in the past." *Id.* at 553.

Here, Plaintiffs complain that Defendants Suthers and McLimans violated state law, not federal law. But even if there was an allegation that these Defendants violated federal law, the claims relate to Defendants' past behavior. Plaintiffs cite no ongoing unlawful behavior, they cite no need for prospective

5

relief, and they request no specific prospective relief. Even if the Court accepts Plaintiffs' tendered amended complaint, Plaintiffs have failed to state any claim for prospective injunctive relief. The official capacity claims against Defendants Suthers and McLimans for damages, declaratory relief, and injunctive relief are barred by Eleventh Amendment immunity.

### III. Plaintiffs' claims against McLimans are barred by judicial immunity.

Plaintiffs claim that McLimans was required by state statute to "certify" financial transactions" and that these actions are not the kind of discretionary acts protected by judicial immunity. To the contrary, none of the statutes cited by Plaintiffs require a court clerk such as McLimans to "certify" restitution balances.[1]

In their Complaint, Plaintiffs complain that Defendant McLimans "failed to ensure the Walker's (sic) Restitution balance was correct throughout the life of the balance." (doc. #1, ¶ 195). Absolute judicial immunity has been extended to non-judicial officers who perform judicial acts to aid a judge, or where non-judicial officers perform duties having "an integral relationship with the judicial process." *Whitesel, supra,* 222 F. 3d at 867; *Wynmore v. Green*, 245 Fed. Appx. 780, 783 (10th Cir. 2007). Even if the Walkers' allegation is true, McLimans's

---

[1] Plaintiffs cite the following state statutes in their Response: C.R.S. § 16-11-101.8, C.R.S. § 16-18.5-106.5, and C.R.S. § 24-35-605. (Doc. #7, p. 6).

6

monitoring of criminal defendants' restitution balances is a function having an integral relationship with the judicial process. Accordingly, McLimans is entitled to absolute judicial immunity, and the Walkers' claim for damages against her must be dismissed.

### IV. Neither Suthers nor McLimans are subject to suit under § 1983.

Claims brought under § 1983 can be brought only for "deprivation of rights secured by the constitution and laws of the United States." *Laney v. Farley*, 501 F.3d 577, 580 (6th Cir. 2007). A violation of state statute alone is not cognizable under § 1983 because § 1983 is a remedy only for the violation of federal statutory and constitutional rights. *Woodard v. Andrus*, 419 F.3d 348, 353 (5th Cir. 2005); *see also Apodaca v. City of Albuquerque*, 443 F.3d 1286, 1289 n.2 (10th Cir. 2006).

In their Response, Plaintiffs assert that Defendant Suthers violated his duties under state law to ensure the constitutionality of state laws. Plaintiffs assert § 1983 claims against Defendant McLimans for her alleged violation of state law. None of these claims invoke the deprivation of rights secured by the constitution and laws of the United States, and Defendants have failed to state § 1983 claims against either McLimans or Suthers.

**V.     Defendant Suthers did not participate in a violation of Plaintiffs' constitutional rights.**

Plaintiffs claim that Defendant Suthers personally participated in the violation of their constitutional rights by failing "to ensure state statutes are constitutionally compliant." (doc. #7, p. 12). To the contrary, the job of Colorado's Attorney General is to defend all actions in which the state is a party. See C.R.S. § 24-31-101 (1)(a). It is not within the power or the duty of the Attorney General to declare unilaterally the unconstitutionality of state statutes. (*Id.*)

Even if Suthers possessed this role, his failure to "ensure" the constitutionality of all state statutes does not provide a sufficient link to the alleged constitutional violations committed by Park County officials. *See Ashcroft v. Iqbal,* 556 U.S. 662, 29 S.Ct. 1937, 1948 (2009); *Butler v. City of Norman,* 992 F.2d 1053, 1055 (10th Cir. 1993). It is undisputed that Suthers played no role in the arrest of Plaintiffs, in the search of Plaintiffs' property, or in the seizure of Plaintiffs' dead, dying, and sickly animals. Plaintiffs have failed to establish that Suthers personally participated in the violation of their constitutional rights, and the § 1983 claims asserted against him must be dismissed.

8

## VI. Suthers and McLimans are entitled to qualified immunity.

Citing no authority, Plaintiffs claim that neither Suthers nor McLimans are entitled to qualified immunity. For the reasons set forth in the State Defendants' Motion to Dismiss, these Defendants are entitled to qualified immunity.

## CONCLUSION

Based on the arguments and authorities set forth in the State Defendants' Motion to Dismiss and in this Reply Brief, the State Defendants request this Court to dismiss all claims asserted against Defendants Suthers and McLimans.

JOHN W. SUTHERS
Attorney General

s/ *Kathleen L. Spalding*
KATHLEEN L. SPALDING*
Senior Assistant Attorney General
Tort Litigation Unit
Civil Litigation and Employment Law
  Section
Attorneys for Defendants

1525 Sherman Street, 7th Floor
Denver, Colorado  80203
Telephone:  303-866-3249
FAX:  303-866-5443
E-Mail:  kit.spalding@state.co.us
*Counsel of record

## CERTIFICATE OF SERVICE

This is to certify that I have duly served the within Reply in Support of the State Defendants' Motion to Dismiss upon all parties herein by e-filing or mailing copies of same this 31st day of January 2012 addressed as follows:

Samuel M. Walker
Reddog0918@yahoo.com

Diane H. Walker
Reddog0918@yahoo.com

Timothy Schimberg
t_schimberg@fsf-law.com

*s/ Kathleen Spalding*
_____

AG ALPHA:      LW AG HCLWT