IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11–cv–03238–PAB–KMT

SAMUEL M WALKER, and
DIANE H WALKER,

      Plaintiffs,

v.

FRED WEGENER, individual and official capacity,
BOBBY PRIESTLY, individual and official capacity,
CINDY HARDEY, individual and official capacity,
REBECCA BRAMLETT, individual and official capacity,
AMY FRANCK, individual and official capacity,
JUAN GALLEGOS, individual and official capacity,
DEPT SGT BROWN, individual and official capacity,
PARK COUNTY,
PARK COUNTY COMMISSIONERS,
ATTORNEY GENERAL, COLORADO, official capacity, and
COURT CLERK, individual and official capacity,

      Defendants.

---

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

**Magistrate Judge Kathleen M. Tafoya**

    This matter is before the court on the "Motion to Dismiss of Defendants Suthers and McLimans." (Doc. No. 3, filed Dec. 22, 2011 [Mot.].) For the following reasons the court recommends that Defendant Suthers and McLimans'[1] Motion be granted.

---

[1] Neither Defendant Suthers or Defendant McLimans are named in the caption of Plaintiffs' Complaint. (*See* Doc. No. 1, filed Dec. 12, 2011 [Compl.].) Rather Defendant Suthers and McLimans are referred to as "Attorney General, Colorado" and "Court Clerk"

## FACTUAL BACKGROUND

The following factual background is derived from Plaintiffs' Complaint and the parties' briefing with respect to this Recommendation.  The court notes that a thorough recitation of the facts outlined in Plaintiffs' Complaint is not necessary to address Defendants Suthers and McLimans' Motion.

Plaintiffs are residents of Teller County, Colorado and owned property in Park County, Colorado.  (Compl. ¶ 20.)  Prior to December 15, 2009, Plaintiffs raised, trained, and occasionally bred sled dogs on a 160-acre ranch near the town of Hartsel in Park County.  (*Id.* ¶ 21.)

On December 15, 2009, while Plaintiff Samuel Walker (Mr. Walker) was in California on business (*see id.* ¶ 33), Defendant Priestly, a Park County Animal Control Officer/Code Enforcement Officer (*id.* ¶ 11), received a call from a woman with the Humane Society of the United States about a complaint regarding the conditions of the dogs located at Plaintiffs' property (*id.* ¶ 51).  Pursuant to that tip, Defendant Priestly stopped by the Park County Sheriff's Office and contacted Defendant Wegener, the Park County Sheriff (*id.* ¶ 9), and two other Park County Animal Control/Code Enforcement Officers, Defendants Bramlett and Hardley (*id.* ¶¶ 12-13, 53-54).

---

respectively.  (*Id.* at 1.)  (*Id.*)  However, both defendants are referred to by name in the body of Plaintiffs' Complaint.  (*Id.* at ¶¶ 18-19.)  To avoid confusion, hereinafter, the court refers to these defendants by name, rather than by the titles featured in the caption.

2

That same day, December 15, 2009, Defendants Wegener, Priestly, Bramlett, and Hardley allegedly entered Plaintiffs' property without a warrant and documented the state of the dogs and Plaintiffs' property.  (*Id.* ¶¶ 54-59.)  Defendants Wegener, Priestly, Bramlett, and Hardley also seized two of the approximately 100 dogs on Plaintiffs' property.  (*Id.* ¶ 62.)  Later that day, Defendant Hardley drafted a search warrant, which was signed the following morning, December 16, 2009.[2]  (*Id.* ¶ 63.)

On December 16, 2009, law enforcement officers entered Plaintiffs' property pursuant to the search warrant obtained by Defendant Hardley.  (*Id.* ¶ 92.)  Defendant Priestly seized 30 dogs from Plaintiffs' property.  (*Id.* ¶ 86.)  Plaintiffs maintain that, during that search, their Miranda rights were violated (*id.* ¶¶ 94-101); Plaintiff Diane Walker (Ms. Walker) was coerced into giving her consent to allow a continued search of Plaintiffs' property and seizure of the remaining dogs the following day (*id.* ¶¶ 102-103); and that Ms. Walker was allegedly coerced into signing a release of the dogs found on Plaintiffs' property (*see id.* ¶¶ 116-118).

