**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.      11-CV-03238-PAB-KMT

SAMUEL M. WALKER, pro se
DIANE H. WALKER, pro se

Plaintiffs,

v.

FRED WEGENER, individual and official capacity
BOBBY PRIESTLY, individual and official capacity
CINDY HARDEY, individual and official capacity
REBECCA BRAMLETT, individual and official capacity
AMY FRANCK, individual and official capacity
JUAN GALLEGOS, individual and official capacity
DEP. SGT. BROWN, individual and official capacity
PARK COUNTY
PARK COUNTY COMMISSIONERS
ATTORNEY GENERAL, COLORADO, official capacity
COURT CLERK, individual and official capacity

Defendants.

---

**PARK COUNTY DEFENDANTS' UNOPPOSED MOTION FOR A STAY PENDING RESOLUTION OF DEFENDANTS' MOTIONS TO DISMISS [DOCKET NOS. 14 AND 15]**

---

Defendants, Fred Wegener, Bobby (sic) Priestly, Cindy Hardey, Rebecca Bramlett, Amy Franck, Juan Gallegos, Dep. Sgt. Brown, Park County, and Park County Commissioners, by and through Timothy P. Schimberg and Andrew R. McLetchie of Fowler, Schimberg & Flanagan, P.C., hereby submit this Unopposed Motion for a Stay Pending Resolution of Defendants' Motions to Dismiss [Docket Nos. 14 and 15] and in support thereof state as follows:

1.      D.C.COLO.LCivR 7.1(a) Certification:  The Defendants, Attorney General and Court Clerk, join this Motion.  *Pro se* Plaintiffs have indicated that they are unopposed to this Motion.

2.      On January 23, 2012, the Individual Defendants filed a Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(1) based on the defense of qualified immunity [Docket No. 15].

3.      Additionally, all Defendants filed a Motion to Dismiss for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6) [Docket No. 14].

4.      Ms. Franck and Mr. Gallegos joined those Motions on March 1, 2012.

5.      When a motion raising the defense of qualified immunity is filed, the Court should grant a stay of discovery.  The Supreme Court has emphasized the broad protection qualified immunity affords, giving officials the right, not merely to avoid standing trial, but also to avoid the burdens of such pre-trial matters as discovery.  *See Behrens v. Pelletier,* 516 U.S. 299, 308 (1996) (internal citations and quotations omitted).  Therefore, until this threshold immunity question is resolved, discovery should not be allowed.  *Siegert v. Gilley,* 500 U.S. 226, 233 (1991) (internal citations and quotations omitted); *Workman v. Jordan,* 958 F.3d 332, 336 (10th Cir. 1992) (same); *see also Behrens,* 516 U.S. at 310 (noting that discovery can be particularly disruptive when a dispositive motion regarding immunity is pending).  Consequently, courts should resolve purely legal questions raised by a qualified immunity defense at the earliest possible stage in the litigation.  *See Albright v. Rodriguez,* 51 F.3d 1531, 1534 (10th Cir. 1995).

6.      Additionally, the Defendants have filed a Motion to Dismiss all claims pursuant to Fed.R.Civ.P. 12(b)(6) based on failure to state a claim.  A discretionary stay of a civil action

may be appropriate if the resolution of a preliminary motion may dispose of the entire action. *See Nankivl v. Lockheed Martin Corp.,* 216 F.R.D. 689, 692 (M.D.Fla. 2003); *Martinez v. Writtenhouse,* 2008 WL 1883596, *1-2 (D.Colo. 2008) (collecting federal cases approving of stays of discovery in such situations); *Stringcheese Incident, LLC v. Stylus Shows, Inc.,* 2006 WL 894955, *2 (D.Colo. 2006); *Vivid Techs, Inc. v. Am. Sci. and Eng.'g, Inc.,* 200 F.3d 795, 804 (Fed.Cir. 1999); 8 Charles Allen Wright, et al., *Federal Practice and Procedures* § 2040 at 521-22 (2nd Ed. 1994). The District Court has broad discretion to stay proceedings as part of its inherent power to control its own docket. *See Clinton v. Jones,* 520 U.S. 681, 706-07 (1997) (citing *Landis v. North American Company,* 299 U.S. 248 (1936)).

7. In this case, there is substantial likelihood that the Defendants' pending Motions to Dismiss will be granted. However, the Defendants understand that it will take the Court some time to enter recommendations regarding these Motions and for the District Court to address the Magistrate Judge's recommendations. In the meantime, Plaintiffs may engage in discovery, the case is set for a scheduling conference, and the parties must submit a proposed scheduling order. Further, in cases involving *pro se* litigants, there is often a significant expenditure of judicial resources addressing discovery.

8. In *Nankivl,* the Court noted that, "while overall stays of discovery may be rarely granted, courts have held good cause to stay discovery where resolution of a preliminary motion may dispose of an entire action." *Nankivl,* 216 F.R.D. at 692. In that case, the Court further noted that it is helpful and necessary for the Court to take a preliminary peek at pending dispositive motions to see if the Motions appear to be meritorious and truly case dispositive. In this case, if the Court takes such a "preliminary peek," the Court will reach the inescapable

3

conclusion that the Individual Defendants are entitled to qualified immunity and that Plaintiffs' Complaint fails to state a claim against any of these Defendants.

9. In sum, for all the foregoing reasons, discovery should be stayed pending the resolution of the pending Motions to Dismiss in this matter.

Respectfully submitted this 7th day of March, 2012.

s/Timothy P. Schimberg
Timothy P. Schimberg

FOWLER, SCHIMBERG & FLANAGAN, P.C.
1640 Grant Street, Suite 150
Denver, Colorado 80203
(303) 298-8603

ATTORNEYS FOR PARK COUNTY
DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of March, 2012, I caused a true and correct copy of the foregoing **PARK COUNTY DEFENDANTS' UNOPPOSED MOTION FOR A STAY PENDING RESOLUTION OF DEFENDANTS' MOTIONS TO DISMISS [DOCKET NOS. 14 AND 15]** to be filed via the ECF system, with notice of same being electronically served to the following:

Herbert C. (Lee) Phillips, Esq.
Park County Attorney
Hayes, Phillips, Hoffman & Carberry, P.C.
P.O. Box 1046
675 Main Street
Fairplay, CO 80440

Kathleen L. Spalding, Esq.
Senior Assistant Attorney General
Office of the Attorney General
1525 Sherman Street, 7th Floor
Denver, CO 80203

Transmitted via electronic mail and First Class U.S. Mail, proper postage prepaid, to the following:

Samuel M. Walker
Diane H. Walker
P.O. Box 59
Florissant, CO 80816
elksky@gmail.com
reddog0918@yahoo.com
*Pro Se* **Plaintiffs**

    s/Leslie Johnson
    Leslie Johnson