IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 11–cv–03238–PAB–KMT

SAMUEL M WALKER, and
DIANE H WALKER,

    Plaintiffs,

v.

FRED WEGENER, individual and official capacity,
BOBBY PRIESTLY, individual and official capacity,
CINDY HARDEY, individual and official capacity,
REBECCA BRAMLETT, individual and official capacity,
AMY FRANCK, individual and official capacity,
JUAN GALLEGOS, individual and official capacity,
DEPT SGT BROWN, individual and official capacity,
PARK COUNTY,
PARK COUNTY COMMISSIONERS,
ATTORNEY GENERAL, COLORADO, official capacity, and
COURT CLERK, individual and official capacity,

    Defendants.

---

# ORDER

---

This matter is before the court on the "Park County Defendants' Unopposed Motion for a Stay Pending Resolution of Defendants' Motion to Dismiss [Docket Nos. 14 and 15]" (Doc. No. 27, filed Mar. 7, 2012 [Mot. Stay]) and the "Park County Defendants' Unopposed Motion to Vacate Scheduling Conference and Suspend Disclosure Deadlines" (Doc. No. 29, Mar. 14, 2012 [Mot. Vacate]).  For the following reasons, the court grants both motions.

In this suit, Plaintiffs assert several claims for relief pursuant to 42 U.S.C. § 1983, for alleged violations of their constitutional rights. (*See* Compl., Doc. No. 1, filed Dec. 12, 2011.) In the "Individual Defendants' Motion to Dismiss," filed on January 23, 2012, Defendants Wegener, Priestly, Hardey, Bramlett, and Brown (hereinafter the "Individual Defendants") maintain that Plaintiffs' claims against them should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) because they are entitled to qualified immunity. (Doc. No. 15, filed Jan. 23, 2012.) Additionally, in their "Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)," all of the Park County Defendants seek to dismiss Plaintiffs' claims because they either fail to state a claim for relief or are barred by *Heck v. Humphrey,* 512 U.S. 477, 487 (1994). (Doc. No. 14, filed Jan. 23, 2012.) Accordingly, in their present Motion to Stay, the Park County Defendants seek a stay of discovery pending resolution of whether they are entitled to qualified immunity and because the combined effect of both motions to dismiss would dispose of this case in its entirety. (*See* Mot. Stay.)

Immunity provisions, whether qualified, absolute or pursuant to the Eleventh Amendment, are meant to free officials from the concerns of litigation, including avoidance of disruptive discovery. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1953 (2009) (citing *Siegert v. Gilley*, 500 U.S. 226, 236 (1991) (Kennedy, J., concurring in judgment)); *see also Workman v. Jordan*, 958 F.2d 332, 335 (10th Cir. 1992) (noting that qualified immunity, if successful, protects an official both from liability and the ordinary burdens of litigation, including far-ranging discovery) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 817-18 (1982)). As explained by the Court in *Iqbal*, there are serious and legitimate reasons for this protection:

> If a Government official is to devote time to his or her duties, and to the formulation of sound and responsible policies, it is counterproductive to require the substantial diversion that is attendant to participating in litigation and making informed decisions as to how it should proceed. Litigation, though necessary to ensure that officials comply with the law, exacts heavy costs in terms of efficiency and expenditure of valuable time and resources that might otherwise be directed to the proper execution of the work of the Government. The costs of diversion are only magnified when Government officials are charged with responding to [the burdens of litigation discovery].

*Id.* at 1953.

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. *See String Cheese Incident, LLC v. Stylus Shows, Inc.*, 02-CV-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. March 30, 2006) (unpublished). Federal Rule of Civil Procedure 26 does, however, provide that

> [a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . .

Fed. R. Civ. P. 26(c). Moreover,

> [t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.

*Landis v. N. Am. Co.*, 299 U.S. 248, 254-255 (1936) (citing *Kansas City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)). An order staying discovery is thus an appropriate exercise of this court's discretion. *Id.*

Additionally, "a court may decide that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have been resolved." 8A Charles Alan Wright,

Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 2040, at 198 (3d ed. 2010).  Although a stay of all discovery is generally disfavored, *see Bustos v. U.S.*, 257 F.R.D. 617, 623 (D. Colo. 2009), a stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action."  *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003).  *See also Vivid Techs., Inc. v.. Am. Sci. & Eng'r, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved.")  When considering a stay of discovery, this court has considered: (1) the plaintiffs' interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiffs of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.  *See String Cheese Incident*, 2006 WL 894955, at *2.

      Plaintiffs do not oppose a stay of discovery.  Therefore, any prejudice to Plaintiffs' ability to proceed expeditiously with this case does not weigh heavily in the court's analysis.  Moreover, the court finds that any possible prejudice to Plaintiffs is outweighed by the burden on Defendants if discovery were to proceed.  The Individual Defendants have set forth a thorough argument that they are entitled to qualified immunity from Plaintiffs' § 1983 claims.  *See Rome v. Romero,* 255 F.R.D. 640, 643 (D. Colo. 2004) (noting that "a well-supported claim of qualified immunity should shield a defendant from unnecessary and burdensome discovery.")  Because qualified immunity is meant to free a defendant from the burdens of litigation, proceeding with discovery would necessarily burden the Individual Defendants as the defense would be lost.

The court acknowledges that the entity defendants, Park County and the Park County Commissioners, do not, and indeed cannot, maintain that they are entitled to qualified immunity. *Id.* at 643 (citing *Owen v. City of Independence,* 445 U.S. 622 (1980)) ("The [qualified immunity] defense is available only to individual government officials, not government entities.")  However, under the circumstances presented in this case, the court finds that it would be proper to stay discovery as to these defendants as well, as resolving both pending motions to dismiss "may dispose of the entire action." *Nankivil*, 216 F.R.D. at 692.  Additionally, although Defendants Suthers and McLimans have not joined in the Park County Defendants' Motion to Stay, the court notes that it has recommended that Defendants Suthers and McLimans' separate motion to dismiss (Doc. No. 3, filed Dec. 22, 2011) be granted.  (Doc. No. 21, filed Mar. 2, 2012.)  Thus, Defendants Suthers and McLimans would likewise face an undue burden if forced to proceed with discovery while a Recommendation to dismiss Plaintiffs' claims against them is pending.

As to the third *String Cheese* factor, although the court does have an interest in managing its docket by seeing the case proceed expeditiously, the court finds that any inconvenience that might result from rescheduling the docket is outweighed by the potential waste of judicial resources if discovery were to proceed only to have the case dismissed in its entirety on qualified immunity and other grounds.  Finally, neither the interest of nonparties or the public interest in general prompt the court to reach a different result.

Accordingly, on balance, the court finds that a stay of discovery is appropriate in this case.  Therefore, it is

**ORDERED** that the "Park County Defendants' Unopposed Motion for a Stay Pending Resolution of Defendants' Motion to Dismiss [Docket Nos. 14 and 15]" (Doc. No. 27) is **GRANTED**. All discovery in this matter is hereby **STAYED** pending ruling on the "Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)" (Doc. No. 14) and the "Individual Defendants' Motion to Dismiss" (Doc. No. 15).

It is further

**ORDERED** that the "Park County Defendants' Unopposed Motion to Vacate Scheduling Conference and Suspend Disclosure Deadlines" (Doc. No. 29) is **GRANTED**. The Scheduling Conference set for March 20, 2012 is **VACATED**. The parties shall file a joint status report within ten day of a ruling on the motions to dismiss, if any portion of the case remains pending, to advise if the Scheduling Conference should be reset.

Dated this 15th day of March, 2012.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge