IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| Civil Action No. 11-cv-03238-PAB-KMT ) | |
| ) | |
| **Samuel M Walker, pro se** ) | FILED |
| **Diane H Walker, pro se** ) | UNITED STATES DISTRICT COURT |
| ) | DENVER, COLORADO |
| **Plaintiffs,** ) | **Mar 27, 2012** |
| ) | GREGORY C. LANGHAM, CLERK |
| v ) | |
| ) | |
| **Fred Wegener, et al.** ) | |
| ) | |
| **Defendants** ) | |
| ) | |

**PLAINTIFFS' ANSWER TO DEFENDANTS MOTION TO DISMISS PURSUANT
TO FED.R.CIV.P. 12(B)(6)**

Plaintiffs', Samuel M Walker, pro se and Diane H Walker, pro se, hereby submit their Answer to Defendants Motion to Dismiss pursuant to Fed.R.Civ.P. 12 (b)(6) and in support thereof state the following:

### I.  INTRODUCTION

Plaintiffs' complaint should not be dismissed for five reasons.  First, Plaintiffs' claims against Park County, the Park County Commissioners, and the official capacity claims against the individual defendants state a claim under 42 U.S.C. Sec 1983 due to a deprivation of Plaintiffs' Constitutionally guaranteed rights pursuant to an official policy or custom.  Second, all of the Plaintiffs' claims against all Defendants are NOT barred by Heck v Humphrey, which precludes all claims by criminal defendants in a subsequent civil proceeding following a guilty plea in a criminal proceeding, because Heck v Humphrey is not applicable to this case.  Third, Plaintiffs' §1983 claims relate to Eighth

Amendment violations associated with excessive bonding and resulting cruel and unusual punishment.  Fourth, Plaintiffs' claims related to Miranda violations by all defendants give rise to a §1983 claim due to Constitutional Rights guaranteed by the 5th Amendment. And finally, Plaintiffs' claims reflecting defendants' violations of Federal criminal statutes have been withdrawn from this cause of action as part of our first amended complaint.  For Plaintiffs' to overcome Defendants motions to dismiss, a one-time amended complaint is being submitted to the court for "the court's leave" in accordance with Fed.R.Civ.P 15(a)(2).

II. STANDARD OF REVIEW

III. **Plaintiffs' §1983 claims against the County (Park County), Board of County Commissioners, and individual Defendants in their official capacity are valid claims due to a Constitutional Rights deprivation pursuant to a Policy or custom established by the Sheriff and executed by the Sheriff's employees on behalf of the county.**

Plaintiffs' have included rights deprivations due to a Policy or custom with particularity in our claims beginning at line 213.  The Board of County Commissioners approved Resolutions (2009-07) for Animal control execution, which has its own problems, is unconstitutional as cited in your motion at V, was selectively followed by the Sheriff's office who established Policy for the department as the senior executive.  As stated by Defendants, the rights deprivation occurred pursuant to official policy by both the commissioners and the

sheriff. Of the many different violations claimed, the one attitude displayed itself throughout the proceedings—Deliberate Indifference. Though this term is associated with 8th or the 14th amendment violations, it was demonstrated in all areas of the activities and made very clear when all our due process rights were systematically denied to us. The due process clause promotes fairness in decisions. *Daniels v Williams, 475 US 327, 106 S.Ct.662 (1986).* The municipal entity may be held liable. The excessive fines and fees violated 8th amendment. See Defense Motion item V. With our constitutional challenge of the state statutes 18-9-202 and 202.5 and our Answers at V and VI, and our amended complaint claims section starting at 213 we believe we have demonstrated enough information to get us to Discovery for all the details.

### IV. Plaintiffs' claims are not barred by virtue of their guilty pleas.

It is true, Plaintiffs' entered a guilty plea as well documented by Defendants motion to dismiss. To date these convictions have not been challenged by a 35c action, yet the extensive dissertation on Heck v Humphrey has no bearing on the case at bar.

As extensively stated by Defense counsel, Heck v Humphrey held that a §1983 claim must be dismissed if it would call into question the validity of a state court judgement of conviction in a criminal case. *Heck v Humphrey, 512 U.S. 477, 487, 114 S.Ct. 236, 129 L.Ed.2d 383 (1994).* Also stated by the Defense, "under Colorado law, a criminal defendant is precluded from re-litigating his/[her] conviction in a subsequent civil case under the doctrine of collateral estoppel. *Allen v Martin, 203 P.3d 546, 560 (Colo App 2008)*" **Pp 6**.

