IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03238-PAB-KMT     )
                                          )
Samuel M Walker, pro se                   )          FILED
Diane H Walker, pro se                    )   UNITED STATES DISTRICT COURT
                                          )        DENVER, COLORADO
                                          )
Plaintiffs,                               )         **Mar 27, 2012**
                                          )   GREGORY C. LANGHAM, CLERK
                                          )
v                                         )
                                          )
Fred Wegener, et al.                      )
                                          )
Defendants                                )
                                          )

**PLAINTIFFS' ANSWER TO DEFENDANTS MOTION TO DISMISS PURSUANT
TO FED.R.CIV.P. 12(B)(1)**

Plaintiffs', Samuel M Walker, pro se and Diane H Walker, pro se, hereby submit their Answer to Defendants Motion to Dismiss pursuant to Fed.R.Civ.P. 12 (b)(1) and in support thereof state the following:

## I. INTRODUCTION

Plaintiffs' are shocked and grossly offended with Defendants opening Introduction. They started with yellow journalism terms to express an emotional outburst when they used the media hype used by the Park County Sheriff's officials to incite the local community over our case. It was staged. The photo enclosed in the Motions documentation was also staged.

However, the religious slur used by Defense counsel and their firms blatant unprofessional conduct violated both the Federal Rules of Civil Procedure as well as the Colorado Court Rules which specifies attorney and Law Firm conduct in ANY

court proceeding. The term "Chutzpah" is a Yiddish term from Hebrew basically beyond reasonable bounds in society…..I take issue with the term, and I feel that the Defense attorneys are trying to compromise the court against the Plaintiff litigants. Plead the facts that you supposedly learned in Law School many years ago and keep the emotions out of it. The section 1983 process is a civil action between a citizen of this country against an enforcement governmental agency that we allege committed crimes that violated our constitutional rights. Let's litigate the facts!! I'll let the court on its own initiative determine if sanctions are in order IAW Rule 11.

    A. **Law Enforcement Defendants did violate clearly established Fourth Amendment Right.**

        1. **Exigent Circumstances.** There weren't any. Animal control finished their cigarettes, stopped for several hours at the home office then proceeded casually to do their standard warrantless "legal" search. This is a policy and practice. We only have a few ways to fight this kind of conduct.

        2. **Law Enforcement did NOT have Third Party Consent.** At the time Brian Whalen escorted county official onto the property, he no longer had third part consent. He was trespassing the same as the law enforcement officials were doing. He had an oral contract with Plaintiff Sam Walker with a fiduciary duty to perform.

He failed in his duty. He only took out a limited amount of water, as he documented in an interview with Officer Priestly. The other caretaker also

failed, so by the time law enforcement engaged, the dogs had not received water for two and a half days. It could not be determined when the last time the dogs had actually been fed but as custodians of the dogs, the caretakers were culpable. Law enforcement also documented the dogs had no food or water and one dog had no shelter. How could that be? The caretakers were experts at what they do. Brian Whalen quit and abandoned the dogs and then became a "whistle blower"/informant and was now immune from prosecution from these same enforcement officials charging me with his crimes. Brian Whalen stole my dogs, hundreds of pounds of dog food, hardware and equipment in concert with a co conspirator another care taker. He thinks he's a hero. He took my property without paying for any of it…that's conversion at the least and theft at the most yet it was condoned by the people doing the "serving and protecting".

B. **Law Enforcement violated Clearly Established Fifth and Fourteenth Amendment Rights.**

Related to 18-9-202 and 18-9-202.5. They deny due process rights. You intentionally missed the point.

My claim also includes theft of my personal property by law enforcement officials, caretakers and volunteers which has nothing to do with dogs and 18-9-202 and 202.5.

C. **Law Enforcement Officers violated Clearly Established Rights under the eighth Amendment.**

There is limited case law regarding excessive fines and bails but there is extensive

case law that addresses cruel and unusual punishment. Because a very limited number of cases litigates the first two clauses of the 8th amendment, and the Supreme Court also linked them to the third clause as follows:

