**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.        11-cv-03238-PAB-KMT

SAMUEL M. WALKER, pro se
DIANE H. WALKER, pro se

Plaintiffs,

v.

FRED WEGENER, individual and official capacity
BOBBY PRIESTLY, individual and official capacity
CINDY HARDEY, individual and official capacity
REBECCA BRAMLETT, individual and official capacity
AMY FRANCK, individual and official capacity
JUAN GALLEGOS, individual and official capacity
DEP. SGT. BROWN, individual and official capacity
PARK COUNTY
PARK COUNTY COMMISSIONERS
ATTORNEY GENERAL, COLORADO, official capacity
COURT CLERK, individual and official capacity

Defendants.

---

**PARK COUNTY DEFENDANTS' RESPONSE TO THE MOTION TO AMEND**

---

Defendants, Fred Wegener, Bobby (sic) Priestly, Cindy Hardey, Rebecca Bramlett, Amy Franck, Juan Gallegos, Dep. Sgt. Brown, Park County, and Park County Commissioners, by and through Timothy P. Schimberg and Andrew R. McLetchie of Fowler, Schimberg & Flanagan, P.C., hereby submit their Response to the Motion to Amend as follows:

1.       Plaintiffs' attempt to amend their Complaint as a matter of right pursuant to Fed.R.Civ.P. 15(a)(1).  Previously, a plaintiff was allowed to amend his complaint as a matter of right one time before a "responsive pleading" was filed under Fed.R.Civ.P. 15(a)(1).  *See e.g., Adams v. Campbell County School District,* 483 F.2d 1351 (10th Cir. 1973).  Under the case law

construing the previous version of Fed.R.Civ.P. 15(a)(1), a motion to dismiss was not considered "a responsive pleading."  *See, e.g., id.*  Therefore, previously, if a defendant filed a motion to dismiss, plaintiff could amend the complaint as a matter of right after the filing of a motion to dismiss.  *Id.*  However, Fed.R.Civ.P. 15(a) was recently amended.  The rule now provides:

> **(a) Amendments Before Trial.**
> **(1)** ***Amending as a Matter of Course.***  A party may amend its pleading once as a matter of course within:
>   (A)  21 days after serving it, or
>   (B)  if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading **or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.**
> **(2)** ***Other Amendments.***  In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires.
> **(3)** ***Time to Respond.***  Unless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later.  (emphasis added)

Therefore, Defendants submit that the recent amendments to Rule 15 supersede the case law regarding this issue.[1]  *See In re Legal Axtranet, Inc.,* 2011 WL 365276 (Bkrptcy.W.D.Tex. 2011) (noting the import of the amendments to Rule 15 effective of December 1, 2009).

2.      In this case, the Defendants, Fred Wegener, Bobby (sic) Priestly, Cindy Hardey, Rebecca Bramlett, and Dep. Sgt. Brown, filed a Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(1) on January 23, 2012.  Defendants Park County (sic), the Park County Commissioners (sic), Fred Wegener, Bobby (sic) Priestly, Cindy Hardey, Rebecca Bramlett, and Dep. Sgt. Brown filed a Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(6) on January 23, 2012.  Therefore, any amendment as a matter of right needed to be filed by February 13, 2012.

---

[1] Undersigned counsel has not been able to locate authority that so holds.

Plaintiffs did not file the Motion or proposed First Amended Complaint until March 27, 2012, which is 43 days late.

3.      Plaintiffs did not seek to amend their Complaint as a matter of right under Fed.R.Civ.P. 15(a)(1) within 21 days after service of the Rule 12(b) Motions.  Accordingly, Plaintiffs may not amend their Complaint once as a matter of right under Fed.R.Civ.P. 15(a) in this case.  Instead, Plaintiffs must seek leave to amend the Complaint pursuant to Fed.R.Civ.P. 15(a)(2).

