**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.   11-cv-03238-PAB-KMT

SAMUEL M. WALKER, pro se
DIANE H. WALKER, pro se

Plaintiffs,

v.

FRED WEGENER, individual and official capacity
BOBBY PRIESTLY, individual and official capacity
CINDY HARDEY, individual and official capacity
REBECCA BRAMLETT, individual and official capacity
AMY FRANCK, individual and official capacity
JUAN GALLEGOS, individual and official capacity
DEP. SGT. BROWN, individual and official capacity
PARK COUNTY
PARK COUNTY COMMISSIONERS
ATTORNEY GENERAL, COLORADO, official capacity
COURT CLERK, individual and official capacity

Defendants.

---

**INDIVIDUAL DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS**
**PURSUANT TO FED.R.CIV.P. 12(B)(1)**

---

The individual Defendants, Fred Wegener, Bobby (sic) Priestly, Cindy Hardey, Rebecca Bramlett, Amy Franck, Juan Gallegos, and Dep. Sgt. Brown, by and through Timothy P. Schimberg and Andrew R. McLetchie of Fowler, Schimberg & Flanagan, P.C., hereby submit their Reply in Support of Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(1) as follows:

**I.  INTRODUCTION**

In the Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(1), the law enforcement officers established that they are entitled to qualified immunity in connection with their search of

Plaintiffs' property and subsequent seizure of dogs that were starving, sick, dead, and dying. Plaintiff, Samuel Walker, pled guilty to felony animal cruelty and Plaintiff, Diane Walker, pled guilty to misdemeanor animal cruelty in connection with the charges that arose from this search and seizure. Plaintiffs claim that the law enforcement officers violated their Fourth Amendment rights, Fifth and Fourteenth Amendment rights, and various federal statutes. The Complaint also made fleeting reference to the Eighth Amendment, which has now been further amplified in a proposed Amended Complaint and Plaintiffs' Response to the Motion.

In Response, Plaintiffs make a number of conclusory and unavailing arguments.[1] With respect to the Fourth Amendment claims, Plaintiffs make conclusory arguments that there were no exigent circumstances to justify the search. Plaintiffs further argue that there was no third party consent to justify the initial search. Next, Plaintiffs claim that Defendants violated the Fifth and Fourteenth Amendments because C.R.S. §§ 18-19-202 and 18-19-202.5, the statutes pursuant to which the dogs were seized, are unconstitutional because the statutes denied Plaintiffs due process. Plaintiffs also make a vague and unsubstantiated argument to the effect that some unknown Defendants also stole personal property. Then, notwithstanding case law that clearly holds their can be no § 1983 claim for a violation of *Miranda*, Plaintiffs go on to address their *Miranda* claim. Finally, Plaintiffs withdraw all claims associated with alleged violations of various federal statutes. Each of Plaintiffs' arguments is unavailing and should be

---

[1] Plaintiffs also criticize undersigned counsel for using the term "*chutzpah*," which Plaintiffs style as a "religious slur." Based on a Westlaw search, over 483 cases, published and unpublished, used the term *chutzpah*, to include recent published cases by both the Tenth Circuit and the United States Supreme Court. Plaintiffs are correct that the term was originally Yiddish, but clearly the term is not, as Plaintiffs suggest, "beyond reasonable bounds in society." Although the term my originally be Yiddish, because America is a melting pot, it has crept its way into the lexicon. Further, given Plaintiffs' deplorable treatment of the dogs in this case and their guilty pleas related to the same, it is difficult to find other words to express the audacity that Plaintiffs have in suing the law enforcement officers that rescued these dogs. It is quintessential *chutzpah*.

2

rejected for the reasons discussed below. Accordingly, the Court should dismiss the claims against the individual Defendants because they are entitled to qualified immunity.

