**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.     11-cv-03238-PAB-KMT

SAMUEL M. WALKER, pro se
DIANE H. WALKER, pro se

Plaintiffs,

v.

FRED WEGENER, individual and official capacity
BOBBY PRIESTLY, individual and official capacity
CINDY HARDEY, individual and official capacity
REBECCA BRAMLETT, individual and official capacity
AMY FRANCK, individual and official capacity
JUAN GALLEGOS, individual and official capacity
DEP. SGT. BROWN, individual and official capacity
PARK COUNTY
PARK COUNTY COMMISSIONERS
ATTORNEY GENERAL, COLORADO, official capacity
COURT CLERK, individual and official capacity

Defendants.

---

**PARK COUNTY DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(B)(6)**

---

Defendants, Fred Wegener, Bobby (sic) Priestly, Cindy Hardey, Rebecca Bramlett, Amy Franck, Juan Gallegos, Dep. Sgt. Brown, Park County, and Park County Commissioners, by and through Timothy P. Schimberg and Andrew R. McLetchie of Fowler, Schimberg & Flanagan, P.C., hereby submit their Reply in Support of Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(6) and in support thereof state as follows:

## I.    <u>INTRODUCTION</u>

In the Motion to Dismiss, these Defendants established that the Plaintiffs' Complaint should be dismissed for five reasons. First, Plaintiffs' claims against Park County, the Park County Commissioners, and the official capacity claims against the individual Defendants fail to state a claim under § 1983 because they failed to adequately allege that Plaintiffs are deprived of constitutional rights pursuant to an official policy or custom. Second, Defendants established that all of Plaintiffs' claims are barred by *Heck v. Humphrey,* which precludes all claims by a criminal defendant subsequent civil proceeding following a guilty plea in a criminal proceeding. Third, Defendants showed that Plaintiffs' § 1983 claims related to the Eighth Amendment violations failed to state a claim beyond the speculative level as to all Defendants. Fourth, Plaintiffs' claims related to *Miranda* violations failed to state a claim against all Defendants because a *Miranda* violation cannot give rise to a § 1983 claim as a matter of law. Finally, Defendants established that Plaintiffs' claims under 18 U.S.C. § 241, 18 U.S.C. § 242, 18 U.S.C. § 371, 18 U.S.C. § 1001, and 18 U.S.C. § 2234 failed to state a claim because those criminal statutes conferred no private right of action upon Plaintiffs.

To defeat Defendants' Motion to Dismiss, Plaintiffs have tendered a proposed Amended Complaint to the Court.[1] Plaintiffs have admitted that their claims under 18 U.S.C. § 241, 18 U.S.C. § 242, 18 U.S.C. § 371, 18 U.S.C. § 1001, and 18 U.S.C. § 2234 should be dismissed. Plaintiffs have also advanced a number of unavailing arguments regarding the remaining claims in their Response to Motion to Dismiss. Neither the proposed Amended Complaint nor the

---

[1] The new allegations are set forth in the contemporaneously filed Reply in Support of Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(1).

arguments advanced in Plaintiffs' Response saves Plaintiffs' fatally flawed claims.  Accordingly, Plaintiffs' arguments should be rejected and Defendants' Motion should be granted.

## II.  PLAINTIFFS' § 1983 CLAIM FAILS TO STATE A CLAIM AGAINST THE COUNTY, BOARD OF COUNTY COMMISSIONERS, AND INDIVIDUALS IN THEIR OFFICIAL CAPACITY BECAUSE NO CONSTITUTIONAL DEPRIVATION PURSUANT TO A POLICY OR CUSTOM IS ALLEGED.

To state a claim under § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting color of state law.  *See West v. Atkins,* 487 U.S. 42, 48 (1988); *Anderson v. Suiters,* 499 F.3d 1228, 1232-33 (10th Cir. 2007).  In the case of municipality, "under color of state law" requirement requires that the constitutional deprivation occurred pursuant to an official policy or custom.  *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978).  A municipal entity may be held liable for an act it has officially sanctioned, or for the actions of an official with final policymaking authority.  *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480, 482–83 (1986); *see also, City of St. Louis v. Praprotnik*, 485 U.S. 112, 127–28 (1988).  A plaintiff "must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights."  *Barney v. Pulsipher*, 143 F.3d 1299, 1307 (10th Cir.1998) (quoting *Board of County Comm'rs of Bryan County, Oklahoma v. Brown*, 520 U.S. 397, 404 (1997)).  A claim against a state actor in his official capacity "is essentially another way of pleading an action against the county or municipality" he represents, and is considered under the standard applicable to § 1983 claims against municipalities or counties.  *Porro v. Barnes*, 624 F.3d 1322, 1328 (10th Cir. 2010).

