**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.      11-cv-03238-PAB-KMT

SAMUEL M. WALKER, pro se
DIANE H. WALKER, pro se

Plaintiffs,

v.

FRED WEGENER, individual and official capacity
BOBBY PRIESTLY, individual and official capacity
CINDY HARDEY, individual and official capacity
REBECCA BRAMLETT, individual and official capacity
AMY FRANCK, individual and official capacity
JUAN GALLEGOS, individual and official capacity
SGT. BROWN, individual and official capacity
PARK COUNTY
JOHN TIGHE, individual and official capacity
DICK HODGES, individual and official capacity
MARK DOWALIBY, individual and official capacity
PARK COUNTY COMMISSIONERS
JOHN SUTHERS, individual and official capacity
DEBRA MCLIMANS, individual and official capacity

Defendants.

---

**DEFENDANTS FRED WEGENER, BOBBY (SIC) PRIESTLY, CINDY HARDEY, REBECCA BRAMLETT, AMY FRANCK, JUAN GALLEGOS, AND DEPT. SGT. BROWN'S LIMITED OBJECTIONS TO MAGISTRATE JUDGE TAFOYA'S RECOMMENDATION [DOCKET NO. 43]**

---

Defendants, Fred Wegener, Bobby (sic) Priestly, Cindy Hardey, Rebecca Bramlett, Amy Franck, Juan Gallegos, and Dep. Sgt. Brown ("the Law Enforcement

Officers")[1], by and through Timothy P. Schimberg and Andrew R. McLetchie of Fowler, Schimberg & Flanagan, P.C., hereby submit their Limited Objections to Magistrate Judge Tafoya's Recommendation [Docket No. 43] as follows:

## I.     INTRODUCTION

The Law Enforcement Officers object only to the portion of the Magistrate Judge's Recommendation [Docket No. 43] that found Plaintiffs stated a claim for relief against the Law Enforcement Officers for violating the Fourth Amendment related to the January 11, 2010 search of Plaintiffs' Park County Property.  *See* Recommendation at p. 35-36, § E(4).[2]  As of this filing, no other objection to the Magistrate's Recommendation has been filed, therefore, presuming Plaintiffs file no timely objections, the Magistrate Judge's Recommendation should be affirmed and adopted in all other respects. *See United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla*, 73 F.3d 1057, 1060 (10th Cir. 1996) ("a party's objections must be timely and specific to preserve an issue for *de novo* review by the District Court").

The Magistrate Judge did a better job divining Plaintiffs' *pro se* pleadings than defense counsel.  Defense counsel, perhaps mistakenly, read the § 1983 claim asserted by Plaintiffs related to the January 11, 2010 search as asserting a claim for an illegal search in violation of the Fourth Amendment.  The Magistrate Judge read the claim more broadly as asserting a claim for a violation of the Fourth Amendment

---

[1] Park County and the County Commissioners are not objecting to the Magistrate Judge's Recommendation as the Recommendation disposes of all claims asserted against them. As is discussed below, the Magistrate Judge's Recommendation in that regard should be adopted by the United States District Court Judge.

[2] This claim is asserted in the Proposed Amended Complaint as "Count IV" and the Complaint at "Count VI".  *See* Amended Complaint at Paragraphs 245-251; Complaint at Paragraphs 224-230.

*because the search on January 11, 2010, allegedly exceeded the scope of the warrant.*[3] Although defense counsel submits there are no well pleaded allegations that would arise above the speculative level regarding the claim that the January 11, 2010 search exceeded the scope of the warrant, the Magistrate Judge was obligated to view the allegations of the Complaint and the proposed Amended Complaint in the light most favorable to Plaintiffs.  The Law Enforcement Officers have no quarrel with that.  However, because the Law Enforcement Officers did not share the same liberal views of the claim stated by Plaintiffs, the Law Enforcement Officers did not submit the search warrant, affidavit in support of the search warrant, or the attached Affidavit of Sgt. Priestly regarding the January 13, 2010 search, in their Motion to Dismiss [Docket No. 15] or in Response to Plaintiffs' Motion to Amend [Docket No. 40].[4]  The Law Enforcement Officers do so now in connection with this limited objection.

