WestlawNext

**RELATED TOPICS**

United States Magistrates
  Review and Supervision by District Court
    District Court De Novo Review of Magistrate Judge Order of Detention
  Further Review; Direct Appeal
    Court of Appeals Reviews De Novo Magistrate Judge Denial of Motion

Assault and Battery
  Civil Liability
    Police Officer Use of Level of Force

Adams v. Dyer
Distinguished by Georgacarakos v. Wiley, D.Colo., February 1, 2012
United States Court of Appeals, Tenth Circuit. February 9, 2007 223 Fed.Appx. 757 *(Approx. 10 pages)*

223 Fed.Appx. 757
This case was not selected for publication in the Federal Reporter.
Not for Publication in West's Federal Reporter. See Fed. Rule of Appellate Procedure 32.1 generally governing citation of judicial decisions issued on or after Jan. 1, 2007. See also Tenth Circuit Rule 32.1. (Find CTA10 Rule 32.1)
United States Court of Appeals,
Tenth Circuit.

Stephen H. ADAMS, Plaintiff–Appellant,

v.

Lance DYER, Aurora Police Department; Michael Gaskill, Aurora Police Department; Christopher Stine, Aurora Police Department; Gerald Johnsguard [sic], Aurora Police Department; Richard Day, Aurora Police Department; David Ord, Aurora Police Department; William Heller, Aurora Police Department; Justin Thull, Aurora Police Department; Julie Stahnke, Aurora Police Department; Lt. Stephenson [sic], Aurora Police Department; Capt. Cloyde [sic], Chief/Cpt. of Aurora Police Department in Supervisory, City of Aurora Police Department; City of Aurora, Defendants–Appellees.

No. 06–1125.    Feb. 9, 2007.

## Synopsis

**Background:** Arrestee brought § 1983 action against city and police officers, alleging use of excessive force in effecting and following arrest. The United States District Court for the District of Colorado granted summary judgment for defendants. Arrestee appealed.

**Holdings:** The Court of Appeals, Carlos F. Lucero, Circuit Judge, held that:
1 *Heck* bar against § 1983 claims implicating validity of still-standing convictions barred arrestee's claims against arresting officers for their initial conduct during arrest;
2 *Heck* bar did not preclude arrestee's claim against officer who assisted in arrest;
3 officer who assisted in arrest did not use excessive force;
4 *Heck* bar did not preclude arrestee's claims based upon officers' post-arrest conduct;
5 officer did not use excessive force in placing arrestee in patrol car; and
6 factual issues precluded summary judgment for officer on arrestee's remaining excessive force claims.

Affirmed in part, reversed in part, and remanded.

### West Headnotes (8)

Change View

**1**    **United States Magistrates**   De novo hearing or review
District court's admission of police officers' summary judgment affidavits during court's de novo review of magistrate judge's recommendations on arrestee's excessive force claims was not abuse of discretion, given that affidavits, which purported to show that arrestee's state-court convictions stemmed from his arrest, directly addressed officers' objections to magistrate judge's finding that *Heck* bar against § 1983 claims implicating validity of plaintiff's still-standing convictions did not apply. U.S.C.A. Const.Amend. 4; 42 U.S.C.A. § 1983; Fed.Rules Civ.Proc.Rule 72(b), 28 U.S.C.A.

1 Case that cites this headnote

**2**    **Civil Rights**   Arrest and detention


EXHIBIT A

In ruling on excessive force claims that were asserted against arresting officers by arrestee, whose state convictions for resisting arrest and second-degree assault upon officers had not been invalidated, district court could not find in favor of arrestee without nullifying state-court jury's rejection of excessive force defense and its finding that arrestee was not provoked during his encounter with officers, and therefore *Heck* bar against § 1983 claims implicating validity of still-standing convictions barred arrestee's claims based upon officers' initial conduct during arrest. U.S.C.A. Const.Amend. 4; 42 U.S.C.A. § 1983; West's C.R.S.A. §§ 18–3–203(1)(f), (2)(a), 18–8–103(2).

