IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 11-cv-03238-PAB-KMT

SAMUEL M. WALKER and
DIANE H. WALKER,

    Plaintiffs,

v.

FRED WEGENER, individual and official capacity, et al.,

    Defendants.

_____

# ORDER
_____

This matter is before the Court on the Recommendation of United States Magistrate Judge (the "Recommendation") [Docket No. 43]. The magistrate judge recommends that the Court grant in part and deny in part defendants' motions to dismiss [Docket Nos. 14, 15].

More specifically, the magistrate judge recommends that plaintiffs' official capacity and municipal liability, Eighth Amendment, self-incrimination, takings clause, and due process claims be dismissed. The magistrate judge further recommends that plaintiffs' Fourth Amendment claims be dismissed to the extent they relate to searches of plaintiffs' property on December 15, 16, and 17, 2009, but that plaintiff's Fourth Amendment claim relating to the January 11, 2010[1] search of their property be allowed to proceed. Plaintiffs filed objections to the Recommendation on September 17, 2012

---

[1] Although there are indications in the record that the search may have happened at a later date, plaintiffs allege that the search occurred on January 11, 2010.

[Docket No. 45]. Because plaintiffs are proceeding pro se, the Court has liberally construed their pleadings. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). It is difficult to discern from plaintiffs' filings to what extent they object to the Recommendation. The Court, nevertheless, has reviewed the matter de novo, *see* Fed. R. Civ. P. 72(b)(3), and will adopt the Recommendation in full.

Defendants object to the Court adopting the Recommendation, arguing that plaintiffs' Fourth Amendment claim relating to the January 11, 2010 search of their property should be dismissed. In support of that argument, defendants have submitted documentary evidence for the Court's consideration, *see* Fed. R. Civ. P. 72(b)(3) ("The district court may . . . receive further evidence."), including the search warrant which was specifically referenced in the complaint and central to plaintiffs' claim regarding the January 11 search. *See Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002) ("[T]he district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity."). Defendants, however, have also asked that the Court consider a recently drafted affidavit that attempts to raise a material dispute of fact. *See* Docket No. 44-5.[2]

The Court finds that, on the present record, defendants' motions to dismiss must

---

[2]The search warrant indicates that police were searching plaintiffs' property for six deceased dogs of a particular breed. *See* Docket No. 44-4 at 3. Plaintiffs allege that, after locating the dogs referenced in the warrant, the police continued searching and removed thirty-five additional dogs. *See* Docket No. 1 at 20 ¶ 176, 27 ¶ 228. The affidavit supplied by defendants disputes these allegations.

be denied to the extent they seek dismissal of plaintiffs' Fourth Amendment claim relating to the January 11, 2010 search of the property.  However, because both parties have since supplied evidence on this claim, *cf.* Docket No. 45 at 17, the Court will permit defendants to file a motion for summary judgment within thirty days of entry of this order.

For the foregoing reasons, it is

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 43] is ACCEPTED and ADOPTED.  It is further

**ORDERED** that defendants' motions to dismiss [Docket Nos. 14, 15] are GRANTED in part and DENIED in part as follows.

1. The "Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)" [Docket No. 14] is DENIED to the extent that it seeks to dismiss plaintiffs' claims in their entirety pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994), and DENIED as moot to the extent that it seeks to dismiss plaintiffs' claims premised on the following criminal statutes: 18 U.S.C. §§ 241-241, 371, 1001, and 2234, and is GRANTED to the extent that it seeks to dismiss plaintiffs' official capacity and municipal liability claims, Eighth Amendment claims, and Fifth Amendment claims for violation of their rights against self-incrimination.

2. The "Individual Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1)" is DENIED to the extent that it seeks to dismiss plaintiffs' Fourth Amendment claims relating to the January 11, 2010 search of their property, and GRANTED to the extent that it seeks to dismiss plaintiffs' Fourth and Fourteenth Amendment claims alleging violations of their rights under the takings and due

process clauses, Eighth Amendment claims, Fifth Amendment claims alleging violations of their rights against self-incrimination, and Fourth Amendment claims relating to the December 15, 16, and 17, 2009 searches of plaintiffs' property. It is further

**ORDERED** that plaintiffs' "Opposed Motion for One Time Amendment of Plaintiffs' Complaint as a Matter of Course" [Docket No. 33] is GRANTED in part and DENIED in part as follows:

1. The motion to amend [Docket No. 33] is GRANTED, and the plaintiffs' proposed first amended complaint [Docket No. 33-1] is accepted as filed, to the extent that it seeks to (1) remove claims premised on the following statutes: 18 U.S.C. §§ 241-242, 371, 1001, and 2234; and (2) assert claims for violation of the Fourth Amendment based on the January 11, 2010 search of plaintiffs' property.

2. The motion to amend [Docket No. 33] is DENIED, and plaintiffs' proposed first amended complaint is rejected, to the extent that it seeks to assert (1) claims against defendants in their official capacities and for municipal liability, (2) claims for violations of plaintiffs' Eighth Amendment rights, (3) claims for violations of plaintiffs' Fifth Amendment rights against self-incrimination, (4) claims for violations of the Fifth Amendment's takings clause and the Fourteenth Amendment's due process clause, (5) claims for violations of the Fourth Amendment based on the December 15, 16, and 17, 2009, searches of plaintiffs' property, (6) claims against proposed defendants Tighe, Hodges, and Dowaliby, and (7) claims against former defendants Suthers and McLimans.

It is further

**ORDERED** that defendants are granted leave to file a motion for summary judgment as to plaintiff's Fourth Amendment claim within thirty days of entry of this order.

DATED September 24, 2012.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge