**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.     11-cv-03238-PAB-KMT

SAMUEL M. WALKER, pro se
DIANE H. WALKER, pro se

Plaintiffs,

v.

FRED WEGENER, individual and official capacity
BOBBY PRIESTLY, individual and official capacity
CINDY HARDEY, individual and official capacity
REBECCA BRAMLETT, individual and official capacity
AMY FRANCK, individual and official capacity
JUAN GALLEGOS, individual and official capacity
DEP. SGT. BROWN, individual and official capacity
PARK COUNTY
PARK COUNTY COMMISSIONERS
ATTORNEY GENERAL, COLORADO, official capacity
COURT CLERK, individual and official capacity

Defendants.

---

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Defendants, Fred Wegener, Bobby (sic) Priestly, Cindy Hardey, Rebecca Bramlett, Amy Franck, Juan Gallegos, and Dep. Sgt. Brown (collectively "Law Enforcement Officers"), by and through Timothy P. Schimberg and Andrew R. McLetchie of Fowler, Schimberg & Flanagan, P.C., hereby submit their Motion for Summary Judgment ("Motion"), and in support thereof state as follows:

I.     INTRODUCTION

The issue presented by this Motion is whether the Defendants are entitled to qualified immunity regarding Plaintiffs' sole remaining claim for relief concerning an alleged Fourth Amendment Violation related to a January, 2010 search of their property. Following the Magistrate Judge's Recommendation [Docket No. 43] and the District Court Judge's adoption of the same [Docket No. 46], this is the only remaining claim in the case.

The January 13, 2010 search that is the subject of Plaintiffs' claim was conducted pursuant to the letter of a valid search warrant executed by a neutral and a detached Magistrate. The Law Enforcement Officers are entitled to rely on the validity of the duly executed Warrant, and their compliance entitles them to qualified immunity from Plaintiffs' sole remaining claim. Because the Law Enforcement Officers are entitled to qualified immunity, this Court should grant judgment as a matter of law in favor of the Law Enforcement Officers pursuant to Fed.R.Civ.P. 56.

II.    STANDARD OF REVIEW

The Court is aware of the legal standard governing a summary judgment motion pursuant to Fed.R.Civ.P. 56. These Defendants respectfully submit that the issue of qualified immunity should be decided pursuant to Fed.R.Civ.P. 12(b)(1). *See Meyers v. Colo. Dept. of Human Servs.*, 62 Fed. App'x 831, 831 (10th Cir. Jan. 6, 2003) (unpublished decision) (stating generally that "[a] motion to dismiss based on immunity is treated as a 12(b)(1) motion . . . ."). The Magistrate Judge disagreed with this position. *See* Recommendation [Docket No. 43] at p. 10. These Defendants admit that the controlling Tenth Circuit precedents concerning this issue can be read to support the Magistrate's conclusion. *See Neal v. Davis*, No. 12-5005, 2012 WL

1139026, at *2 (10th Cir. Apr. 6, 2012) (unpublished) (citing *FDIC v. Meyer,* 510 U.S. 471, 474 (1994); *see also Peterson v. Jensen*, 371 F.3d 1199, 1201 (10th Cir. 2004). Nevertheless, Defendants believe that the proper procedural mechanism to weigh this Motion is Fed.R.Civ.P. 12(b)(1), because the issue implicates subject-matter jurisdiction, *i.e.*, immunity from *suit*, and because Defendants submit it is appropriate for the Court to weigh the evidence concerning this issue.[1]   Pursuant to this Court's directive, Defendants are proceeding under Fed.R.Civ.P. 56.

### III.   STATEMENT OF MATERIAL UNDISPUTED FACTS

1.   The January 13, 2010 search complained of by Plaintiffs was conducted pursuant to a warrant executed by a neutral and detached Magistrate (a Colorado County Court Judge) on January 11, 2010. A copy of the Warrant is attached hereto as Exhibit A.[2]

2.   The Warrant provides:

THE PEOPLE OF THE STATE OF COLORADO

TO:   THE SHERIFF, UNDERSHERIFF, DEPUTY SHERIFF, AND ALL LAW ENFORCEMENT OFFICERS AUTHORIZED TO EXECUTE SEARCH WARRANTS IN THE STATE OF COLORADO, GREETINGS:

WHEREAS, Park County Animal Control Sergeant B. Priestly, has made an affidavit and complaint for the issuance of a search warrant.

