**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.     11-cv-03238-PAB-KMT

SAMUEL M. WALKER, pro se
DIANE H. WALKER, pro se

Plaintiffs,

v.

FRED WEGENER, individual and official capacity
BOBBY PRIESTLY, individual and official capacity
CINDY HARDEY, individual and official capacity
REBECCA BRAMLETT, individual and official capacity
AMY FRANCK, individual and official capacity
JUAN GALLEGOS, individual and official capacity
SGT. BROWN, individual and official capacity
PARK COUNTY
JOHN TIGHE, individual and official capacity
DICK HODGES, individual and official capacity
MARK DOWALIBY, individual and official capacity
PARK COUNTY COMMISSIONERS
JOHN SUTHERS, individual and official capacity
DEBRA MCLIMANS, individual and official capacity

Defendants.

---

**PARK COUNTY DEFENDANTS' SUPPLEMENT TO UNOPPOSED MOTION FOR
EXTENSION OF TIME TO FILE A MOTION FOR SUMMARY JUDGMENT**

---

Defendants, Fred Wegener, Bobby (sic) Priestly, Cindy Hardey, Rebecca Bramlett, Amy Franck, Juan Gallegos, Dep. Sgt. Brown, Park County, and Park County Commissioners (collectively, "Park County Defendants"), by and through Timothy P. Schimberg and Andrew R. McLetchie of Fowler, Schimberg & Flanagan, P.C., pursuant to the Court's Minute Order

[Docket No. 50], hereby submit this Supplement to their Unopposed Motion for Extension of Time to File a Motion for Summary Judgment as follows:

1.  On October 24, 2012 the Park County Defendants submitted an Unopposed Motion for Extension of Time to File a Motion for Summary Judgment ("Motion for Extension").  In that Motion for Extension, undersigned counsel requested a one day extension of time from the deadline set forth in the Court's Order [Docket No. 46] dated September 24, 2012 in order to file a Motion for Summary Judgment.

2.  On October 25, 2012, this Court issued a Minute Order [Docket No. 50] requiring the Park County Defendants to supplement their Motion for Extension to explain why the Motion for Extension did not comply with the Court's Practice Standards and whether they have shown good cause for an extension of time.

3.  Undersigned counsel apologizes to the Court and to Plaintiffs for submitting a "day of" request for an extension of time.  This did not comply with Practice Standard 1.G.2, which requires motions for extension to be filed no later than three days before the underlying motion is due.  Undersigned counsel is familiar with this Court's Practice Standards, but nevertheless felt compelled to submit the Motion for Extension on an emergency basis. Undersigned did not know of and did not anticipate the need for such a request three days ago.

4.  With respect to whether there is good cause for the Court to permit the requested extension of time, defense counsel submits that the request is reasonable and should be granted in light of the above and following facts:

    a.  Undersigned counsel delegated the task of proof-reading, finalizing, and cite checking the Motion for Summary Judgment to an associate attorney within their office.  Undersigned counsel recognizes that they are responsible for the supervision of the associate attorney.  The associate

       attorney was to give a final work product to be reviewed, signed, and filed by undersigned counsel by the close of business. Due to internal miscommunication, that did not happen. Undersigned counsel realized that they had not been given a final work product to be filed by the close of business at approximately 5:30 p.m. At that time, both undersigned attorneys tried, in vain, to educate themselves as to how to electronically file the brief and exhibits. All knowledgeable staff had departed at that time. Undersigned counsel did not have the technological savvy to scan and electronically file the brief with all exhibits. Instead, undersigned counsel drafted the one day Motion for Extension of Time at issue, conferred with opposing counsel, and emailed the Motion for Extension of Time to a colleague who e-filed it from home. Normally, undersigned counsel would have realized earlier in the day that the work product was not completed and ready to be filed before 5:00 p.m. However, undersigned counsel has been focused on preparing for a three week arbitration, drafting the pre-arbitration brief, and settlement discussions in that case. Due to undersigned counsel's preoccupation with those matters, undersigned counsel simply lost track of time, and did not realize a final work product had not been delivered to them for filing until after everyone had left the office for the day except undersigned counsel. Accordingly, undersigned counsel filed the requested one day extension of time.

b.     The Motion for Extension only requested one additional day to submit a motion which could result in a determination of this case on the merits. The Motion for Summary Judgment was in fact filed on October 25, 2012.

c.     This case has been stayed in its earliest stages pending the outcome of the sole issue to be addressed in the Motion for Summary Judgment, *see* [Docket No. 31].

d.     Once the current stay is lifted and a Scheduling Order is set, the dispositive motion deadline is likely to be set for a substantially later date. There is currently no dispositive motion deadline outside of the Court's September 24, 2012 Order [Docket No. 46] regarding the specific Motion for Summary Judgment at issue.

e.     Defense counsel complied with all other applicable practice standards relating to motions for extensions, including conferring by telephone directly with Plaintiffs, who did not object, and serving the Motion for Extension on each of undersigned's clients.

f.     No party will be prejudiced by a one day extension of time, as evidenced by Plaintiffs' voluntary agreement to the same.

3

5. Thus far in this case, the pro-se Plaintiffs and Defense Counsel have been unwaveringly professional with respect to extensions of time, scheduling issues, and even substantial procedural modifications such as the stay of discovery. All Parties desire to obtain a ruling on the final remaining dispositive legal issue before this case moves forward with costly discovery and trial preparation.

6. In sum, for all of the foregoing reasons, the Park County Defendants submit that there is good cause for the Court to grant the pending Motion for Extension consistent with the applicable Federal and Local Rules of Civil Procedure and this Court's Practice Standards.

**WHEREFORE** the Park County Defendants respectfully request that the Court grant their Unopposed Motion for Extension of Time to File Motion for Summary Judgment, enter the Proposed Order attached thereto, and accept the Park County Defendants' motion for summary judgment submitted on October 25, 2012.

Respectfully submitted this 26th day of October, 2012.

*(Original signature on file at the office of Fowler, Schimberg & Flanagan, P.C.)*

s/Timothy P. Schimberg
Timothy P. Schimberg

*(Original signature on file at the office of Fowler, Schimberg & Flanagan, P.C.)*

s/Andrew R. McLetchie
Andrew R. McLetchie

FOWLER, SCHIMBERG & FLANAGAN, P.C.
1640 Grant Street, Suite 150
Denver, Colorado 80203
(303) 298-8603
ATTORNEYS FOR PARK COUNTY
DEFENDANTS

**CERTIFICATE OF SERVICE**

  I hereby certify that on this <u>26th</u> day of October, 2012, I caused a true and correct copy of the foregoing to be filed via the ECF system, with notice of same being electronically served to the following:

Herbert C. (Lee) Phillips, Esq.
Park County Attorney
Hayes, Phillips, Hoffman & Carberry, P.C.
P.O. Box 1046
675 Main Street
Fairplay, CO 80440


  Transmitted via First Class U.S. Mail, proper postage prepaid, to the following:

| | |
|---|---|
| Samuel M. Walker | Diane H. Walker |
| P.O. Box 14085 | P.O. Box 59 |
| Colorado Springs, CO 80914 | Florissant, CO 80816 |
| ***Pro Se* Plaintiff** | ***Pro Se* Plaintiff** |


               <u>s/Leslie Johnson</u>
               Leslie Johnson