On Thursday, December 17, 2009, Park county officials, other government officials, and civilian volunteers returned to Plaintiffs' property.  (*Id.* ¶ 126.)  Plaintiffs allege that three unsupervised individuals took dogs, dog food, equipment, and other personal property from Plaintiffs' property without accountability to Park County officials.  (*Id.* ¶¶ 131-135.)  Plaintiffs also allege that Defendants Franck and Hardey and other Animal Control Officers failed to

---

[2] Plaintiffs maintain that the search warrant was almost entirely comprised of information obtained from Defendants' warrantless entry onto Plaintiffs' property on December 15, 2009. (*Id.* ¶ 64.)

properly account for and inventory Plaintiffs' property, and that Plaintiffs' property was taken without just compensation. (*Id.* ¶¶ 134-142, 147-148, 151, 154, 159.)

Sometime "before Christmas day," arrest warrants for Plaintiffs were issued, and Plaintiffs were ostensibly arrested on or around December 24, 2009. (*See id.* ¶¶ 166-68.) On January 11, 2010, an additional search warrant was issued to pick up five additional dead dogs from Plaintiffs' property. (*See id.* ¶¶ 172-73.) Defendant Priestly also brought a backhoe to dig up a dog graveyard found on the property, which Plaintiffs maintain was beyond the scope of the search warrant. (*Id.* ¶¶ 170, 173, 189.) Plaintiffs also allege that some of the dead dogs recovered from the graveyard were left on the surface, creating a bio-hazard that threatened local endangered species. (*Id.* ¶¶ 186-187.)

Plaintiffs maintain that Defendant McLimans, as the Park County Combined Court Clerk, is required to certify restitution balances for criminal defendants, and that she failed to ensure that Plaintiffs' restitution balance was correct throughout the life of the balance. (*Id.* ¶¶ 194-95.) Plaintiffs maintain that their "[r]estitution balance was zero, but the system reported greater than zero." (*Id.* ¶ 197.) Plaintiffs allege that "Casino's [sic] seized [Plaintiffs'] property based upon incorrect balances reflected in the system." (*Id.* ¶ 196.)

**PROCEDURAL HISTORY**

Plaintiffs filed their Complaint on December 12, 2011 wherein they assert several claims pursuant to 42 U.S.C. § 1983.[3] (*See* Compl.) Defendants Suthers and McLimans' Motion was

---

[3] Plaintiffs also invoke "Colorado common law." (Compl. at 1.) Whether Plaintiffs actually allege any state-law claims is discussed *supra.* Plaintiffs also reference a number of

filed on December 22, 2011.  (*See* Mot.)  Plaintiffs filed their "Answer to Defendants [sic]

Motion to Dismiss" on January 18, 2012, which the court construes to be a response to

Defendant Suthers and McLimans' Motion.  (Doc. No. 7 [Resp.].)  Defendants Suthers and

McLimans filed their "Reply Brief in Support of State Defendants' Motion to Dismiss " on

January 31, 2012 (Doc. No. 17 [Reply].)  Accordingly, this matter is ripe for the court's review

and recommendation.

## LEGAL STANDARDS

### A.    **Pro Se** *Plaintiffs*

Plaintiffs are proceeding *pro se*.  The court, therefore, "review[s] his pleadings and other

papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys."

*Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see also*

*Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding allegations of a *pro se* complaint "to less

stringent standards than formal pleadings drafted by lawyers").  However, a *pro se* litigant's

"conclusory allegations without supporting factual averments are insufficient to state a claim

upon which relief can be based."  *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991)

(citations omitted).  A court may not assume that a plaintiff can prove facts that have not been

alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged.  *Associated*

*Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *see*

---

federal criminal statutes in their Complaint.  (*Id.* at 23-25, 27-28, 30.)  However, such criminal
statutes do not provide a private cause of action.  *Shaw v. Neece*, 727 F.2d 947, 949 (10th Cir.
1984); *see also Winslow v. Romer*, 759 F.Supp. 670, 673 (D. Colo. 1991) ("Private citizens
generally have no standing to institute federal criminal proceedings.")