Plaintiffs' have not challenged the validity of their convictions to date, but

the issue in question is whether or not the doctrine of collateral estoppel precludes Plaintiffs' suit under §1983 on other issues.

The U.S. Supreme Court must apply the preclusion laws applicable to each state to each case at bar. Haring v Prosise, 462 U.S. 306 (1983). Colorado law establishes three interrelated doctrines regarding the finality of judgement: issue preclusion; claim preclusion; and law of the case. *Farmers High Line Canal & Reservoir Co v City of Golden, 975 P.2d 189, 196 n.11 (Colo. 1999).*

Issue preclusion, formerly referred to as collateral estoppel, is a derivative of the doctrine of claim preclusion, formerly referred to as res judicata. *El Paso County Dept of Social Services v Donn, 865 P.2d 396 (Colo 1974).* Claim preclusion and the law of the case belong to the same family of principle contemplating the termination of an issue when it arises again in the same case (for law of the case) or in subsequent, related litigation (for claim preclusion). *Id, citing Verzuh v Rouse, 660 P2.d 1301 (Colo App 1982).* The doctrine of issue preclusion or collateral estoppel provides that a court's final decision on an issue actually litigated and necessarily decided in a previous suit is conclusive of that issue in a subsequent suit. *Rantz v Kaufman, 109 P3.d 132, 138 (Colo 2005).* This doctrine is intended to relieve parties of the cost of vexation of multiple lawsuits, conserve judicial resources, and by preventing inconsistent decisions [and] encourage reliance on adjudication. *Bebo Const Co v Mattox & O'Brien, PC, 990 P.2d 78, 84 (Colo 1999).*

Issue preclusion is both broader and narrower than claim preclusion— broader in that it applies to claims for relief different from those litigated in the

first action and narrower in that it applies only to issues actually litigated. *Rantz, supra note 4 at 138-139; City and County of Denver v Block 173 Assocs, 814 P.2d 824, 831 (Colo 1991).*

In Colorado, issue preclusion bars re-litigation of an issue if: 1) the issue precluded is identical to an issue actually determined in the prior proceeding; 2) the party against whom estoppel is sought was a party to or was in privity with a party to the prior proceeding; 3) there was final judgement on the merits in the prior proceeding; and 4) the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issues in the prior proceeding. *Bebo Const, supra note 5 @ 84-85.*

With respect to the first element, the issue to be precluded must be identical to the issue that was actually determined in the prior action. *Michaelson v Michaelson, 884 P.2d 695, 702 (Colo 1994).* The Actually Determined element looks at whether the issue was actually raised and necessarily adjudicated. *Bennet College v United Bank of Denver, 799 P.2d 364, 366 (Colo 1990).* For the issue to be actually raised, appropriate pleading must have asserted the issue. *Michaelson, supra note 15 at 701.* The issue actually raised must have been submitted for determination and then actually determined by the adjudicatory body. *Restatement (Second) of Judgement Sec 27,cmt.d.* An issue is necessarily adjudicated when a determination on an issue is necessary to the judgement. *Bebo Constr., supra note 5 at 86.*

With respect to both Plaintiffs', their respective counsels submitted motions to suppress due to unlawful searches and seizures (in county case file).

However, with the acceptance of a plea no other issue was determined nor adjudicated.

The U.S. Supreme Court decided, among many other things, the following: It may not be assumed that a guilty plea is based on a determination that he would b unable to prevail on a motion to suppress evidence, since a decision to plead guilty may have any number of other motivations. Cf Tollett v Henderson, 411 U.S. 258, 263, 268 (1973). The legality of the search…was not actually litigated…. The criminal proceedings did not actually decide…any issue on which he must prevail in order to establish his 1983 claims. None of the issues in the 1983 action could have been 'necessarily' determined in the criminal proceedings. 462 U.S. 306, 316-317 (1983).

Finally, [Plaintiffs'] convictions [guilty pleas] in state court does not preclude [them] from now seeking to recover damages under 42 U.S.C. 1983 for alleged Fourth Amendment [or other Constitutional] violations that [were] never considered in the state proceedings. Haring v Prosise, 462 U.S. 306 (1983). Therefore, Plaintiffs' claims are not barred by Heck v Humphrey since we are not re-litigating our guilty pleas.