> Our amended complaint at count 2 line 222 and beyond, addresses the particulars of the Eighth Amendment violations. In the simplest of terms, the bonding statute 18-9-202.5 CRS and the county resolution 2009-07, defining fees and fines, are unconstitutional due to excessive fees, excessive fines, excessive bail (bond), any one creates a cruel and unusual punishment to an alleged offender. "We conclude that such a forfeiture would be grossly disproportional to the gravity of the offense". U.S. v Bajakjian, 524 US 321 (1998). Also, "Both these principles [appropriate punishment for an offense (legislative) and the gravity of a particular offense (judicial)] counsel against requiring strict proportionality between the amount of a punitive forfeiture and the gravity of a criminal offense, we therefore adopt the standard of gross disproportionality articulated in Cruel and Unusual Punishment Clause precedents. *Solem v Helm, 463 US 277, 288 (1983) and Rummel v Estelle, 445 US 263, 271 (1980).*
>
> Had the Walkers (Plaintiffs) bonded their dogs without coercion by county officials, the monthly costs would have cost $64,000.00 per month for 100 dogs, putting it at $720,000.00 per year without a finding of guilt. This was excessive. A case in Kentucky declared, "[to] permanently deprive a pet owner of his property, absent a finding of guilt, is unconstitutional". *Judge Simpson, US District Court, Western District of Kentucky (case CV-230-S.*
>
> Therefore, Plaintiffs assert Park County Law Enforcement Officers are not

entitled to qualified Immunity.

D. **Law Enforcement did violate clearly established rights under Miranda.**

Defendants have failed to assert an affirmative defense for qualified immunity in this pleading, Motion to Dismiss based upon government officials are entitled to qualified immunity. Thank you. In the Rule 12(b)(6) Motion we amended our complaint and have asserted we have stated our claim and below assert the county met the mandatory six items required for Miranda to apply to our case.

For Plaintiffs' to assert a self incrimination Fifth Amendment violation, the six mandatory elements for the Miranda Warning must be met. Those are: 1) Evidence must have been gathered. 5th *and Malloy v Hogan, 378 US 1 (1964)*; 2) Evidence must be testimonial. *Miranda v Arizona, 384 US 436 (1996), California v Hodari D, 499 US 621, 626 (1991)*; 3) Evidence obtained while in custody. Cite same as 3; 4) Evidence a product of interrogation. *Rhode Island v Innis, 446 US 291 (1980)*; 5) Interrogation by state agents. *Escobedo v Perkins, 378 US 478 (1964), Illinois v Perkins, 110 Ct 2394 (1990), Walter v US, 447 US 649 (1980)*; and 6) Evidence offered by state during criminal prosecution. 5th *wrt to compelled statements.*

Evidence was gathered, the substance of this suit. Evidence was testimonial at para 101. Must be in custody at 99. Product of interrogation at 100. Conducted by state agents (county) at 100. And Evidence offered in criminal prosecution, ACO reports and basis of this 1983 complaint. Plaintiffs were advised to seek an attorney by Priestly at 119. There was no reason the Miranda Warning was not given other than failure of Wegener training program or incompetence of the officers- which is entirely possible. Defendants counsel asserts all we had to do was exclude the statements at trial-as we all

know we never got that far. All the Miranda elements were met, and Plaintiffs' assert we have specified the elements of our claim with particularity in our claim.

Plaintiffs' now assert that Park County Law Enforcement officers are NOT entitled to qualified immunity, even though they did not assert it as an affirmative defense.

E. **Plaintiffs' have withdrawn any claims associated with Park County Sheriff's officials violations of Federal Criminal Statutes.**


Respectfully submitted,

_____
Samuel M Walker
POB 14085
Colorado Springs, CO 80914
703-674-8890 (c)

signed under separate cover
Diane H Walker
POB 59
Florissant, CO 80816
719-330-7325 (cell)

## CERTIFICATE OF SERVICE

    This is to certify that I have duly served the Answer to Defendants Motion to Dismiss IAW Rule 12(b) (1) upon all parties or representing attorneys herein by depositing of same in the United States mail, first-class postage prepaid, at ___Colorado Springs___, Colorado, this 26th day of March 2012 addressed as follows:

                                                              _____
                                                              Name:
                                                              Address:

| | |
|---|---|
| Fowler, Schimberg & Flanagan, PC<br>1640 Grant Street,    Suite 150<br>Denver, CO 80203 | ✓ US District Court<br>901 19th St, Room A-105<br>Denver, CO 80294-3589 |
| Herbert C (Lee) Phillips, Esq.<br>Park County Attorney<br>Hayes, Phillips, Hoffman & Carberry, PC<br>POB 1046<br>675 Main Street<br>Fairplay, CO 80440 | Kathleen L. Spalding, Esq.<br>Senior Assistant Attorney General<br>Office of the Attorney General<br>1525 Sherman Street, 7th Floor<br>Denver, CO 80203 |