4.      Denial of a motion for leave to amend the complaint is within the discretion of the trial court and its decision will not be disturbed on appeal absence an abuse of discretion.  *See Jefferson County School District No. R-1 v. Moody's Investors Services, Inc.,* 175 F.3d 848, 859 (10th Cir. 1999).  Although leave to amend under Fed.R.Civ.P. 15(a) should be freely given, a court may deny leave to amend where amendment would be futile.  *Id.*  A proposed amendment is futile if the complaint, as amended, would still be subject to dismissal.  *Id.* (citing *TV Communications Network, Inc. v. Turner Network Television, Inc.,* 964 F.2d 1022, 1028 (10th Cir. 1992).  In this case, for all the reasons set forth above, the Court should construe Plaintiffs' Motion for Leave as being filed under Fed.R.Civ.P. 15(a)(2).  The Court should deny the Motion for Leave because it is futile.

5.      For all of the reasons discussed in the Reply in Support of the Park County Defendants' Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(6), the allegations contained in the proposed Amended Complaint are futile because even if the proposed Amended Complaint was accepted by the Court, the Complaint would still be subject to dismissal under Fed.R.Civ.P. 12(b)(6).

6.      Additionally, for all of the reasons discussed in the Individual Defendants'
Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(1), the proposed amendments are futile
because even if the amendments were accepted as true by the Court, these Defendants would be
entitled to qualified immunity for all claims pled.

7.      Plaintiffs also seek to add the Park County Commissioners, in their individual and
official capacities, as Defendants.  *See e.g.,* proposed Amended Complaint at ¶¶ 17-19.  The
individual Park County Commissioners are John Tighe, Dick Hodges, and Mark Dowaliby.
Outside of ¶¶ 17-19, Plaintiffs do nothing to articulate how these County Commissioners could
be liable in either their individual or official capacity.  To the extent Plaintiffs are attempting to
assert claims against them in their official capacity, the claims should be dismissed for all of the
reasons set forth in Defendants' Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(6) and the
contemporaneously filed Reply in support of that Motion.  To the extent Plaintiffs are attempting
to assert claims against these commissioners in their individual capacity, the proposed Amended
Complaint is devoid of any allegations that would give rise to such liability.  As such, the
proposed amendment is futile because it does not contain allegations that rise above the
speculative level.  *See Bell Atlantic v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 129
S.Ct. 1937, 1949 (2009).  In any event, these County Commissioners would be absolutely
immune from suit under the doctrine of legislative immunity.  *See Grey's Church of Rolling
Fork Valley v. Board of County Commissioners,* 742 F.Supp. 1156, 1168 (D.Colo. 2010) (citing
*B Street Commons, Inc. v. Board of County Commissioners,* 835 F.Supp. 1266 (D.Colo. 1993)
(county commissioners are entitled to absolute immunity from liability for damages for enacting
legislation determined to be unconstitutional).  To the extent Plaintiffs are making allegations

that the County Commissioners did something inappropriate in a *quasi* judicial function, the individual board members are also entitled to *quasi* judicial immunity. *See id.* Accordingly, Plaintiffs Motion for Leave to Amend as it relates to the individual County Commissioners should be denied as futile.

8.      Accordingly, for all of the reasons set forth herein, and the contemporaneously filed Replies in Support of the Motions to Dismiss, Plaintiffs' request for leave to amend the Complaint should be denied as futile.

Respectfully submitted this 4th day of May, 2012.

                                        s/Timothy P. Schimberg
                                        Timothy P. Schimberg
                                        Andrew R. McLetchie
                                        FOWLER, SCHIMBERG & FLANAGAN, P.C.
                                        1640 Grant Street, Suite 150
                                        Denver, Colorado 80203
                                        (303) 298-8603
                                        ATTORNEYS FOR PARK COUNTY
                                        DEFENDANTS

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this 4th day of May, 2012, I caused a true and correct copy of the foregoing **PARK COUNTY DEFENDANTS' RESPONSE TO THE MOTION TO AMEND** to be filed via the ECF system, with notice of same being electronically served to the following:

Herbert C. (Lee) Phillips, Esq.
Park County Attorney
Hayes, Phillips, Hoffman & Carberry, P.C.
P.O. Box 1046
675 Main Street
Fairplay, CO 80440


Transmitted via email and First Class U.S. Mail, proper postage prepaid, to the following:

Samuel M. Walker
Diane H. Walker
P.O. Box 59
Florissant, CO 80816
elksky@gmail.com
*Pro Se* **Plaintiffs**


s/Leslie Johnson
Leslie Johnson