## II. THE INDIVIDUAL DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY

Once a § 1983 defendant asserts a qualified immunity defense, the plaintiff is required to show that, (1) the defendant violated a constitutional or statutory right; and (2) the right violated was clearly established when the violation occurred. *See Olson v. Layton Hills Mall,* 312 F.3d 1304, 1312 (10th Cir. 2002). For a right to be clearly established, there must be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of the authorities from other courts must have found the law to be as plaintiff maintains. *Medina v. City and County of Denver,* 960 F.2d 1493, 1498 (10th Cir. 1992). Therefore, the Court must determine whether the conduct was objectively reasonable in light of clearly established law at the time it took place. *See Anderson v. Creighton,* 483 U.S. 635, 639-40 (1987). When analyzing this issue, it is important to be mindful that the burden rests squarely with Plaintiffs. *Id.* More importantly, when resolving this issue, the Court may consider the Complaint, affidavits, deposition testimony, and other materials outside of the Complaint. *See U.S. Synthetic Corporation v. Reed Hycalog, Ltd.,* 407 F.Supp.2d 1274, 1276-77 (D.Utah 2005) (citing *United States v. Spectrum Emergency Care, Inc.,* 190 F.3d 1156, 1160 n.5 (10th Cir. 1999)). The Court may not presume the truthfulness of the factual allegations in the Complaint and may consider other evidence to resolve disputed jurisdictional facts. *SK Finance SA v. La Plata County Board of County*

3

*Commissioners,* 126 F.3d 1272 (10th Cir. 1997) (citing *Holt v. United States,* 46 F.3d 1000, 1003 (10th Cir. 1995)).[2]

## III.  THE ALLEGATIONS OF THE FIRST AMENDED COMPLAINT FAIL TO OVERCOME QUALIFIED IMMUNITY

The proposed First Amended Complaint corrects the spelling of Bobbi Priestly's name. It also futilely attempts to add John Tighe, Dick Hodges, and Mark Dowaliby, Park County Commissioners, in their individual and official capacities as parties.  Many of the new allegations are directed to the Attorney General and Clerk of the Court who have already been dismissed by separate order.  The First Amended Complaint makes the following new allegations and/or amends previous allegations.  (Where a Paragraph is contained in the original Complaint, but is amended, the amendments are contained in italics):

17. John Tighe, Park County Commissioner for District 1, employed by Park County, is a citizen of the State of Colorado, is at all times material to the allegations in this complaint, acting individually and in his official capacity in the governing body of Park County, and was acting under color of state law.

18. Dick Hodges, Park County Commissioner for District 2, employed by Park County, is a citizen of the State of Colorado, is at all times material to the allegations in this complaint, acting individually and in his official capacity in the governing body of Park County, and was acting under color of state law.

19. Mark Dowaliby, Park County Commissioner for District 3, employed by Park County, is a citizen of the State of Colorado, is at all times material to the allegations in this complaint, acting individually and in his official capacity in the governing body of Park County, and was acting under color of state law.

---

[2] For instance, in the "Answer to Defendants' Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(1)," Plaintiffs claim that the photographs cited in the Motion were "staged."  This allegation is not contained in the proposed Amended Complaint.  It is not subscribed to under oath.  The Court does not have to accept incredible claims such as this and can weigh evidence to determine jurisdictional facts.

106. On December 16, 2009, Priestly stated all dogs taken would require approximately *$640/month* bond per dog in accordance with an amount determined by Park County.

196. The Park County Court Clerk, Debra McLimans, has the administrative duty to monitor and timely update the county Restitution balances.

197. *The* Park County Combined Court Clerk is required to *timely* certify Restitution balances *at the court of record* for Defendants.

198. Park County Combined Court Clerk, *McLimans*, failed to ensure the Walker's Restitution balance was correct throughout the life of the balance.

199. McLimans failed to provide notice in March 2011 to Plaintiff, Sam Walker, prior to seizure of his portion of the 2010 state tax refund filed jointly.

200. McLimans unlawfully applied Sam Walker's portion of the joint tax refund in March 2011 to the Plaintiff Diane Walker Restitution balance prior to any restitution ordered by the court to Plaintiff Sam Walker.

201. The Restitution balance was ordered 'joint and several' on June 28, 2011.

202. The Restitution balance was paid to zero on August 4, 2011.

203. Casino's *unlawfully* seized *Sam* Walker property *(winnings)* based upon incorrect balances reflected in the system *in late September 2011*.

204. *The* Restitution balance was zero but the system reported greater than zero.

205. The court clerk, McLimans, failed to certify a zero balance in August 2011.

206. The state Attorney General, John Suthers, had a duty to ensure state statutes are constitutionally compliant.

207. The state Attorney General, John Suthers, failed to ensure the animal cruelty statute, 18-9-202 CRS, was constitutional compliant.