In this case, as is set forth in the initial Motion, none of the allegations in the initial Complaint alleged a constitutional deprivation pursuant to a policy or custom beyond the speculative level. In the proposed Amended Complaint, as far as these Defendants can tell, the following allegations have been offered to remedy this defect:

219.  Procedures executed were not in accordance with the approved county resolution for Animal Control execution but Defendants Priestly, Hardey, Bramlett operate IAW unwritten policies established by Sheriff Wegener.

263.  Defendant Fred Wegener, in his capacity as County Sheriff of Park County, Colorado with deliberate indifference and willful and wanton conduct, implicitly adopted and implemented, and participated in careless and reckless policies, customs, or practices, that included, among other things, of allowing employees of the Park County Sheriff's department to conduct warrantless searches and seizures without training to ensure protection of Constitutional Rights of citizens while conducting their enforcement duties.

Again, these conclusory allegations simply do not rise above the speculative level. Moreover, the argument fails to recognize that Plaintiffs' dogs were seized pursuant to several Colorado revised statues, and not pursuant to any policy, custom, or practice of the County or any of the named Defendants. Therefore, even if Plaintiffs alleged any policy, custom, or practice with the requisite degree of specificity, Plaintiffs fail to allege the requisite direct causal link between the governmental action and the deprivation of federal rights. *See e.g., Barney, supra.* Therefore, Plaintiffs' § 1983 claims against the County, Board of County Commissioners, and individuals in their official capacity fails to state a claim because Plaintiffs have failed to alleged a constitutional deprivation pursuant to a policy or custom. *See e.g., Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007); *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009). Plaintiffs' formulaic recitation and use of the magic words, "policy or custom" does not suffice. Accordingly, Plaintiffs' § 1983 claim should be dismissed against these Defendants.

### III.     PLAINTIFFS' FAILED TO STATE AN EIGHTH AMENDMENT CLAIM.

Plaintiffs' initial Complaint made conclusory allusions to the Eighth Amendment. Plaintiffs hope that the proposed Amended Complaint contains numerous allegations to support the Eighth Amendment claim. However, the Eighth Amendment claim fails as a matter of law. The Eighth Amendment prohibition against cruel and unusual punishment protects **convicted inmates**. *See Olson v. Layton Hills Mall,* 312 F.3d 1304, 1315 (10th Cir. 2002) (citing *Lopez v. LeMaster,* 172 F.3d 756, 759 n.2 (10th Cir. 1999); *Martin v. Board of County Commissioners,* 909 F.2d 402, 406 (10th Cir. 1990)). "It is equally evident that the state does not incur Eighth Amendment liability even where injury occurs as the result of official conduct, unless the individual was being held in custody after criminal conviction." *See Johnson v. City of Dallas,* 61 F.3d 442, 444 (5th Cir. 1995) (citing *Ingraham v. Wright,* 430 U.S. 651, 664, 97 S.Ct. 1401, 1409 (1977); *Graham v Conner,* 490 U.S. 386, 109 S.Ct. 1865 (1989); *Lynch v. Cannatella,* 810 F.2d 1363, 1375 (5th Cir. 1987); *Hewitt v. Truth or Consequences,* 758 F.2d 1375, 1377 n.2 (10th Cir. 1985); *Daguanno v. Gallagher,* 50 F.3d 877, 879 n.2 (11th Cir. 1995)).[2]

Upon information and belief, although both Plaintiffs pled guilty to crimes, neither of them were ever prisoners.[3] Moreover, none of the alleged constitutional deprivations addressed in the Response Briefs, Complaint, or proposed Amended Complaint occurred while Plaintiffs were incarcerated. Therefore, under the above-referenced authorities, the Eighth Amendment is inapplicable to Plaintiffs' claims. In other words, Plaintiffs' proposed First Amended Complaint

---

[2] *Hewitt* has been overruled on other grounds, *see e.g., Dixon v. Richer,* 992 F.2d 1456 (10th Cir. 1991).
[3] Under the above cited case law, the Eighth Amendment would not apply to Plaintiffs' pre-trial detention, if any. The Eighth Amendment only applies to post-conviction detention.

and the Motion make no claims related to cruel and unusual punishment they allegedly suffered as inmates. Therefore, the Eighth Amendment claim is not cognizable and should be dismissed.