When this Court reviews the warrant in connection with the applicable legal authorities, it will reach the inescapable conclusion that the Law Enforcement Officers did not exceed the scope of the warrant, executed the warrant in a reasonable fashion given the totality of the circumstances, and acted in good faith reliance on the warrant. Therefore, the Law Enforcement Officers are immune from suit concerning the sole claim that the Magistrate Judge found should survive dismissal.  As such, this Court should enter an Order modifying the Magistrate's recommended disposition by

---

[3] The warrant is dated January 11, 2010, however, the search warrant was not executed until January 13, 2010.  *See* Exhibit C.
[4] The Motions to Dismiss [Docket Nos. 14 and 15], Replies [Docket Nos. 41 and 42], and Response to Motion to Amend [Docket No. 40] are incorporated herein.

dismissing all claims against all the Law Enforcement Officers under the doctrine of qualified immunity.

## II.      STANDARD OF REVIEW

The Court is familiar with the *de novo* standard of review under Fed.R.Civ.P. 72 and many of the legal standards related to the same are set forth at the conclusion of the Magistrate Judge's Recommendation. In the interest of brevity, the Law Enforcement Officers will not recite those authorities.

However, because this limited objection involves the submission of the search warrant, affidavit in support of the search warrant, and the attached affidavit of Sgt. Bobbi Priestly as exhibits that were not before the Magistrate Judge, the Law Enforcement Officers will address the legal authorities that allow this Court to consider that new evidence in connection with this limited objection. Fed.R.Civ.P. 72(b)(3) specifically allows the district judge to "receive further evidence" as part of its *de novo* review to resolve objections. Moreover, two unpublished cases in the Tenth Circuit stand for the proposition that the district court judge may receive further evidence in connection with his or her *de novo* review of the Magistrate Judge's Recommendation. *See Adams v. Dyer*, 223 Fed.Appx. 757, 2007 WL 431511 (10th Cir. 2007); *Muhleisen v. Principi*, 73 Fed.Appx. 320, 2003 WL 21662028 (10th Cir. 2003). Copies of these cases are attached hereto as Exhibits A and B respectively. In *Adams*, the Court noted:

> Adams avers that in granting summary judgment in favor of the defendants under *Heck,* the district court improperly relied on affidavits submitted by Dyer, Stine, and Gaskill that were not submitted to the magistrate judge. We review a district court's decision to admit evidence for abuse of discretion. *Mason v. Okla. Tpk. Auth.*, 182 F.3d 1212, 1215 (10th Cir.1999). Under Fed.R.Civ.P. 72(b), a district judge may elect to

4

>receive further evidence in connection with its *de novo* review of the magistrate judge's recommendations. The magistrate judge concluded that summary judgment was improper under *Heck* because the officers failed to submit affidavits showing that Adams' state convictions stemmed from the arrest on January 30, 2003. In response, the officers submitted affidavits purporting to establishing that fact. The district court noted its reluctance to rely on late-filed evidence, but found the affidavits directly addressed the officers' objections to the magistrate judge's finding that *Heck* did not apply. We hold the district court did not abuse its discretion in admitting this evidence.  *Adams*, 2007 WL 431511 at *760 n. 3.

In this case, this Court should exercise its discretion and admit the warrant, affidavit in support of the warrant, and attached affidavit of Sgt. Priestly as part of its *de novo* review of the Magistrate Judge's Recommendation as doing so will save the Court and all of the parties significant resources.  Indeed, the Magistrate Judge implicitly suggested that she may have reached a different result if the warrant was before her. *See* Recommendation at 35-36.  For the reasons discussed below, if the Court does not consider these exhibits and allows this claim to survive Rule 12 dismissal, the Law Enforcement Officers will nevertheless be entitled judgment as matter of law pursuant to Fed.R.Civ.P. 56.  Therefore, it does not make sense for either the Court or the parties to spend significant time and expense in discovery when doing so is only delaying the inevitable.

### III. ADDITIONAL FACTS TO BE CONSIDERED WITH THIS OBJECTION

The January 13, 2010 search was conducted pursuant to a warrant executed by a neutral and detached magistrate (a Colorado County Court Judge) on January 11, 2010.  A copy of the warrant is attached hereto as Exhibit C.[5]  The warrant provides:

---

[5] An earlier search was conducted pursuant to a December 16, 2009 warrant.  *See* Exhibit F, December 16, 2009 warrant.