4 Cases that cite this headnote

**3**  **Civil Rights** 🗝 Arrest and detention
Police officer who assisted in arrest following altercation between arrestee and original arresting officers did not establish that arrestee's state conviction for resisting arrest resulted from conduct involving assisting officer, and therefore *Heck* bar against § 1983 claims implicating validity of still-standing conviction did not apply to preclude arrestee's excessive force claim against assisting officer on grounds that holding assisting officer liable would necessarily imply invalidity of state conviction. 42 U.S.C.A. § 1983; West's C.R.S.A. § 18–8–103.

**4**  **Arrest** 🗝 Restraints
Police officer who assisted in arrest did not use excessive force while arrest was being effected when assisting officer witnessed arrestee resisting arrest by two other officers, attempted vocally to get arrestee to desist, and then used reasonable force necessary to place arrestee in handcuffs. U.S.C.A. Const.Amend. 4.

**5**  **United States Magistrates** 🗝 Further review; direct appeal
Interests of justice did not require exempting arrestee, in his pro se § 1983 action, from waiver of appellate review of factual and legal issues decided by magistrate judge arising from arrestee's failure to object to magistrate judge's findings and recommendations, given that arrestee was warned that failure to object would waive de novo review by district court and demonstrated his understanding of objection process. U.S.C.A. Const.Amend. 4; 42 U.S.C.A. § 1983.

2 Cases that cite this headnote

**6**  **Civil Rights** 🗝 Arrest and detention
*Heck* bar against § 1983 claim implicating validity of still-standing conviction did not apply to preclude arrestee's § 1983 claims for use of excessive force that were based upon police conduct which occurred after arrest was effected and after arrestee's actions underlying his still-valid state convictions for resisting arrest, attempting to disarm peace officer, and second-degree assault upon two officers. U.S.C.A. Const.Amend. 4; 42 U.S.C.A. § 1983; West's C.R.S.A. §§ 18–3–203(1)(f), 18–8–103(2), 18–8–116.

2 Cases that cite this headnote

**7**  **Arrest** 🗝 Use of force
Magistrate judge's unchallenged findings that police officer placed arrestee into patrol car without incident, in manner consistent with normal operating procedures, established that officer did not use excessive force against arrestee. U.S.C.A. Const.Amend. 4; 42 U.S.C.A. § 1983.

**8**  **Federal Civil Procedure** 🗝 Civil rights cases in general
Material issues of fact existed as to whether officer used excessive force against arrestee while taking him down hallway in building in which he was arrested, in building's parking lot, and when removing arrestee from police car, precluding summary judgment for officer on arrestee's excessive force claims. U.S.C.A. Const.Amend. 4; 42 U.S.C.A. § 1983.

**Attorneys and Law Firms**

*759 Stephen H. Adams, Sterling, CO, pro se.

Marc F. Colin, Michael T. Lowe, Bruno, Bruno & Colin, Denver, CO, Peter Ruben Morales, Charles H. Richardson, Deputy City Attorney, Office of the City of Aurora, Julia A. Bannon, Aurora City Attorney's Office, Aurora, CO, for Defendants–Appellees.

Before KELLY, LUCERO, and HARTZ, Circuit Judges.

Opinion

### ORDER AND JUDGMENT*

CARLOS F. LUCERO, Circuit Judge.

Stephen H. Adams, proceeding pro se, appeals the district court's grant of summary judgment in favor of the defendants on his claims brought under 42 U.S.C. § 1983. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and **AFFIRM** in part, **REVERSE** in part, and **REMAND** for further proceedings consistent with this opinion.

I

At approximately 3:00 a.m. on January 31, 2003, Vontrice DeRuso contacted the Aurora City Police Department and requested police assistance at her apartment in dealing with Adams, whom DeRuso stated was "drunk" and banging on her door. Aurora police officers Lance Dyer and Christopher Stine were dispatched to the DeRuso residence. When they arrived, DeRuso let them into her apartment. They found Adams in a rear bedroom and attempted to arrest him. Adams resisted and a struggle ensued. The officers radioed for back-up, and Officer Michael Gaskill rushed to the scene. There is some question about when Gaskill arrived, and what his involvement was in the altercation. Ultimately, the three officers were able to subdue Adams long enough to handcuff him. Dyer and Stine placed Adams in Gaskill's custody, and Gaskill led Adams down the hallway and into his police car.