---

[1] As this Court recognized in its Order staying all discovery and disclosure deadlines in this case:
   Immunity provisions, whether qualified, absolute or pursuant to the Eleventh Amendment, are meant to free officials from the concerns of litigation, including avoidance of disruptive discovery. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1953 (2009) (citing *Siegert v. Gilley*, 500 U.S. 226, 236 (1991) (Kennedy, J., concurring in judgment)); *see also Workman v. Jordan*, 958 F.2d 332, 335 (10th Cir. 1992) (noting that qualified immunity, if successful, protects an official both from liability and the ordinary burdens of litigation, including far-ranging discovery) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 817-18 (1982)).
[Docket No. 31 at p. 2 ¶ 2.]

[2] An earlier search was conducted pursuant to a December 16, 2009 warrant. *See* Exhibit B, December 16, 2009 Warrant.

> The property known as T14 R74 S32 SE4; W2SW4SE4, S2NW4NE4, N2SW4NE4, SE4NW4, S2NE4NW4, E2E2SW4; 32-14-74; R606908 TR04: Also known as, 6000 Forest Service Road 108, Park County, Colorado 80449.
>
> AND WHEREAS, the affidavit of the applicant seems proper and it appears that probable cause exists for the issuance of a Search Warrant for the reason or reasons marked below:
>
>> The property to be searched for and seized if found is:
>> ( )   Stolen or Embezzled OR
>> ( )   Designed or intended for use or which is or has been used as a means of committing a criminal offense or the possession of which is illegal, OR
>> (X)   Would be material evidence in a subsequent criminal prosecution.
>
> WE THEREFORE COMMAND YOU, with the necessary and proper assistance to enter and search:
>
> ***<u>And you will search for: Six deceased dogs of Husky decent that are located in a ravine on the property. The carcasses will be removed and sent for Necropsy.</u>***
>
> And if the same or any part thereof is found, that you seize the goods and things found and safely keep them until further order of this Court or until they are admitted into any criminal proceedings by a Court of this State; and that you further file a report with this Court inventorying the goods and things which were seized or reporting that nothing was so found and seized.

(emphasis added).

3.  The Affidavit in Support of the Warrant executed by Sgt. Priestly is attached hereto as Exhibit C.

4.  That Affidavit in Support of the Warrant makes clear that Sgt. Priestly suspected that six Husky-descent dogs, which reporting parties advised her were alive one month before her investigation, were deceased and buried in a ravine on the Plaintiffs' property. *See* Exhibit C, Affidavit in Support of Warrant at pp. 1-2.

5. Sgt. Priestly had probable cause to believe six Husky-descent dogs were buried on the property. *See* Exhibit A.

6. Accordingly, the Park County Court executed the Warrant attached hereto as Exhibit A.

7. The January 11, 2011 Warrant was executed on January 13, 2011. *See* Exhibit D, Affidavit of Sergeant Bobbi Jo Priestly at ¶ 6.

8. When executing the Warrant, Sgt. Priestly and the other Law Enforcement Officers executing the Warrant knew that they were going to have to dig in the ravine on Plaintiffs' property to uncover the deceased dogs, which were covered by snow in addition to being partially buried. *Id.* at ¶ 7.

9. The Warrant specifically allowed the Law Enforcement Officers to seize six deceased Husky-descent dogs that they had probable cause to believe were buried on the property. *Id.*

10. On the date of the search, only four such deceased dogs were recovered. Id. at ¶ 9.

11. Subsequent necropsy reports performed by veterinarians showed that these dogs weighed in the 20-30 lbs. range. *Id.* at ¶ 10.

12. Adult Husky dogs, such as these, should weigh 50-70 lbs. if properly nourished. *Id.*

13. State veterinarians determined, using a body condition scale score of 1-5, with 1 being emaciated and 5 being obese, that all of the recovered dogs had body condition scores between 0.5 and 1.5. *Id.*

14. In executing the Warrant, Sgt. Priestly and the other Law Enforcement Officers took due care to ensure that Plaintiffs' property was disturbed no more than necessary to effectuate the Warrant. *Id.* at ¶ 11.

15. In particular, the Law Enforcement Officers endeavored to dig no more than was necessary to recover the deceased dogs. *Id.* at ¶ 12.

16. The Law Enforcement Officers took care not to disturb any of the Plaintiffs' real or personal property other than as was necessary to retrieve the deceased dogs that were the subject of the Warrant. *Id.*

17. Plaintiffs' sole remaining claim for relief alleges in pertinent part:

> 227. On January 11, 2010, Defendants all acted in concert and/or conspired together and committed acts designed to accomplish unreasonable searches and seizures at the property of Plaintiffs, Sam and Diane Walker, in violation of Plaintiffs right to be free from unreasonable searches and seizures in violation of the Fourth Amendment of the United States Constitution.
>
> 228. Defendants acted with willful and wanton conduct in concert and conspired to willfully exceed the authority and scope of the court approved search and seizure warrant with unnecessary severity. The ACOs found the deceased dogs specifically described by the warrant on the surface, but continued to dig up the entire grave yard to search for more dogs not declared in the warrant, desecrated the grave yard which was hallowed ground, and created a biohazard to the environment, an extreme hazard to local endangered animals, and a direct violation of Federal environmental statutes. These actions with callous disregard, directly violated the Fourth Amendment of the U.S. Constitution.