*also Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (a court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues").

### B.      Lack of Personal Jurisdiction

Federal Rule of Civil Procedure 12(b)(2) provides that a defendant may move to dismiss a complaint for "lack of jurisdiction over the person." Fed. R. Civ. P. 12(b)(2). Plaintiffs bear the burden of establishing personal jurisdiction over Defendants. *OMI Holdings, Inc. v. Royal Ins. Co.*, 149 F.3d 1086, 1091 (10th Cir. 1998). In the preliminary stages of litigation, Plaintiffs' burden is light. *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995). Where, as here, there has been no evidentiary hearing, and the motion to dismiss for lack of personal jurisdiction is decided on the basis of affidavits and other materials, Plaintiffs need only make a *prima facie* showing that jurisdiction exists. *Id.*

Plaintiffs "has the duty to support jurisdictional allegations in a complaint by competent proof of the supporting facts if the jurisdictional allegations are challenged by an appropriate pleading." *Pytlik v. Prof'l Res., Ltd.*, 887 F.2d 1371, 1376 (10th Cir. 1989). The allegations in Plaintiffs' complaint "'must be taken as true to the extent they are uncontroverted by [Defendants'] affidavits.'" *Wenz*, 55 F.3d at 1505 (*quoting Doe v. Nat'l Med. Servs.*, 974 F.2d 143, 145 (10th Cir. 1992)). If the parties present conflicting affidavits, all factual disputes must be resolved in Plaintiffs' favor, and "plaintiff's *prima facie* showing is sufficient notwithstanding

6

the contrary presentation by the moving party." *Id.* (citation omitted).  Only well-pled facts, as opposed to mere conclusory allegations, must be accepted as true.  *Id.*

To determine whether a federal court has personal jurisdiction over a nonresident defendant in a diversity action, the court looks to the law of the forum state.  *Taylor v. Phelan*, 912 F.2d 429, 431 (10th Cir. 1990).  In Colorado, the assertion of personal jurisdiction must both: (1) satisfy the requirements of the long-arm statute; and (2) comport with due process.  *Id.*; *Doering v. Copper Mountain*, Inc., 259 F.3d 1202, 1209 (10th Cir. 2001); *Classic Auto Sales, Inc. v. Schocket*, 832 P.2d 233, 235 (Colo. 1992).  Colorado's long-arm statute subjects a defendant to personal jurisdiction for engaging in — either in person or by an agent — the "commission of a tortious act within this state," or the "transaction of any business within this state."  Colo. Rev. Stat. §§ 13–1–124(1)(a)–(b) (2007).  To comport with due process, a defendant must have minimum contacts with the forum state such that maintenance of the lawsuit would not offend "traditional notions of fair play and substantial justice."  *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).  Colorado's long-arm statute is a codification of the "minimum contacts" principle required by due process.  *See Lichina v. Futura, Inc.*, 260 F. Supp. 252, 255 (D. Colo. 1966).  Accordingly, under Colorado law, a court may assert jurisdiction to the fullest extent permitted by the Due Process Clause of the Fourteenth Amendment.  *See OMI Holdings, Inc.*, 149 F.3d at 1090; *Scheur v. Dist. Ct.*, 684 P.2d 249 (Colo. 1984).

### C.       *Failure to State a Claim Upon Which Relief Can Be Granted*

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6)

(2007).  "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."  *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff."  *Hall v. Bellmon*, 935 F.2d 1106, 1198 (10th Cir. 1991).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*.  The *Iqbal* evaluation requires two prongs of analysis.  First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusion, bare assertions, or merely conclusory.  *Id*. at 1949–51.  Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief."  *Id*. at 1951.  If the allegations state a plausible claim for relief, such claim survives the motion to dismiss.  *Id*. at 1950.