**V. Plaintiffs' state their Eighth Amendment Claim with specificity from our Amended Complaint.**

Our amended complaint at count 2 line 222 and beyond, addresses the particulars of the Eighth Amendment violations. In the simplest of terms, the bonding statute 18-9-202.5 CRS and the county resolution 2009-07, defining fees and fines, are unconstitutional due to excessive fees, excessive fines, excessive bail (bond), any one

creates a cruel and unusual punishment to an alleged offender. "We conclude that such a forfeiture would be grossly disproportional to the gravity of the offense". *U.S. v Bajakjian, 524 US 321 (1998)*. Also, "Both these principles [appropriate punishment for an offense (legislative) and the gravity of a particular offense (judicial)] counsel against requiring strict proportionality between the amount of a punitive forfeiture and the gravity of a criminal offense, we therefore adopt the standard of gross disproportionality articulated in Cruel and Unusual Punishment Clause precedents. *Solem v Helm, 463 US 277, 288 (1983) and Rummel v Estelle, 445 US 263, 271 (1980)*.

Had the Walkers (Plaintiffs) bonded their dogs without coercion by county officials, the monthly costs would have cost $64,000.00 per month for 100 dogs, putting it at $720,000.00 per year without a finding of guilt. This was excessive. A case in Kentucky declared, "[to] permanently deprive a pet owner of his property, absent a finding of guilt, is unconstitutional". *Judge Simpson, US District Court, Western District of Kentucky (case CV-230-S.*

Therefore, Plaintiffs assert we have a claim worthy of litigation.

## VI. Plaintiffs' can assert a section 1983 claim if incriminating evidence used by law enforcement violates their Fifth Amendment rights due to failure to provide a Miranda Warning.

For Plaintiffs' to assert a self incrimination Fifth Amendment violation, the six mandatory elements for the Miranda Warning must be met. Those are: 1) Evidence must have been gathered. 5th *and Malloy v Hogan, 378 US 1 (1964)*; 2) Evidence must be

testimonial. *Miranda v Arizona, 384 US 436 (1996), California v Hodari D, 499 US 621, 626 (1991)*; 3) Evidence obtained while in custody. Cite same as 3; 4) Evidence a product of interrogation. *Rhode Island v Innis, 446 US 291 (1980)*; 5) Interrogation by state agents. *Escobedo v Perkins, 378 US 478 (1964), Illinois v Perkins, 110 Ct 2394 (1990), Walter v US, 447 US 649 (1980)*; and 6) Evidence offered by state during criminal prosecution. 5th *wrt to compelled statements*.

Evidence was gathered, the substance of this suit. Evidence was testimonial at para 101. Must be in custody at 99. Product of interrogation at 100. Conducted by state agents (county) at 100. And Evidence offered in criminal prosecution, ACO reports and basis of this 1983 complaint. Plaintiffs were advised to seek an attorney by Priestly at 119. There was no reason the Miranda Warning was not given other than failure of Wegener training program or incompetence of the officers- which is entirely possible. Defendants counsel asserts all we had to do was exclude the statements at trial-as we all know we never got that far. All the Miranda elements were met, and Plaintiffs' assert we have specified the elements of our claim with particularity in our claim.

VII. **Violations to the Federal Criminal Statutes have been removed from Plaintiffs' amended complaint.**

Respectfully submitted,

Samuel M Walker
POB 14085
Colorado Springs, CO 80914
703-674-8890 (c)

~~signed under separate cover~~
Diane H Walker
POB 59
Florissant, CO 80816
719-330-7325 (cell)

## CERTIFICATE OF SERVICE

This is to certify that I have duly served the *Answer to Rule 12(b)(6)* ~~unopposed Motion to Enlarge Time~~ to Answer Defendants Motions to Dismiss upon all parties or representing attorneys herein by depositing of same in the United States mail, first-class postage prepaid, at _Colorado Spgs_ Colorado, this ~~8th~~ 26th day of ~~February~~ March 2012 addressed as follows:

_____
Name:
Address:

Fowler, Schimberg & Flanagan, PC
1640 Grant Street,   Suite 150
Denver, CO 80203

Herbert C (Lee) Phillips, Esq.
Park County Attorney
Hayes, Phillips, Hoffman & Carberry, PC
POB 1046
675 Main Street
Fairplay, CO 80440

✓ US District Court
901 19th St, Room A-105
Denver, CO 80294-3589

Kathleen L. Spalding, Esq.
Senior Assistant Attorney General
Office of the Attorney General
1525 Sherman Street, 7th Floor
Denver, CO 80203