208. The animal seizure provision of 18-9-202 CRS is defective because it is void of a 'notice of seizure and hearing' requirement to the owner of the property.

5

209. The state Attorney General failed to ensure the financial bonding statute, 18-9-202.5 CRS, was constitutionally compliant.

210. The bonding statute is defective because notice is dependent upon the 'citizen' property owner providing 'notice' to the government instead of the notice requirement TO the citizen FROM the government (the notice and hearing requirement by county officials).

211. The bonding statute is defective because it is designed to coerce through intimidation bonding of an animal prior to a finding of guilt.

212. The state Attorney General failed to ensure the numerous intercept statutes (restitution, tax refunds, gambling winnings, etc) xxxxxx CRS, were consistent, linked and constitutionally compliant.

213. Plaintiffs incorporate each and every allegation set forth in paragraphs 1-*212*, as if set forth herein.

216. On December 15, 2009, Defendants, *Wegener, Priestly, Hardey, Bramlett*, acted with willful and wanton conduct in concert and/or conspired together and committed acts designed to deprive Plaintiffs' Sam and Diane Walker of their property which was seized without Due Process *(no Notice, No hearing)* during an unlawful warrantless search and with *deliberate indifference* and callous disregard deprived the Walkers their right to Procedural and Substantive Due Process in violation of the Fourth *(search & seizure)*, Fifth *(no due process, unless taking)*, and Fourteenth Amendments *(no due process)* of the US Constitution. *[removed Eighth Amendment]*

217. Two dogs were seized IAW 18/9/202 and one was placed within 5 days of seizure without due process.

218. Animal inventory sheets were created "after-the-fact" when gender was unknown.

219. Procedures executed were not in accordance with the approved county resolution for Animal Control execution but Defendants Priestly, Hardey, Bramlett operate IAW unwritten policies established by Sheriff Wegener.

222. Plaintiffs incorporate each and every allegation set forth in paragraphs 1-*221*, as if set forth herein.

225. On December 16, 2009, Defendants, *Priestly, Hardey, Bramlett, Franck, Gallegos,* all acted with willful and wanton conduct in concert and/or conspired together and committed act designed to accomplish unreasonable searches and seizures at the property of Plaintiffs, Sam and Diane Walker, in violation of Plaintiffs right to be free from unreasonable searches and seizures in violation of the Fourth Amendment of the United States Constitution.

226. These officials with callous disregard and *deliberate indifference* for her emotional state, demanded Dian Walker bond all the dogs in the kennel for $60,000.00 per month because they were all to be seized creating an unlawful *excessive bail (bonding) with a direct result of* cruel and unusual punishment prior to a conviction.

228. These officials threatened and intimidated Diane Walker *(violated 4th Amend-seizure, 5th & 14th Amend-due process, 8th Amend-excessive bail/fees & cruel and unusual punishment)*, coercing her to sign ownership of our property, the dogs, over to the county without due process.

229. These same Park County officials allowed volunteers and caretakers to unlawfully take Walker personal property while under the control of the warrant (the officials).

230. These same officials failed to advise Plaintiffs of their rights via the Miranda Warning *PRIOR to Diane's open field interrogation while still in the custody of Officer Gallegos* and statements Plaintiff's statements against them in official reports in direct violation and with callous disregard *and deliberate indifference* of Plaintiff's Fifth Amendment rights.

231. These same officials, so anxious to get public exposure to this alleged horrific scene, failed to provide the very things the Plaintiffs' were charged with and the caretakers failed in their duty, were in violation of 35-42-108 CRS, Care of Confined Animal.

235. Plaintiffs incorporate each and every allegation set forth in paragraphs 1-*234*, as if set forth herein.

238. On December 17, 2009, Defendants, *Priestly, Hardey, Bramlett, Franck*, all acted with willful and wanton conduct in concert and/or conspired together and committed acts designed to accomplish unreasonable searches and seizures at the property of Plaintiffs, Sam and Diane Walker, in violation of Plaintiffs right to be free from unreasonable searches and

        seizures in violation of the Fourth Amendment of the United States Constitution.