### IV. PLAINTIFFS CANNOT STATE A § 1983 CLAIM RELATED TO AN ALLEGED *MIRANDA* VIOLATION.

Plaintiffs persist in pursuing their *Miranda* claim. However, the law regarding this issue is well settled and Plaintiffs cannot pursue this claim as a matter of law. The alleged failure to give a *Miranda* warning cannot give rise to liability under § 1983. *Bennett v. Passic*, 545 F.2d 1260, 1263 (10th Cir.1976). "As for Plaintiffs' claim that they were subjected to custodial interrogation in their home because they did not feel free to leave, the remedy for any violation of their Miranda rights is to exclude their statements from the evidence at trial; a police officer who fails to give a *Miranda* warning is not subject to liability under § 1983." *Hinton v. Franck*, 242 F.3d 388 (Table) (10th Cir. 2000) (citing *Bennett, supra*). Therefore, Plaintiffs' fail to state a claim under Section 1983 regarding any alleged *Miranda* violation.

### V. PLAINTIFFS' CLAIMS ARE BARRED BY *HECK V. HUMPHREY*.

Plaintiffs' claims are barred under *Heck v. Humphrey*, 512 U.S. 477, 487, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). *Heck* held that a Section 1983 claim must be dismissed if it would call into question the validity of a state court judgment of conviction in a criminal case. Specifically, the *Heck* court held:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, **a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.** Thus, when a state prisoner

>seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit. *Id.* (emphasis added).

Here, Plaintiffs' convictions have not been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of *habeas corpus*. Allowing Plaintiffs to pursue this claim would have the practical effect of allowing Plaintiffs to re-litigate issues that they waived when they chose to plead guilty in state court.

In Response, Plaintiffs spend significant efforts attempting to argue that the claims are not barred under the doctrine of collateral estoppel under *Allen v. Martin,* 203 P.3d 546, 560 (Colo.App. 2008). The issue of whether collateral estoppel applies need not be addressed at this time. Under *Heck,* allowing Plaintiffs to re-litigate the search and seizure of their property would necessarily imply the invalidity of Plaintiffs' convictions because without the evidence seized during the December 15, 2009 search, and subsequent searches, Plaintiffs would not likely have been convicted or pled guilty. Accordingly, Plaintiffs' claims should be dismissed under *Heck.*

## VI. PLAINTIFFS ADMIT THAT THE CLAIM UNDER 18 U.S.C. § 241, 18 U.S.C. § 242, 18 U.S.C. § 371, 18 U.S.C. § 1001, 18 U.S.C. § 2234 SHOULD BE DISMISSED.

In the Response Brief, Plaintiffs admit these claims should be dismissed and accordingly, these claims should be dismissed.

## VII.   CONCLUSION

In sum, Plaintiffs' claims against Park County, Park County Commissioners, and the official capacity claims against the individual Defendants fail to state a claim under § 1983 because they fail to properly allege that Plaintiffs were deprived of a constitutional right pursuant to an official policy or custom in either the Complaint or proposed Amended Complaint. Moreover, all of Plaintiffs' claims against all Defendants are barred by *Heck v. Humphrey*, which precludes all claims by a criminal defendant in a subsequent civil proceeding following a guilty plea in the criminal proceeding.  Additionally, Plaintiffs' § 1983 claims related to the Eighth Amendment fail to state a claim for relief as a matter of law.  Similarly, Plaintiffs' claims related to *Miranda* failed to state a claim as a matter of law because the case law in this circuit is clear that a *Miranda* violation cannot give rise to a § 1983 claim as a matter of law.  Finally, Plaintiffs admit that their claims under 18 U.S.C. § 241, 18 U.S.C. § 242, 18 U.S.C. § 371, 18 U.S.C. § 1001, and 18 U.S.C. § 2234 fail to state a claim and should be dismissed.  Accordingly, for all the foregoing reasons, Plaintiffs' Complaint should be dismissed for failure to state a claim under Fed.R.Civ.P. 12(b)(6).

Respectfully submitted this 4th day of May, 2012.

s/Timothy P. Schimberg
Timothy P. Schimberg
Andrew R. McLetchie
FOWLER, SCHIMBERG & FLANAGAN, P.C.
1640 Grant Street, Suite 150
Denver, Colorado 80203
(303) 298-8603

ATTORNEYS FOR PARK COUNTY
DEFENDANTS

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 4th day of May, 2012, I caused a true and correct copy of the foregoing **PARK COUNTY DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(B)(6)** to be filed via the ECF system, with notice of same being electronically served to the following:

Herbert C. (Lee) Phillips, Esq.
Park County Attorney
Hayes, Phillips, Hoffman & Carberry, P.C.
P.O. Box 1046
675 Main Street
Fairplay, CO 80440


      Transmitted via email and First Class U.S. Mail, proper postage prepaid, to the following:

Samuel M. Walker
Diane H. Walker
P.O. Box 59
Florissant, CO 80816
elksky@gmail.com
***Pro Se* Plaintiffs**


      s/Leslie Johnson
      Leslie Johnson