> THE PEOPLE OF THE STATE OF COLORADO
>
> TO:   THE SHERIFF, UNDERSHERIFF, DEPUTY SHERIFF, AND ALL LAW ENFORCEMENT OFFICERS AUTHORIZED TO EXECUTE SEARCH WARRANTS IN THE STATE OF COLORADO, GREETINGS:
>
> WHEREAS, Park County Animal Control Sergeant B. Priestly, has made an affidavit and complaint for the issuance of a search warrant.
>
> The property known as T14 R74 S32 SE4; W2SW4SE4, S2NW4NE4, N2SW4NE4, SE4NW4, S2NE4NW4, E2E2SW4; 32-14-74; R606908 TR04: Also known as, 6000 Forest Service Road 108, Park County, Colorado 80449.
>
> AND WHEREAS, the affidavit of the applicant seems proper and it appears that probable cause exists for the issuance of a Search Warrant for the reason or reasons marked below:
>
> > The property to be searched for and seized if found is:
> > ( )   Stolen or Embezzled OR
> > ( )   Designed or intended for use or which is or has been used as a means of committing a criminal offense or the possession of which is illegal, OR
> > (X)   Would be material evidence in a subsequent criminal prosecution.
>
> WE THEREFORE COMMAND YOU, with the necessary and proper assistance to enter and search:
>
> ***And you will search for: Six deceased dogs of Husky decent that are located in a ravine on the property.  The carcasses will be removed and sent for Necropsy.***
>
> And if the same or any part thereof is found, that you seize the goods and things found and safely keep them until further order of this Court or until they are admitted into any criminal proceedings by a Court of this State; and that you further file a report with this Court inventorying the goods and things which were seized or reporting that nothing was so found and seized.

(emphasis added).

The affidavit in support of the warrant executed by Sgt. Priestly is attached hereto as Exhibit D.  That affidavit makes clear that Sgt. Priestly suspected that six deceased dogs that reporting parties advised her were alive one month before her investigation were deceased and buried in a ravine on the property.  Accordingly, the affidavit establishes that Sgt. Priestly had probable cause to believe the dogs were buried on the property.  Accordingly, the Park County Court executed the warrant attached hereto as Exhibit C.

The January 11, 2011 warrant was executed on January 13, 2011.  *See* Exhibit E, Affidavit of Sergeant Bobbi Jo Priestly at ¶ 6.  When executing the warrant, Sgt. Priestly and the other Law Enforcement Officers executing the warrant knew that they were going to have to dig in the ravine on Plaintiffs' property to uncover the deceased dogs, which were covered by snow in addition to being partially buried.  *Id.* at ¶ 7.  The warrant specifically allowed the Law Enforcement Officers to seize six deceased dogs that they had probable cause to believe were buried on the property.  *Id.*  On the date of the search, only four deceased dogs were recovered.  *Id.* at ¶ 9.  Subsequent necropsy reports performed by veterinarians showed that these dogs weighed in the 20-30 lbs. range.  *Id.* at ¶ 10.  Adult Husky dogs, such as these, should weigh 50-70 lbs. if properly nourished.  *Id.*  State veterinarians determined, using a body condition scale score of 1-5, with 1 being emaciated and 5 being obese, that all of the recovered dogs  had body condition scores between 0.5 and 1.5.

In executing the warrant, Sgt. Priestly and the other Law Enforcement Officers took due care to ensure that Plaintiffs' property was disturbed no more than necessary to effectuate the warrant. *Id.* at ¶ 11. In particular, the Law Enforcement Officers tried to dig no more than was necessary to recover the deceased dogs. *Id.* at ¶ 12. Moreover, the Law Enforcement Officers took care not to disturb any of the Plaintiffs' real or personal property other than as was necessary to retrieve the deceased dogs that were the subject of the warrant. *Id.*

### IV.  THE LAW ENFORCEMENT OFFICERS ARE ENTITLED TO QUALIFIED IMMUNITY BECAUSE THE JANUARY 11, 2010 WARRANT DID NOT EXCEED THE SCOPE OF THE SEARCH WARRANT

The sole claim for relief that the Magistrate Judge has recommended be allowed to survive dismissal alleges in pertinent part:

> 227. On January 11, 2010, Defendants all acted in concert and/or conspired together and committed acts designed to accomplish unreasonable searches and seizures at the property of Plaintiffs, Sam and Diane Walker, in violation of Plaintiffs right to be free from unreasonable searches and seizures in violation of the Fourth Amendment of the United States Constitution.
>
> 228. Defendants acted with willful and wanton conduct in concert and conspired to willfully exceed the authority and scope of the court approved search and seizure warrant with unnecessary severity. The ACOs found the deceased dogs specifically described by the warrant on the surface, but continued to dig up the entire grave yard to search for more dogs not declared in the warrant, desecrated the grave yard which was hallowed ground, and created a biohazard to the environment, an extreme hazard to local endangered animals, and a direct violation of Federal environmental statutes. These actions with callous disregard, directly violated the Fourth Amendment of the U.S. Constitution. *See* Proposed Amended Complaint at Paragraphs 227 and 228.