In March 2004, Adams was convicted in Colorado district court of (1) resisting arrest in violation of Colo.Rev.Stat. § 18–8–103, (2) attempting to disarm a peace officer in violation of Colo.Rev.Stat. § 18–8–116, and (3) second degree assault upon Dyer and Stine in violation of Colo.Rev.Stat. § 18–3–203(1)(f). For these offenses, he was sentenced to a total of 13 years' imprisonment. Adams appealed, but his convictions have not been reversed, set aside, or otherwise invalidated.

Shortly thereafter, Adams filed a verified complaint seeking damages under 42 U.S.C. § 1983 against Dyer, Stine, Gaskill, and the City of Aurora.[1] Claim One alleged that Dyer, Stine, and Gaskill used excessive force against him in the bedroom as they attempted to arrest him. In Claim Two, Adams alleged that Gaskill and other officers used excessive force against him at *760 various times after he was arrested, including while he was (1) walking through the hallway of the apartment building, (2) waiting in the parking lot outside of the apartment building, (3) being put into and taken out of the police car, and (4) in custody at the Aurora police station.

All individual defendants moved for summary judgment on Claim One based on the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), arguing that Adams' claim of excessive force during the arrest must be dismissed because he was convicted of assaulting a police officer, resisting arrest, and attempting to disarm a police officer. Gaskill also moved for summary judgment on Claim Two, asserting a defense of qualified immunity.[2] The district court referred the matter to a magistrate judge. The magistrate judge found that the facts presented by the defendants were undisputed, because Adams failed to submit evidence in support of his claims. A recommended disposition followed, denying the officers' motion for summary judgment on Claim One under *Heck* because they failed to establish the prior convictions were based on the events discussed in Adams' complaint. However, the magistrate judge recommended granting summary judgment to Gaskill on qualified immunity grounds with respect to all of Claim One and part of Claim Two that related to Gaskill's conduct putting Adams into the police car.

Adams did not object to the magistrate judge's findings or recommendations. The officers filed an objection to the magistrate judge's recommendations, attaching new affidavits prepared by the officers attesting that Adams' convictions arose from his altercation with them in the bedroom. These affidavits expressly noted that his convictions did not relate to the conduct

described by Adams in Claim Two of the complaint, and thus did not seek summary judgment under *Heck* as to Claim Two. Based on these affidavits, the district court found *Heck* precluded both Claims One and Two, and granted summary judgment in favor of the officers. Because no claims remained against any City employee, the district court also granted summary judgment in favor of the City.

II

We review a district court's grant of summary judgment de novo, applying the same legal standard employed by the district court. *Mountain W. Mines, Inc. v. Cleveland–Cliffs Iron Co.,* 470 F.3d 947, 950 (10th Cir.2006). Summary judgment is appropriate when the record demonstrates that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). We view the evidence in the light most favorable to the party opposing summary judgment. *Jiron v. City of Lakewood,* 392 F.3d 410, 414 (10th Cir.2004).

1   Adams argues that the district court improperly applied *Heck* in granting summary judgment in favor of Dyer, Stine, and Gaskill.[3] In *Heck,* the Supreme Court held:

*761 [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

512 U.S. at 486–87, 114 S.Ct. 2364 (footnote omitted). The Court continued:

[W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id.* at 487, 114 S.Ct. 2364.

Adams was charged with resisting arrest in violation of Colo.Rev.Stat. § 18–8–103 and second degree assault upon Dyer and Stine in violation of Colo.Rev.Stat. § 18–3–203(1)(f). Under Colorado law, a police officer's use of "excessive force" is an affirmative defense to those crimes. See § 18–8–103(2). Adams presented this defense to the jury, and the jury received instructions to this effect. Nonetheless, Adams was convicted of both offenses.

In addition, Colorado's second degree assault statute contains a "provocation" factor that defendants may raise during trial for mitigation purposes if the defendant is found guilty. § 18–3–203(2)(a). Once provocation becomes an issue, the prosecution must prove a lack of provocation beyond a reasonable doubt. Because Adams raised the issue of provocation, the jury was instructed that if it found Adams guilty of second degree assault, it must then determine whether the prosecution proved Adams was not provoked. Once again, the jury rejected Adams' claims of provocation, expressly finding beyond a reasonable doubt that the officers did not instigate the altercation.