*See* Am. Compl. at ¶¶ 227 and 228.

## IV. ARGUMENT

### A. Qualified Immunity Standards

A law enforcement officer is entitled to qualified immunity if it is objectively reasonable for him or her to believe his actions did not violate a plaintiff's rights. *Hollingsworth v. Hill*, 110 F.3d 733, 738 (10th Cir. 1997). Qualified immunity shields government officials performing discretionary functions from individual liability under 42 U.S.C. § 1983 unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." *Baptiste v. J.C. Penney Co.*, 147 F.3d 1252, 1255 (10th Cir. 1998) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).

The determination of whether a defendant is entitled to qualified immunity presents a question of law that must be resolved by the Court. *See Robinson v. City & County of Denver*, 39 F. Supp. 2d 1257, 1265-66 (D. Colo. 1999). Once a § 1983 defendant asserts a qualified-immunity defense, the plaintiff is required to show that (1) the defendant violated a constitutional or statutory right and (2) the right violated was clearly established when the violation occurred. *See Olsen v. Layton Hills Mall*, 312 F.3d 1304, 1312 (10th Cir. 2002).

The Tenth Circuit has held that for a right to be clearly established, there must be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of the authorities from other courts must have found the law to be as plaintiff maintains. *Medina v. City & County of Denver*, 960 F.2d 1493, 1498 (10th Cir. 1992)). Thus, the Court must determine whether the conduct was objectively reasonable in light of clearly established law at the time it took place. *See Anderson v. Creighton*, 483 U.S. 635, 639-40 (1987). When analyzing this issue, the burden rests squarely with Plaintiffs. *Id.*

### B. The Law Enforcement Officers Are Entitled to Qualified Immunity Because They Complied With United States Supreme Court and Tenth Circuit Precedents Regarding the Execution of a Warrant

Contrary to the bare and conclusory allegations of the Amended Complaint, which the Court need not accept in reviewing a Rule 56 Motion,[3] the Warrant at issue allowed for the seizure of six deceased Husky-descent dogs located on the property, regardless of whether the deceased animals were located above or below the ground. In other words, the warrant makes no distinction between animals located above the ground and below the ground. Under the common law of England, a fee simple extends from the center of the earth to the heavens above. *See*, *e.g.*, *Boggs v. Merced Mining Co.*, 14 Cal. 279, 1859 WL 142 (Cal. 1859); Colo.Rev.Stat. § 2-4-211 (common law of England as it existed before the fourth year of James the First (1607) applies in Colorado); *Chilcott v. Hart*, 45 P. 391 (Colo. 1896) (same). Thus, as a matter of law, the terms of the Warrant extended from the surface of the land to the core of the earth. Therefore, the search for, and subsequent seizure of, deceased animals, regardless of whether the deceased animals were located above the ground or subterranean, was clearly within the scope of the plain language of the Warrant.

A lawful search generally extends to the entire area in which the object of the search may be found. *See* Am. Jur., Searches § 238 (2012 ed.) (citations omitted). Under a premises warrant, the police are entitled to search the entire premises, including the items within the premises, so long as such items were plausible receptacles of the objects of the search. *Id.* (citations omitted). The Law Enforcement Officers conducting the search are entitled to rely, in

---

[3] Fed.R.Civ.P. 56; *e.g.*, *Beard v. Banks*, 548 U.S. 521, 522 (2006).

good faith, on a magistrate's determination of probable cause. *See Lawmaster v. Ward*, 125 F.3d 1341, 1348 (10th Cir. 1997).

In the *Lawmaster* case, the plaintiff argued that the agents unreasonably ransacked his home in violation of the Fourth Amendment. *Id.* In that case, the Court noted that the Constitution does not specifically address how an officer should execute a search warrant and that a warrant that is reasonably executed will withstand constitutional scrutiny. *Id.* (citing *Dalia v. United States*, 441 U.S. 238, 257 (1979)). An officer's conduct in executing a search warrant is subject to the Fourth Amendment's mandate of reasonableness from the moment of the officer's entry until the moment of departure. *Id.* (citing *Duncan v. Barnes*, 592 F.2d 1336, 1338 (5th Cir. 1979)). However, so long as the officer's conduct remains within the boundaries of reasonableness, an officer has discretion over the details of how to best proceed with a search warrant's execution. *Id.* (citing *Dalia*, *supra*). Occasionally, such details include damaging property, detaining residents, or taking action necessary to protect the searching officers. *Id.* An officer can do that which is reasonably necessary to effectuate the warrant's purpose. *Id.* (collecting cases). A court should look to the totality of the circumstances to determine whether the officer's conduct was reasonably necessary to effectuate the warrant's purpose. *Id.* (citing *United States v. Perdue*, 8 F.3d 1455, 1462 (10th Cir. 1993)).