Notwithstanding, the court need not accept conclusory allegations without supporting factual averments.  *Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998).  "[T]he tenet that a court must accept as true all of the allegations contained in a

8

complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1940. Moreover, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 1949 (citation omitted).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*,129 S. Ct. at 1949 (citation omitted).

## ANALYSIS

In their Motion, Defendants Suthers and McLimans seek to dismiss Plaintiffs' claims against them pursuant to Fed. R. Civ. P. 12(b)(1) and (6).  (Mot. at 1.)  As is relevant to this Recommendation, Defendants Suthers and McLimans maintains that (1) Plaintiffs' tort claims, if any, are barred by the Colorado Government Immunity Act, Colo. Rev. Stat. § 24-10-101 *et seq.*; (2) Plaintiffs' official capacity claims are barred by Eleventh Amendment Immunity; and (6) that Defendant McLimans is entitled to qualified immunity.[4]  (*See* Mot.)

---

[4] Because the court finds that these three issues properly dispose of Defendants Suthers and McLimans' Motion, the court does not address the remaining arguments in their Motion—namely, whether (1) Plaintiffs' claims for damages against Defendant McLimans are barred by judicial immunity; (2) Plaintiffs' claims against Defendant Suthers fail because Plaintiffs do not allege that Defendant Suthers personally participated in any violation of Plaintiffs' constitutional rights under 42 U.S.C. § 1983, and (3) Defendant Suthers is entitled to qualified immunity.  (Mot. at 9-14.)

### A.      State Law Claims

While Defendants Suthers and McLimans maintain that this court does not have jurisdiction over Plaintiffs' state-law tort claims because Plaintiffs failed to file a notice of claim and because Plaintiffs' claims do not fall within any area for which governmental immunity has been waived, a close review of Plaintiffs' Complaint suggest that Plaintiffs do not actually assert any state-law tort claims.  Defendants Suthers and McLimans' confusion is somewhat understandable, as Plaintiffs preface their Complaint with a statement that "[t]his action arises . . . under Colorado common law for willful and wanton conduct with intentional and/or negligent infliction of emotional distress, theft of property, negligence, negligent supervision, gross, negligence, and civil conspiracy." (Compl. at 1-2.)  Additionally, Plaintiffs' "Count V" is prefaced as a "violation of 18-9-202.5 CRS and 18-9-202 CRS."  (*Id.* at 28.)

However, a review of the actual substance of Plaintiffs' claims makes clear that they do not allege any state-law tort claims; instead they assert § 1983 claims for alleged violations of their constitutional rights.  (*Id.* ¶¶ 198-246.)  As to "Count V," the substance of that claim demonstrates that Plaintiffs in fact allege that Colo. Rev. Stat § 18-9-202.5 and Colo. Rev. Stat § 18-9-202 are *unconstitutional,* rather than that any defendant *violated* those statutes.  (*Id.* ¶ 236.)

Altogether, the court finds that Plaintiffs' Complaint does not include any state-law tort claims that might be subject to the CGIA.  And otherwise, the CGIA does not apply to § 1983 claims.  *Martinez v. El Paso Cnty.,* 673 F. Supp. 1030, 1031 (D. Colo. 1987).  Accordingly, Plaintiffs' claims are not jurisdictionally barred pursuant to the CGIA.

### B.    Eleventh Amendment Immunity

Defendants Suthers and McLimans argue that Plaintiffs' claims against them in their official capacities are barred by the Eleventh Amendment.  (Mot. at 7-9.)  The Eleventh Amendment to the United States Constitution states:  "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  U.S. Const. amend. XI.  It has been interpreted to bar a suit by a citizen against the citizen's own state in federal court.  *Johns v. Stewart*, 57 F.3d 1544, 1552 (10th Cir. 1995).  Suits against state officials in their official capacity should be treated as suits against the state.  *Hafer v. Melo*, 502 U.S. 21, 25 (1991).  This is because a suit against a state official in his or her official capacity is a suit against the official's office and therefore is no different from a suit against the state itself.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  The Eleventh Amendment thus shields state officials, acting in their official capacities, from claims for monetary relief.  *See Hill v. Kemp*, 478 F.3d 1236, 1255–56 (10th Cir. 2007).