239. Diane Walker was unlawfully coerced through threats and intimidation to sign a form on *December 16, 2009 which transferred Walker ownership of our dogs to the county and allowed these officials* and others to return on December 17, 2009 *to seize the remaining healthy animals.*

240. This coerced permission is a violation of the 5th Amendment for self-incrimination and a taking without just compensation and a violation of the 5th and 14th for denial of due process.

241. Defendants conspired and acted in concert conducting an unlawful warrantless search and subsequent unlawful seizure of all the remaining *healthy* dogs from the property, seizure of dog good, hardware and equipment without just compensations or due process with callous disregard *and deliberate indifference* for Plaintiff's Constitutional Rights.

242. Defendants conspired and aced with willful and wanton conduct *with deliberate indifference* and in concert and failed to protect and secure Walker property, allowed the crime scene to be compromised by volunteers, omitted, mis-stated *or falsified* events reflected in official reports and representations, and facilitated the transfer and conversion of Walker personal property with callous disregard for Plaintiffs Constitutional rights.

243. During the commission of the above unlawful acts, these defendants were operating under color of Colorado law. The actions described above constitute a violation of 42 U.S.C. Section 1983, Fourth, Fifth, *[removed Eighth]* and Fourteenth Amendments of the U.S. Constitution.

244. Plaintiffs incorporate each and every allegation set forth in paragraphs 1-*244*, as if set forth herein.

248. On January 11, 2010, Defendants, *Priestly, Hardey, Bramlett,* all acted in concert and/or conspired together and committed acts designed to accomplish unreasonable searches and seizures at the property of Plaintiffs, Sam and Diane Walker, in violation of Plaintiffs right to be free from unreasonable searches and seizures in violation of the Fourth Amendment of the United States Constitution.

249. Defendants acted with willful and wanton conduct *with deliberate indifference* and in concert and conspired to willfully exceed the authority and scope of the court approved search and seizure warranty with

unnecessary severity. The ACOs found that deceased dogs specifically described by the warrant on the surface, *but as a result of false testimony by witness Stephens, the ACOs went on a "witch hunt"* and continued to dig up the entire grave yard to search for more dogs not declared in the warrant. They desecrated the grave yard which was hallowed ground, and created a biohazard to the environment, an extreme hazard to local endangered animals, and a direct violation of Federal environmental statutes. These actions with callous disregard *and deliberate indifference,* directly violated the Fourth Amendment of the U.S. Constitution.

250. During the commission of the above unlawful acts, these defendants *(Priestly, Hardey, Bramlett)* were operating under color of Colorado law. The actions described above constitute a violation of 42 U.S.C. Section 1983 *as an illegal search violating the 4th amendment*.

251. Plaintiffs incorporate each and every allegation set forth in paragraphs 1-*251*, as if set forth herein.

255. On December 15, December 16, December 17, 2009, Defendants, *Wegener, Priestly, Hardey, Bramlett,* all acted with willful and wanton conduct in concert and/or conspired together and committed acts designed to accomplish unreasonable searches and seizures at the property of Plaintiffs, Sam and Diane Walker, in violation of Plaintiffs right to be free from unreasonable: searches and seizures in violation of the Fourth Amendment; *excessive bail or fees resulting in cruel and unusual punishment in violation of the Eighth Amendment; and coercion and intimidation to turn over personal property to law enforcement which violates the Fifth Amendment of the United States Constitution.*

256. Defendants *(Wegener, Priestly, Hardey, Bramlett)* acted willfully and knowingly and *with deliberate indifference* and in concert and conspired through threats and intimidation when demanding bonding of all dogs or ownership be transferred to the county. This situation created an unlawful taking of property without Due Process *(5th violation) and excessive bail (bonding) and excessive fines resulting in* Cruel and Unusual Punishment *(8th violation)* prior to a conviction. These Defendants also made numerous materially false and fictitious statements in writing, and concealed material facts. These unlawful acts constitute a violation of 42 U.S.C. Section 1983 and the Fourth, Fifth, Eighth, and Fourteenth Amendments of the U.S. Constitution.