8

Contrary to these bare conclusory allegations, which the court need not accept in reviewing a 12(b)(1) motion,[6] the warrant allowed for the seizure of six deceased animals located on the property, regardless of whether the deceased animals were located above or below the ground. In other words, the warrant makes no distinction between animals located above the ground and below the ground. Under the common law of England, a fee simple extends from the center of the earth to the heavens above. *See, e.g., Boggs v. Merced Mining Co.*, 14 Cal. 279, 1859 WL 142 (Cal. 1859); Colo.Rev.Stat. § 2-4-211 (common law of England as it existed before the fourth year of James the First (1607) applies in Colorado); *Chilcott v. Hart*, 45 P. 391 (Colo. 1896)(same). Thus, as a matter of law, the terms of the search warrant extended from the surface of the land to the core of the earth. Therefore, the search for, and subsequent seizure of, deceased animals, regardless of whether the deceased animals were located above the ground or subterranean, was clearly within the scope of the plain language of the search warrant.

A lawful search generally extends to the entire area in which the object of the search may be found. *See* Am. Jur., Searches § 238 (2012 ed.) (citations omitted). Under a premises warrant, the police are entitled to search the entire premises, including the items within the premises, so long as such items were plausible

---

[6] *See U.S. Synthetic Corporation v. ReedHycalog, Ltd.*, 407 F.Supp.2d 1274, 176-77 (D.Utah 2005) (citing *United States v. Spectrum Emergency Care, Inc.*, 190 F.3d 1156, 1160 n. 5 (10th Cir. 1999). Moreover, even if the Court were applying 12(b)(6) standards, the Court could consider a true and correct copy of the warrant as it is specially referred to in the Complaint and Proposed Amended Complaint. *Alvarado v. KOB–TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) (the district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity); *GFF Corp. v. Assoc. Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997) ("if a plaintiff does not incorporate by reference or attach such a document to its complaint, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss").

receptacles of the objects of the search. *Id.* (citations omitted). The Law Enforcement Officers conducting the search are entitled to rely, in good faith, on a magistrate's determination of probable cause. *See Lawmaster v. Ward,* 125 F.3d 1341, 1348 (10th Cir. 1997).

In the *Lawmaster* case, the plaintiff argued that the agents unreasonably ransacked his home in violation of the Fourth Amendment. *Id.* In that case, the Court noted that the Constitution does not specifically address how an officer should execute a search warrant and that a warrant that is reasonably executed will withstand constitutional scrutiny. *Id.* (citing *Dalia v. United States,* 441 U.S. 238, 257 (1979)). An officer's conduct in executing a search warrant is subject to the Fourth Amendment's mandate of reasonableness from the moment of the officer's entry until the moment of departure. *Id.* (citing *Duncan v. Barnes,* 592 F.2d 1336, 1338 (5th Cir. 1979)). However, so long as the officer's conduct remains within the boundaries of reasonableness, an officer has discretion over the details over how to best proceed with a search warrant's execution. *Id.* (citing *Dalia, supra*). Occasionally, such details include damaging property, detaining residents, or taking action necessary to protect the searching officers. *Id.* An officer can do that which is reasonably necessary to effectuate the warrant's purpose. *Id.* (collecting cases). A court should look to the totality of the circumstances to determine whether the officer's conduct was reasonably necessary to effectuate the warrant's purpose. *Id.* (citing *United States v. Perdue,* 8 F.3d 1455, 1462 (10th Cir. 1993)).

In the context of evaluating a qualified immunity defense, the purpose of which is not only to shield the defendant from liability, but also from the burdens of trial, a court cannot defer the question or whether a defendant is entitled to qualified immunity by framing the question as a factual one; rather, a court must evaluate the totality of the circumstances to determine, ***as a matter of law***, whether the plaintiff has stated sufficient facts to show the defendant violated his or her constitutional rights. *Id.* (citations omitted) (emphasis added).