A

2   Claim One of Adams' complaint alleges that upon entering the apartment bedroom Dyer and Stine tackled him and began assaulting him "without announcing to plaintiff who they are—and with no command to surrender, or to position himself in any particular way." This squarely calls into question the legitimacy of Adams' Colorado convictions for resisting arrest and second degree assault as to Dyer and Stine. To find in favor of Adams, the district court would have been required to nullify the jury's rejection of Adams' "excessive force" defense and its finding that he was not provoked during his encounter with them in the bedroom. Because no evidence has been presented that these convictions were invalidated due to subsequent events, the district court properly granted summary judgment in *762 favor of Dyer and Stine as to Claim One under *Heck*.

3   With respect to Gaskill, however, we are faced with a much more difficult question. Adams was convicted of assaulting only Dyer and Stine, not Gaskill. The jury verdict form is silent as to which officers were involved with respect to the resisting arrest and disarming a police officer charges. Nor does the evidence clearly establish that Adams' convictions for resisting arrest and disarming a police officer involved his struggle with Gaskill, as opposed to his altercation with Dyer and Stine before Gaskill arrived.

Because Gaskill does not allege that he was disarmed, only the resisting arrest conviction is relevant to our analysis. On this point, affidavits and briefs submitted by the officers are not dispositive.[4] Gaskill's affidavit attests that he testified in the criminal trial, and that the "charges of second degree assault to a police officer and disarming a police officer which Mr. Adams faced in that trial stemmed from what occurred in the bedroom...." Dyer's affidavit attests "I ... am aware that the charges of second degree assault to a police officer and disarming a police officer which ... Adams faced ... stem[ ] from what occurred in the bedroom ... during my and Officer Stine's attempt to place Mr. Adams into custody." Stine's affidavit attests that the charges, including the resisting arrest charge, stem from "the actions which occurred between Mr. Adams, Officer Dyer, Officer Gaskill and myself...." Moreover, in the Objection to the Magistrate Judge's Recommendation submitted by the officers, they state that "Plaintiff's convictions for Assault to Peace Officer, Resisting Arrest, and Attempt to Disarm a Peace Officer were based on Plaintiff's assaults against Officers Dyer and Stine which occurred in the apartment bedroom on January 30, 2003."

Gaskill has not established that holding him liable on Claim One would "necessarily imply" that Adams' state convictions were invalid, and thus the district court's grant of summary judgment in favor of Gaskill based on *Heck* was in error. *See Reed v. Bennett,* 312 F.3d 1190, 1194–95 (10th Cir.2002) (noting it is the moving party's burden to demonstrate the absence of disputed issues and entitlement to judgment as a matter of law).

4   We are cognizant that we are free to affirm the district court decision on any grounds for which there is a record sufficient to permit conclusions of law, provided the litigants have had a fair opportunity to develop the record. *See Ross v. U.S. Marshal for E. Dist. of Okla.,* 168 F.3d 1190, 1194 n. 2 (10th Cir.1999). Defendants argue that we can affirm the district court's dismissal of Claim One against Gaskill because there is no genuine dispute of material fact about whether Gaskill used excessive force while in the bedroom. Based on the procedural posture of this case, we agree.

In his affidavit submitted to the magistrate judge, Gaskill attested that upon entering the bedroom he witnessed Adams resisting arrest, attempted to get Adams to desist vocally, and proceeded to use reasonable force necessary to place Adams *763 in handcuffs. The magistrate judge accepted these allegations as true, finding that Adams failed to establish a genuine dispute of material fact by submitting evidence in support of his complaint. Based on these "undisputed" facts, the magistrate judge recommended that Gaskill was entitled to qualified immunity because the force used was objectively reasonable under the circumstances.