In the context of evaluating a qualified immunity defense, the purpose of which is not only to shield the defendant from liability, but also from the burdens of trial, a court cannot defer the question or whether a defendant is entitled to qualified immunity by framing the question as a factual one; rather, a court must evaluate the totality of the circumstances to determine, ***as a***

*matter of law*, whether the plaintiff has stated sufficient facts to show the defendant violated his or her constitutional rights. *Id.* (citations omitted) (emphasis added).

In this case, the totality of the circumstances, set forth in Sgt. Priestly's Affidavit in Support of the Search Warrant attached hereto as Exhibit C, in the Affidavit attached as Exhibit D, and in the Warrant itself attached hereto as Exhibit A, demonstrate that the seizure of the deceased animals was reasonable and within the scope of the Warrant as a matter of law. Any alleged incidental damages to the "burial ground,"[4] alleged creation of a biohazard, or alleged endangerment to wild animals, was reasonably necessary to effectuate the search warrant.[5] *See* Am. Compl. at ¶¶ 227 and 228. It is important to be mindful that the Officers were acting pursuant to a warrant that directed them to seize evidence to support serious charges of animal cruelty and protect the welfare of sick, starving, and diseased animals that Plaintiffs obviously maltreated. Indeed, the law in this Circuit is well settled that a law enforcement officer's reliance on a valid warrant entitles them to qualified immunity on a Fourth Amendment claim. *See generally*, *Davis v. Gracie*, 111 F.3d 1472, 1480 (10th Cir. 1997) ("Only where the warrant application is so lacking in indicia of probable cause as to render official belief in its existence unreasonable . . . will the shield of immunity be lost.") (internal citations omitted). Accordingly, in this case, the Court should find that the officers are entitled to qualified immunity based on their reasonable execution of the valid Warrant attached hereto as Exhibit A.

---

[4] It is noteworthy that Plaintiffs refer to this as a "hallowed ground." The dignified resting place for some of Plaintiffs' beloved dogs are empty half buried dog food bags. *See*, *e.g.*, Exhibit E, (photograph of a deceased and maltreated dog that Plaintiffs simply stuffed into an empty dog food bag).

[5] Plaintiffs also make bare, conclusory, and baseless allegations that the Law Enforcement Officers violated some unidentified federal statutes. Unless and until Plaintiffs identify exactly what statute the Officers allegedly violated, the Officers will not address this allegation.

## V. CONCLUSION

The Law Enforcement Officers in this case are entitled to qualified immunity regarding Plaintiffs' sole remaining Fourth Amendment claim. This Motion and the Warrant and affidavits attached hereto clearly demonstrate that the Law Enforcement Officers conducted a reasonable and lawful search of Plaintiffs' property on January 13, 2010, in compliance with the express terms of the January 11, 2010 Warrant issued by a neutral and detached Magistrate. There can be no genuine dispute that the January 13, 2010 search conformed to the Warrant in all respects. The Court must make the determination as a matter of law. Because the entire scope of the Law Enforcement Officers' search was sanctioned by a valid warrant, the Officers are immune from suit on Plaintiffs' § 1983 claim as a matter of law. Accordingly, the Court should grant summary judgment in favor of the Law Enforcement Officers pursuant to Fed.R.Civ.P. 56.

Respectfully submitted this 25th day of October, 2012.

*/s/ Timothy P. Schimberg*

Timothy P. Schimberg
Andrew R. McLetchie

FOWLER, SCHIMBERG & FLANAGAN, P.C.
1640 Grant Street, Suite 150
Denver, Colorado 80203
(303) 298-8603

ATTORNEYS FOR DEFENDANTS

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 25th day of October, 2012, I caused a true and correct copy of the foregoing to be filed via the ECF system, with notice of same being electronically served to the following:

Herbert C. (Lee) Phillips, Esq.
Park County Attorney
Hayes, Phillips, Hoffman & Carberry, P.C.
P.O. Box 1046
675 Main Street
Fairplay, CO 80440


Transmitted via First Class U.S. Mail, proper postage prepaid, to the following:

| | |
|---|---|
| Samuel M. Walker | Diane H. Walker |
| P.O. Box 14085 | P.O. Box 59 |
| Colorado Springs, CO 80914 | Florissant, CO 80816 |
| *Pro Se* **Plaintiff** | *Pro Se* **Plaintiff** |


*/s/ Ashley Witkovich*