Moreover, a section 1983 action may only be brought against a person.  *See* 42 U.S.C. § 1983.  Neither states nor state officers sued in their official capacity for monetary damages are persons within the meaning of section 1983.  *Will*, 491 U.S. at 70–71.

Plaintiffs are suing both Defendant Suthers and Defendant McLimans in their official capacity.  (Compl. at 1.)  In fact, Plaintiffs have named Defendant Suthers only in his official capacity.  (*Id.*)  Additionally, it is undisputed that Defendants Suthers and McLimans are state officials.  (Mot. at 8; *see generally* Resp. at 4-10.)  Contrary to Plaintiffs' argument in their

11

Response (Resp. at 7-9), the State of Colorado has not waived its Eleventh Amendment immunity, *see Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of § 1983 did not abrogate Eleventh Amendment immunity, *see Quern v. Jordan*, 440 U.S. 332, 340–345 (1979).[5]  Accordingly, the court finds that Defendants Suthers and McLimans are immune from Plaintiffs' claims for damages against them in their official capacities.

Eleventh Amendment immunity does not apply, however, to the extent that a plaintiff seeks prospective declaratory or injunctive relief pursuant to *Ex Parte Young,* 209 U.S. 123 (1908). *See Hill v. Kemp*, 478 F.3d 1236, 1255–56 (10th Cir.2007) (under Ex Parte Young, "the Eleventh Amendment generally will not operate to bar suits so long as they (i) seek only declaratory and injunctive relief rather than monetary damages for alleged violations of federal law, and (ii) are aimed against state officers acting in their official capacities, rather than against the State itself."); *Roe No. 2 v. Ogden*, 253 F.3d 1225, 1233 (10th Cir. 2001).

Nevertheless, although Plaintiffs facially seek "declaratory, injunctive, and other appropriate relief" (Compl. at 1), upon review of Plaintiffs' claims against Defendants Suthers and McLimans—or, more accurately, the lack thereof—it is unclear to the court what declaratory and/or injunctive relief Plaintiffs actually seek.  More specifically, Plaintiffs' Complaint is

---

[5] Plaintiffs also cited to *Monell v. Dept. of Soc. Servs.,* 436 U.S. 658, 690-91 (1978) and related cases for the proposition that governmental liability can be premised on an agency "custom, policy or practice."  (Resp. at 9-10.)  However, *Monell* and its progeny outline the principals of *municipal* liability under § 1983; *Monell* does not alter the general premise that a *state* and its officials sued in their official capacity are entitled to Eleventh Amendment immunity from § 1983 claims.

entirely devoid of any factual allegations against Defendant Suthers.[6]  (*See* Compl.)  And, while

Plaintiffs do include some factual allegations as to Defendant McLimans, they fail to specify

how Defendant McLimans' allege failure to ensure that Plaintiffs' restitution balance was correct

violated their constitutional rights.  (*See id.* ¶¶ 194-197; *see generally id.* ¶¶ 198-246.)

Moreover, the court notes that Plaintiffs' claims revolve entirely around past events.  (*See*

Compl.)  The *Ex Parte Young* doctrine does "not go so far as to allow federal jurisdiction over a

suit that seeks to redress past wrongs – only ongoing violations are covered." *ANR Pipeline Co.*

*v. Lafaver,* 150 F.3d 1178,1189 (10th Cir. 1998) (quoting *Papasan v. Allain,* 478 U.S. 265, 277-

78 (1986)) *overruled on other grounds by Hill v. Kemp,* 478 F.3d 1236 (10th Cir. 2007); *see also*

*Buchwald v. Univ. of N.M. School of Med.,* 159 F.3d 487, 495 (citation omitted) (the *Ex Parte*

*Young* exception "may not be used to obtain a declaration that a state officer has violated a

plaintiff's federal rights in the past").