257. Plaintiffs also allege that the Colorado statutes 18-9-202 CRS and 18-9-202.5 CRS are defective and unconstitutional. First: These two statutes are integral to each other yet they are not linked. The seizure statute, 18-

        9-202, fails to provide an due process for notice and hearings for the citizen, and the bonding statute, 18-9-202.5, requires the owner to provide notice to the agency instead of the reverse as required by Due Process demanded by the US Constitution.  Second: The bonding statute, 18-9-202.5, which requires a "seizure bond" is illegal and unconstitutional because it constitutes an unlawful taking of personal property, *an excessive bail (bond) with the direct result of cruel and unusual punishment.*  These unlawful acts constitute a violation of 42 U.S.C. Section 1983 and the Fourth, Fifth, Eighth, and Fourteenth Amendments of the U.S. Constitution.

260. Plaintiffs incorporate each and every allegation set forth in paragraphs 1-*259*, as if set forth herein.

263. Defendant Fred Wegener, in his capacity as County Sheriff of Park County, Colorado with *deliberate indifference and* willful and wanton conduct, implicitly adopted and implemented, *and participated in* careless and reckless policies, customs, or practices, that included, among other things, of allowing employees of the Park County Sheriff's department to conduct warrantless searches and seizures without training to ensure protection of Constitutional Rights of citizens while conducting their enforcement duties.

264. The failure of the Park County Sheriff, Fred Wegener, and the County of Park County, to adequately train and supervise the Defendants Priestly, Hardey, Bramlett, Brown, Franck, and Gallegos amount to a callous and deliberate indifference to the rights of the Walkers to be free from unreasonable searches, seizures, denial of due process, *demanding excessive bail (bond) which directly causes* cruel and ususual punishment, and taking without just compensation, *and protection from self incrimination* guaranteed under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States.

267. The Board of County Commissioners, which include John Tighe, Dick Hodges, and Mark Dowaliby, actively participated and approved County Resolution No. 2009-07 which defines county charges, fees, and fines enforced by animal control.  These fees are excessive and violate the 8th amendment excessive bail, fees, with resulting cruel and unusual punishment.

268. In committing the acts complained of herein, Defendants acted under color of state law to deprive Plaintiffs as alleged herein of certain constitutionally protected rights including, but not limited to: a) the right to be free from unreasonable searches and seizures; b) the right not to be

>deprived of liberty without due process of law; c) the right not be deprived of property *by excessive bail (bond)* without due process of law; d) the right to be free from cruel and unusual punishment; e) the right to just compensation for taking of property.

### A. The Law Enforcement Defendants Did Not Violate Any Clearly Established Fourth Amendment Right.

The proposed amendments to the Complaint do not address the Fourth Amendment claims in any material respect. In Response, Plaintiffs offer the following conclusory arguments regarding exigent circumstances.

>1. **Exigent Circumstances.** There weren't any. Animal control finished their cigarettes, stopped for several hours at the home office then proceeded casually to do their standard warrantless "legal" search. This is a policy and practice. We only have a few ways to fight this kind of conduct. Response Brief at 2.

Again, it is Plaintiffs' burden to prove that Defendants violated a clearly established constitutional right. Plaintiffs' Response, Complaint, and proposed Amended Complaint fail to meet this burden regarding the exigent circumstances issue. Exigent circumstances arise when: (1) officers should have reasonable grounds to believe there is an immediate need to protect the lives or property of others; (2) the search is not motivated by an intent to seize evidence; and (3) there is some reasonable basis approaching probable cause to believe an emergency situation exists. *See United States v. Anderson,* 981 F.2d 1560, 1567 (10th Cir. 1992). In the Motion to Dismiss, these Defendants cited a number of cases, from within the Tenth Circuit and elsewhere, that stand for the proposition that danger to the health and safety of animals constitutes exigent circumstances in an animal cruelty case. Plaintiffs have cited no law to the contrary. Therefore, Plaintiffs have failed to meet their burden to show that Defendants violated a clearly established constitutional right with respect to the exigent circumstances issue.

11

Indeed, the police reports and other exhibits submitted with the Motion, established that the officers had reasonable grounds to believe that there was an immediate danger to the lives and well being of the dogs on the property; (2) the search was not motivated by an intent to seize evidence; and (3) there was a reasonable basis, approaching probable cause, to believe that an emergency situation existed, i.e., a threat to the dogs' health, safety, and welfare, which in turn also effects the public's health safety and welfare.  *Id.*  Accordingly, not only did Defendants' conduct not violate any clearly established constitutional right, it comported with the United States Supreme Court and the Tenth Circuit authorities on point regarding the exigent circumstances exception to the search warrant requirement.  *Id.*  As such, Plaintiffs failed to meet their burden and these Defendants are entitled to qualified immunity concerning this issue.

In their Motion, these Defendants further established that Mr. Brian Whelan gave them permission to enter Plaintiffs' property.  Therefore, Defendants established that they had third party consent from Mr. Whelan to enter Plaintiffs' property.  "[T]he authority which justifies the third party consent does not rest upon the law of property…but rests rather on the mutual use of the property by persons generally having joint access or control for most purposes."  *United States v. Matlock,* 415 U.S. 164 (1974).  At a minimum, the allegations of the Complaint, the proposed Amended Complaint, the police report, and Mr. Whelan's statement demonstrated that Mr. Whelan had apparent authority to access the property.  *See United States v. Thompson,* 524 F.3d 1126, 1132-33 (10th Cir. 2008).  The property is used solely as a kennel, and the Complaint alleges that Mr. Whelan had access to the property for that purpose.  There is no residence on the property.  In the proposed Amended Complaint, there are no additional or new allegations regarding Mr. Whelan.  In Response, Plaintiffs note:

2. **Law Enforcement did NOT have Third Party Consent**. At the time Brian Whalen escorted county official onto the property, he no longer had third party consent. He was trespassing the same as the law enforcement officials were doing. He had an oral contract with Plaintiff Sam Walker with a fiduciary duty to perform.

*See* Plaintiffs' Answer to Defendants' Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(1) at 2. Plaintiffs then make a number of statements to blame Mr. Whelan for the condition of his dogs and note that, "[Mr. Whelan] thinks he's a hero." *See* Response at 2-3. In this case, under the authorities above, for the third party consent doctrine to apply, it does not matter whether Plaintiffs believed Mr. Whelan had the authority to provide consent to the law enforcement officers. Nor, does it matter whether Mr. Whelan held such a belief. Instead, what matters is whether the officers objectively believed that Mr. Whelan could consent to a search of the property. Based on the allegations of the Complaint, proposed Amended Complaint, the police reports, and Mr. Whelan's statement to the police, the officers in fact had an objectively reasonable belief that Mr. Whelan could consent to such a search. As such, performing a search would not have violated any clearly established federal constitutional or statutory right. Therefore, Plaintiffs have failed to meet their burden to prove that these Defendants are not immune from suit with respect to the third party consent issue. Accordingly, for the reasons discussed above, and in the initial Motion, Defendants are immune from suit on all of Plaintiffs' Fourth Amendment based claims.

### B. The Law Enforcement Officers Did Not Violate Any Clearly Established Fifth Or Fourteenth Amendment Rights.

In this respect, Plaintiffs' argument in total is as follows:

Related to 18-9-202 and 18-9-202.5. They deny due process rights. You intentionally missed the point.

13

> My claim also includes theft of my personal property by law enforcement officials, caretakers and volunteers which has nothing to do with dogs and 18-9-202 and 202.5. Response Brief at 3.

With respect to the arguments regarding Colorado Revised Statutes §§ 18-9-202 and 18-9-202.5, no published case holds that those statutes violate the due process clauses of the Fifth and Fourteenth Amendments. In their prayer for relief in the proposed First Amended Complaint, Plaintiffs seek declaratory relief that these statutes are unconstitutional. If Plaintiffs are correct and those statutes deny due process and they are unconstitutional, declaratory relief may be appropriate. However, that does not affect the analysis before the Court in the instant Motion. The issue before the Court is whether the law enforcement officers violated any clearly established federal statutory or constitutional right. The seizure of Plaintiffs' animals was made pursuant to this statute. Thereafter, Plaintiffs consented to the subsequent seizure of their animals. Without a Supreme Court or Tenth Circuit case on point holding that this statute violates the due process clauses of the Fifth and Fourteenth Amendments, Defendants are entitled to qualified immunity.

With respect to the next claim that some of Defendants stole Plaintiffs' property, there are no allegations to this effect in the proposed First Amended Complaint. There are no allegations to this effect in the Complaint. This argument is so baseless and conclusory that Defendants cannot even respond to the same. This is the type of allegation that, as pled, would not even survive a motion to dismiss under Fed.R.Civ.P. 12(b)(6) because its conclusory nature does not rise above the speculative level. *See Bell Atlantic v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). However, such an allegation would need to be

pled with particularity and definiteness pursuant to Fed.R.Civ.P. 9(b).[3]  Presumably, this specious argument is predicated upon Plaintiffs' theory that the seizure of the animals violated the due process clause. However, as is discussed above, the seizure was made consistent with Colorado Revised Statutes, which no Court has found unconstitutional. Therefore, Plaintiffs have failed to show that Defendants violated any clearly established federal constitutional right or federal statutory right. As such, these Defendants are immune from suit regarding the Fifth and Fourteenth Amendment claims.

### C.  Defendants Did Not Violate Any Clearly Established Eighth Amendment Right.

As was noted in the initial Motion, Plaintiffs did not address the Eighth Amendment claim in any meaningful way in the Complaint. Plaintiffs now elaborate on their Eighth Amendment theory extensively in the proposed Amended Complaint and Response Brief. The Eighth Amendment prohibition against cruel and unusual punishment protects convicted **inmates**. *See Olson v. Layton Hills Mall,* 312 F.3d 1304, 1315 (10th Cir. 2002) (citing *Lopez v. LeMaster,* 172 F.3d 756, 759 n.2 (10th Cir. 1999); *Martin v. Board of County Commissioners,* 909 F.2d 402, 406 (10th Cir. 1990)). "It is equally evident that the state does not incur Eighth Amendment liability even where injury occurs as the result of official conduct, unless the individual was being held in custody after criminal conviction." *See Johnson v. City of Dallas,* 61 F.3d 442, 444 n.5 (5th Cir. 1995) (citing *Ingraham v. Wright,* 430 U.S. 651, 664, 97 S.Ct. 1401, 1409 (1977); *Graham v Conner,* 490 U.S. 386, 109 S.Ct. 1865 (1989); *Lynch v. Cannatella,* 810 F.2d 1363, 1375 (5th Cir. 1987); *Hewitt v. Truth or Consequences,* 758 F.2d

---

[3] Moreover, any such claim would arise under state law. Given the absence of any viable federal claim for relief, the Court should decline to exercise pendent jurisdiction over it. *See Brooks v. Gaenzle,* 614 F.3d 1213, 1229-30 (10th Cir. 2010) (citing *inter alia, United Mine Workers v. Gibbs,* 383 U.S. 715 (1966)).

1375, 1377 n.2 (10th Cir. 1985); *Daguanno v. Gallagher,* 50 F.3d 877, 879 n.2 (11th Cir. 1995)).[4] Upon information and belief, although both Plaintiffs pled guilty to crimes, neither of them were ever prisoners.[5] Moreover, none of the alleged constitutional deprivations addressed in the Response Briefs, Complaint, or proposed Amended Complaint occurred while Plaintiffs were incarcerated. Therefore, under the above-referenced authorities, the Eighth Amendment is inapplicable to Plaintiffs' claims. In other words, Plaintiffs' proposed First Amended Complaint and the Motion make no claims related to cruel and unusual punishment they allegedly suffered as inmates. Therefore, the Eighth Amendment claim is not cognizable.

In any event, viewing Plaintiffs' argument in the light most favorable to Plaintiffs, Plaintiffs seem to be arguing that the Colorado State Statutes and the bonding requirement in connection with the same, are unconstitutional because they involve excessive fees and fines. Plaintiffs argue that had they had to bond their dogs consistent with the statute, it would have cost $64,000 per month or $720,000 per year without a finding of guilt and that was excessive within the meaning of the Eighth Amendment. Plaintiffs cite an unpublished case from the western district of Kentucky that allegedly stands for the proposition that, "to permanently deprive a pet owner of his property, absent a finding of guilt, is unconstitutional." Response at 4. Plaintiffs do not provide a cite for that case that enables counsel to locate it. In any event, it appears to be an unpublished case from Kentucky. Plaintiffs have cited no Tenth Circuit or United States Supreme Court case that stands for the proposition that the Colorado Statutes at issue are unconstitutional. Therefore, Plaintiffs have failed to show that Defendants violated any

---

[4] *Hewitt* has been overruled on other grounds, *see e.g., Dixon v. Richer,* 992 F.2d 1456 (10th Cir. 1991).
[5] Again, pre-trial detention would not qualify.

16

clearly established federal statutory or constitutional right. As such, the Defendants are immune from suit.[6]

### D.      Plaintiffs Fail To State A Cognizable Claim For Relief Related To *Miranda*.

Plaintiffs spend a significant portion of their proposed First Amended Complaint and the Response Brief addressing their *Miranda* based claim. This claim need not be addressed in any detail. As is made clear in both Motions filed pursuant to 12(b)(1) and 12(b)(6), the alleged failure to give a *Miranda* warning cannot give rise to liability under § 1983. *Bennett v. Passic,* 545 F.2d 1260, 1263 (10th Cir. 1976). "As for plaintiff's claim that they were subjected to custodial interrogation in their home because they did feel free to leave, the remedy for any violation of their *Miranda* rights is to exclude their statements from evidence at trial; a police officer who fails to give a *Miranda* warning is not subject to liability under § 1983." *Hinton v. Franck,* 242 F.3d 388 (Table) (10th Cir. 2000) (citing *Bennett, supra*). Therefore, any claim related to any alleged *Miranda* violation should be dismissed under Fed.R.Civ.P. 12(b)(6). The Court need not even engage in a qualified immunity analysis regarding this claim.

### E.      Plaintiffs Admit That All Claims Asserted Pursuant To 18 U.S.C.A. § 241, 18 U.S.C.A. § 242, 18 U.S.C.A. § 371, 18 U.S.C.A. § 1001, 18 U.S.C. § 2234 Should Be Dismissed

Plaintiffs admit that all claims asserted pursuant to 18 U.S.C.A. § 241, 18 U.S.C.A. § 242, 18 U.S.C.A. § 371, 18 U.S.C.A. § 1001, 18 U.S.C. § 2234 should be dismissed. Accordingly, the claims should be dismissed.

---

[6] Again, Defendants note that Plaintiffs' proposed First Amended Complaint includes a request for declaratory relief. If Plaintiffs' arguments regarding the Colorado Revised Statutes at issue in this case have merit, declaratory relief may be appropriate, but that does not give rise to individual liability and the individual Defendants are immune from suit.

## IV.  CONCLUSION

In sum, the law enforcement officers did not violate any clearly established constitutional or statutory right of Plaintiffs.  In fact, the law enforcement officers' conduct comported with applicable United States Supreme Court and Tenth Circuit precedents.  No Court has found the Colorado Statutes relied upon by Defendants are unconstitutional.  Therefore, Plaintiffs cannot meet their burden to demonstrate that the law enforcement officers' conduct was not objectively reasonable in light of clearly established law.  As such, the law enforcement officers are cloaked with qualified immunity and the claims asserted against them should be dismissed with prejudice.

Respectfully submitted this 4th day of May, 2012.

s/Timothy P. Schimberg
Timothy P. Schimberg
Andrew R. McLetchie

FOWLER, SCHIMBERG & FLANAGAN, P.C.
1640 Grant Street, Suite 150
Denver, Colorado 80203
(303) 298-8603

ATTORNEYS FOR PARK COUNTY DEFENDANTS

**CERTIFICATE OF SERVICE**

  I hereby certify that on this 4th day of May, 2012, I caused a true and correct copy of the foregoing **INDIVIDUAL DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(B)(1)** to be filed via the ECF system, with notice of same being electronically served to the following:

Herbert C. (Lee) Phillips, Esq.
Park County Attorney
Hayes, Phillips, Hoffman & Carberry, P.C.
P.O. Box 1046
675 Main Street
Fairplay, CO 80440


  Transmitted via email and First Class U.S. Mail, proper postage prepaid, to the following:

Samuel M. Walker
Diane H. Walker
P.O. Box 59
Florissant, CO 80816
elksky@gmail.com
*Pro Se* **Plaintiffs**


                s/Leslie Johnson
                Leslie Johnson