In this case, the totality of the circumstances, set forth in Sgt. Priestly's Affidavit in Support of the Search Warrant, the Affidavit attached hereto as Exhibit E, and the warrant itself attached hereto as Exhibit C, demonstrate that the seizure of the deceased animals was reasonable and within the scope of the warrant as a matter of law. Any alleged incidental damages to the "burial ground,"[7] alleged creation of a biohazard, or alleged endangerment to wild animals, was reasonably necessary to effectuate the search warrant.[8] *See* Proposed Amended Complaint at ¶¶ 227 and 228. It is important to be mindful that the Officers' were acting pursuant to a warrant that directed them to seize evidence to support serious charges of animal cruelty and protect the welfare of sick, starving, and diseased animals that Plaintiffs obviously maltreated. Indeed, the law in this circuit is well settled that a law enforcement officer's reliance on a valid warrant entitles them to qualified immunity on a Fourth Amendment claim. *See*

---

[7] It is noteworthy that Plaintiffs refer to this as a "hallowed ground." The dignified resting place for some of Plaintiffs' beloved dogs are empty half buried dog food bags. *See, e.g.*, Exhibit G, (photograph of a deceased and maltreated dog that Plaintiffs simply stuffed into an empty dog food bag). "Hallowed" indeed.

[8] Plaintiffs also make bare, conclusory, and baseless allegations that the Officers violated some unidentified federal statutes. Unless and until Plaintiffs identify exactly what statute the Officers allegedly violated, the Officers will not address this allegation.

*generally, Davis v. Gracie,* 111 F.3d 1472 (10th Cir. 1997). Accordingly, in this case, the Court should find that the officers are entitled to qualified immunity based on their reasonable execution of the valid warrant attached hereto as Exhibit C.

## V. CONCLUSION

In sum, for all of the foregoing reasons, the Court should adopt the Magistrate Judge's Recommendation concerning all issues other than the Magistrate Judge's Recommendation concerning Count 4 in the proposed Amended Complaint and Count 6 in the Complaint regarding the January 11 (sic), 2010 search. The District Court Judge should modify the Magistrate Judge's Recommendation regarding Count 4 in the proposed Amended Complaint and Count 6 in the Complaint. The Court should find that the Law Enforcement Officers are entitled to qualified immunity concerning that claim as well. The discussion above indicates that the seizure of the four deceased dogs on January 13, 2010 complied with the January 11, 2010 warrant. Under the totality of the circumstances set forth in Sgt. Priestly's affidavit in support of the warrant, the warrant itself, and the Affidavit of Sgt. Priestly, attached hereto as Exhibit E, the seizure of the deceased animals was reasonable and within the scope of the warrant as a matter of law. The Law Enforcement Officers' reliance on a valid warrant and reasonable execution of the same entitles them to qualified immunity on Plaintiffs' Fourth Amendment claim. Accordingly, this Court should find that the Law Enforcement Officers are entitled to qualified immunity concerning this claim. As such, the Court should modify the Magistrate Judge's Recommendation and find that the Law Enforcement Officers are entitled to qualified immunity on all claims asserted by

Plaintiffs.  Therefore, the Court should enter an Order of Dismissal with Prejudice in favor of the Law Enforcement Officers.

Respectfully submitted this 12th day of September, 2012.

*(Original signature on file at the office of Fowler, Schimberg & Flanagan, P.C.)*

s/Andrew R. McLetchie
Timothy P. Schimberg
Andrew R. McLetchie

FOWLER, SCHIMBERG & FLANAGAN, P.C.
1640 Grant Street, Suite 150
Denver, Colorado 80203
(303) 298-8603

ATTORNEYS FOR PARK COUNTY
DEFENDANTS

**CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of September, 2012, I caused a true and correct copy of the foregoing **DEFENDANTS FRED WEGENER, BOBBY (SIC) PRIESTLY, CINDY HARDEY, REBECCA BRAMLETT, AMY FRANCK, JUAN GALLEGOS, AND DEPT. SGT. BROWN'S LIMITED OBJECTIONS TO MAGISTRATE JUDGE TAFOYA'S RECOMMENDATION [DOCKET NO. 43]** to be filed via the ECF system, with notice of same being electronically served to the following:

Herbert C. (Lee) Phillips, Esq.
Park County Attorney
Hayes, Phillips, Hoffman & Carberry, P.C.
P.O. Box 1046
675 Main Street
Fairplay, CO 80440


Transmitted via e-mail and First Class U.S. Mail, proper postage prepaid, to the following:

Samuel M. Walker
Diane H. Walker
P.O. Box 59
Florissant, CO 80816
elksky@gmail.com
*Pro Se* **Plaintiffs**

> s/Leslie Johnson
> Leslie Johnson