5   Adams did not object to the magistrate judge's factual findings or recommendation on this point. Our circuit has adopted a "firm waiver rule," establishing that when a party fails to object to the findings and recommendations of the magistrate judge it waives appellate review of both factual and legal questions. *Moore v. United States,* 950 F.2d 656, 659 (10th Cir.1991). We will not apply the waiver rule when "the interests of justice so dictate." *Id.* In *Moore,* we held that justice dictates exempting a pro se litigant from the firm waiver doctrine "when the magistrate's order does not apprise the pro se litigant of the consequences of a failure to object to findings and recommendations." *Id.* If the magistrate judge's order sufficiently notifies the pro se litigant of the ramifications of failing to object, however, we have applied our "firm waiver rule." *See Fottler v. United States,* 73 F.3d 1064, 1065 (10th Cir.1996).

In the present case, we conclude that the interests of justice do not require exempting Adams from the firm waiver rule's strict bar. In its order, the magistrate judge warned the parties in the recommendation that failure to file specific, written objections waives de novo review of the magistrate judge's recommendation by the district court. Adams himself demonstrated his understanding of the objection process by filing specific objections to the magistrate judge's order denying Adams' motion for the appointment of counsel. Yet, Adams filed no objections regarding the magistrate judge's unfavorable recitation of the "undisputed facts" or its conclusion that those facts entitled Gaskill to qualified immunity with respect to Claim One. As such, Adams is precluded from challenging on appeal the magistrate judge's findings of fact. Because the magistrate judge's factual findings establish that Gaskill did not use excessive force against Adams while in the bedroom as a matter of law, Gaskill is entitled to summary judgment on that claim.

Accordingly, we **AFFIRM** the district court's grant of summary judgment in favor of Dyer, Stine, and Gaskill as to Claim One.[5]

B

6   The district court also granted summary judgment in favor of all defendants on Claim Two under *Heck*. This was clearly in error. All of the allegations in Claim Two refer to activity that occurred after Adams was arrested: while he was in the hallway being led to the police car, while he was in the parking lot, and while he was being placed into and taken out of the police car. Adams' criminal convictions only relate to his contact with the officers in the bedroom, as Dyer and Stine make clear in their affidavits.[6]

As noted above, we may nonetheless affirm on any legal basis for which there is *764 record support. Claim Two of the complaint sounds only as against Gaskill. Dyer and Stine allege that they had no contact with Adams after their encounter in the bedroom, and that Adams was placed in Gaskill's custody at that time. At no point in the pleadings submitted to this court does Adams aver that Dyer or Stine were personally involved in transporting him from the bedroom to the police car. Nor does Adams present any evidence on this point. Accordingly, we affirm the district court's grant of summary judgment in favor of Dyer and Stine as to Claim Two. *See McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir.1983) (holding that an individual cannot be held liable in a § 1983 action unless he directly participated in the alleged constitutional violation).

7   With respect to Gaskill, he is identified in the complaint and throughout the litigation as the officer who used excessive force in transporting Adams from the bedroom to the police car and in removing Adams from the police car. Once again, Adams is unable to challenge the magistrate judge's findings of fact on this issue. The magistrate judge found it was undisputed that Gaskill placed Adams "into the patrol car without incident, in a manner consistent with the normal operating procedures of the Aurora Police Department." As such, Adams' claim against Gaskill based on what occurred as he was placed in the police car fails.

8   No findings were made by the magistrate judge, however, as to Gaskill's actions in the hallway, in the parking lot, or when *removing* Adams from the police car. Thus, the firm waiver rule does not bar consideration of whether a material dispute of fact exists. Based on our review of the record, the district court did not address this question in granting summary judgment in favor of the defendants under *Heck*. Accordingly, we remand to the district court to make findings of fact and conclusions of law on this issue. *See Nat'l Commodity & Barter Ass'n v. Archer*, 31 F.3d 1521, 1534 (10th Cir.1994).[7]

III

The district court granted summary judgment in favor of the City on all claims on the grounds that no claims remained pending against any of the individual defendants. *See Hinton v. City of Elwood*, 997 F.2d 774, 782 (10th Cir.1993) ("A municipality *765 may not be held liable where there was no underlying constitutional violation by any of its officers."). As we have reinstated part of Claim Two against Gaskill, we **REVERSE**.

IV

We **AFFIRM** in part, **REVERSE** in part, and **REMAND** for further proceedings consistent with this opinion.

Parallel Citations

2007 WL 431511 (C.A.10 (Colo.))

Footnotes

\*   After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R.App. P. 32.1 and 10th Cir. R. 32.1.

1   Adams also named various other members of the Aurora Police Department as individual defendants, including Gerald Jonsgaard, William Heller, Justin Thull, Julie Stahnke, Richard Day, David Ord, Captain Roger Cloyd, and Lieutenant Edgar Stevens. The district court granted Ord's motion to dismiss, and subsequently granted summary judgment in favor of Jonsgaard, Heller, Thull,

Stahnke, Day, Cloyd, and Stevens. Adams does not appeal the district court's orders regarding these defendants.

2   Both Dyer and Stine originally believed Claim Two applied only to Gaskill, and thus did not initially respond to this claim. Both the magistrate judge and district court found that Claim Two was brought against all three defendants.

3   Adams avers that in granting summary judgment in favor of the defendants under *Heck,* the district court improperly relied on affidavits submitted by Dyer, Stine, and Gaskill that were not submitted to the magistrate judge. We review a district court's decision to admit evidence for abuse of discretion. *Mason v. Okla. Tpk. Auth.,* 182 F.3d 1212, 1215 (10th Cir.1999). Under Fed.R.Civ.P. 72(b), a district judge may elect to receive further evidence in connection with its de novo review of the magistrate judge's recommendations. The magistrate judge concluded that summary judgment was improper under *Heck* because the officers failed to submit affidavits showing that Adams' state convictions stemmed from the arrest on January 30, 2003. In response, the officers submitted affidavits purporting to establishing that fact. The district court noted its reluctance to rely on late-filed evidence, but found the affidavits directly addressed the officers' objections to the magistrate judge's finding that *Heck* did not apply. We hold the district court did not abuse its discretion in admitting this evidence.

4   Defendants refer in their brief to the officers' conduct generally, and make no efforts to tie the resisting arrest conviction directly to Gaskill. If such evidence is present in the trial transcript, it was the defendants' obligation to produce it. It is not the job of this court to search the record (or public documents) for evidence to support defendants' position. Judges are not like prospectors, searching tirelessly for a glitter of relevant evidence in the towering mountain of documents that might have some relevance to the case.

5   We instruct the district court to modify its order to indicate that the dismissal of Claim One as to Dyer and Stine is without prejudice. *See Fottler,* 73 F.3d at 1065 ("When a § 1983 claim is dismissed under *Heck,* the dismissal should be without prejudice.").

6   Both officers concede in their affidavits that none of Adams' criminal convictions were based on incidents occurring "in the hallway or parking lot at that address."

7   We remind the district court to take care to insure that Adams, as a pro se litigant, is "provided with proper notice regarding the complex procedural issues involved in summary judgment proceedings." *See Hall v. Bellmon,* 935 F.2d 1106, 1111 (10th Cir.1991) (internal quotations omitted); *see also Roseboro v. Garrison,* 528 F.2d 309, 310 (4th Cir.1975) (per curiam) (noting that a pro se litigant should be "advised of his right to file counter-affidavits or other responsive material and alerted to the fact that his failure to so respond might result in the entry of summary judgment against him").

> Moreover, contrary to the defendants' suggestion, Adams has submitted "affidavits or other materials provided under oath" to establish his claim. Adams initiated this lawsuit with a verified complaint, which under our precedent is treated as an affidavit for summary judgment purposes as long as it satisfies the standards for affidavits outlined in Rule 56(e). *See Conaway v. Smith,* 853 F.2d 789, 792 (10th Cir.1988) ("Although a nonmoving party may not rely merely on the unsupported or conclusory allegations contained in his pleadings, a verified complaint may be treated as an affidavit for purposes of summary judgment if it satisfies the standards for affidavits set out in Rule 56(e)."). Adams also filed an affidavit in support of his motion for the appointment of counsel—which was denied—attesting to his allegations that "plaintiff was subjected to excessive force from several Aurora police officers, who willfully and knowingly beat him with their baton's [sic] after assaulting him from behind and applying unjustified physical force against his person."