Accordingly, although claims for declaratory and injunctive relief may survive under *Ex*

*Parte Young,* the court finds that Plaintiffs fail to articulate any ongoing constitutional violation

against Defendant Suthers and McLimans.  Therefore, the court finds that Plaintiffs' claims

against Defendants Suthers and McLimans in their official capacity for damages, injunctive, and

declaratory relief are properly dismissed.  Additionally, because Plaintiffs have named

_____

[6] Plaintiffs have included "exhibits to reflect [their] inputs to a future one-time amended complaint in accordance with Fed. R. Civ. P. 15(a)(1)," which include additional allegations against Defendants Suthers and McLimans.  (Resp. at 2; *see also id.,* Ex. A-E.)  However, because Plaintiffs have not actually so amended their Complaint, nor have they moved to amend their Complaint, the court does not consider these additional allegations.

Defendant Suthers solely in his official capacity, the court finds that he is properly dismissed as a defendant.

### C.      *Qualified Immunity*

Defendants Suthers and McLimans maintain that Defendant McLimans is entitled to qualified immunity from Plaintiffs' claims against her in her individual capacity.  (Mot. at 11-14.)  The doctrine of qualified immunity shields government officials from individual liability for civil damages "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  Although qualified immunity is most often raised at the summary judgment stage, the Tenth Circuit has recognized the propriety of raising a qualified immunity defense in a motion to dismiss.  *See Pueblo Neighborhood Health Ctr., Inc. v. Losavio*, 847 F.2d 642, 645–46 (10th Cir. 1988).  Once the defense is asserted, the burden shifts to Plaintiffs to establish 1) that Defendant McLimans' actions violated a federal constitutional or statutory right and 2) that the federal right was clearly established at the time of the challenged conduct.  *PJ ex rel. Jensen v. Wagner*, 603 F.3d 1182, 1196 (10th Cir. 2010); *see also Losavio*, 847 F.2d at 646.  Although the qualified immunity analysis involves a two-part inquiry, if the plaintiff fails either prong, reviewed in any order, qualified immunity is appropriate and no further inquiry need be undertaken.  *Pearson v. Callahan,* 555 U.S. 223, 236 (2009).

Here, as discussed above Plaintiffs fail to allege that Defendant McLimans violated their federal constitutional or statutory rights.  Again, although Plaintiffs allege that Defendant McLimans failed to ensure that their restitution balance was correct throughout the life of the

balance (Compl. ¶¶ 194-97), Plaintiffs fail to allege how these alleged actions violated their

constitutional rights.  *See Nasious v. Two Unknown B.I.C.E. Agents,* 492 F.3d 1158, 1163 (10th

Cir. 2007) (stating that a complaint "must explain what each defendant did to [each Plaintiff];

when the defendant did it; how the defendant's actions harmed him or her; and, what specific

legal right the plaintiff believes the defendant violated.")  Consequently, the court finds that

Plaintiffs have failed to demonstrate that Defendants McLimans violated their federal

constitutional or statutory rights under the first prong of the qualified immunity inquiry.

Accordingly, the court finds that Defendant McLimans is entitled to qualified immunity with

respect to Plaintiffs' claims against her in her individual capacity.

Altogether, the court finds that Plaintiffs' claims against Defendants Suthers and

McLimans in their official capacity are barred by Eleventh Amendment immunity and that

Defendant McLimans is entitled to qualified immunity as to Plaintiffs' individual capacity

claims against her.  Therefore, the court finds that Defendants Suthers and McLimans' Motion is

properly granted.

WHEREFORE, for the foregoing reasons, the court respectfully

RECOMMENDS that

The "Motion to Dismiss of Defendants Suthers and McLimans"  (Doc. No. 3) be

GRANTED.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may

serve and file written objections to the Magistrate Judge's proposed findings and

recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the

magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 2nd day of March, 2012.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge